Matthew D. Owdom  #258779
OWDOM LAW FIRM
632 W. Oak Ave.
Visalia, California 93291
Telephone:   559.750-5224
matt@owdomlawfirm.com

Attorneys for Plaintiff

# UNITED STATES COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity; Unknown TULARE COUNTY SHERIFF'S DEPUTIES named herein as Does 1 - 50; and ROES 1-50, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES:<br><br>1. ASSAULT<br>2. BATTERY<br>3. FALSE IMPRISONMENT<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983<br>5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Ramiro Huerta alleges as follows:

**PARTIES**

1.　Plaintiff Ramiro Huerta (*Plaintiff* or *Huerta*), at all times relevant herein, was a resident of the County of Tulare, State of California.

---
COMPLAINT FOR DAMAGES

2. Defendant County of Tulare (*the County*) is a governmental entity located in the County of Tulare, State of California.

3. Defendant Tulare County Sheriff (*the Sheriff*) is a governmental entity located in the County of Tulare, State of California.

4. The acts described herein forming the basis for this action took place within the County of Tulare, State of California by unknown Sheriff's deputies sued herein as DOES 1-50 (*the Sheriff's deputies*) employed by the Sheriff and the County, who were acting within the scope of course of their employment at all times referenced herein, and were the individuals who responded to Huerta's residence, committed the beating and inflicted the physical and psychological injuries referenced herein, subjected him to anti-homosexual slurs and innuendos, deprived him of proper medical treatment, and imprisoned him, or those who supervised any such deputies. The Sheriff's deputies' names, positions and identification numbers are known to the County and the Sheriff.  Huerta is informed and believes and thereon alleges that the Sheriff's deputies are aware of Huerta's claim pursuant to California Government Code § 910 *et. seq*. and of this impending litigation.

5. The true names of DOES 1-50 and ROES 1-50 are unknown to Huerta, who therefore sue the Doe Defendants by fictitious names.  Huerta alleges that the Sheriff's deputies, DOES 1-50, were employees of the County and/or Sheriff during the incident referenced herein, and ROES 1-50 are other governmental entities or persons responsible in some way for Huerta's injuries. Huerta will amend this Complaint to show their true names and capacities when they have been ascertained.  With respect to each constitutional violation and tort referenced herein, Huerta alleges that the County and the Sheriff are vicariously liable for the actions of the Sheriff's deputies, which actions were within the scope of employment, because imposition of vicarious liability (1) will prevent the recurrence of similar tortious conduct by creating an incentive for vigilance on the part of those in a position to guard against the evil to be prevented; (2) would give greater assurance of compensation to the victim; and (3) would spread the loss among the

beneficiaries of the enterprise because of the substantial benefits to the community stemming from the *lawful* exercise of police power.

## JURISDICTION AND VENUE

6. This is a civil rights action brought pursuant to 42 U.S.C. § 1983, the Civil Rights Act. The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case at bar.

7. Venue is proper because Defendants reside and conduct business in the County of Tulare, State of California, and the acts referenced below also occurred within this District.

## FACTUAL BACKGROUND

8. On or about the evening of April 25, 2017, Huerta, a resident of Strathmore, phoned the Porterville Police Department (*Porterville P.D.*) to report suspicious activity outside his residence  Huerta was informed by the Porterville P.D. dispatcher that Strathmore was outside the jurisdiction of the Porterville P.D. Huerta complained over a series of phone calls to Porterville and asked to speak with the supervising sergeant.  Huerta was finally informed that Porterville P.D. would not respond to the complaint. Shortly thereafter, Huerta went to bed, as did his elderly mother.

9. Approximately one hour later, HUERTA and his mother were awakened by pounding on his front door.  He and his mother went to the front of the house and opened the inner door, leaving the barred screen door in place.  Uniformed Sheriff's deputies  were outside the door, demanding that Huerta come out of the house. The Sheriff's deputies mocked Huerta and accused him of "hiding behind his mother." The officers were clearly there to teach Huerta a lesson.  Huerta and his mother were frightened.  Huerta and his mother informed the deputies and officers that nothing was wrong, and that they did not wish to open the secured screen door as there was no warrant.

10. The officers then appeared to leave the premises.  Huerta and his mother observed their tail lights as they purportedly left the scene. Huerta then opened the screen door to lock the

COMPLAINT FOR DAMAGES

family's front gate.  As Huerta walked into the front yard, he was tackled from behind by an officer who had been hiding in the bushes outside Huerta's residence.  Other officers shortly joined the officer who had surreptitiously tackled Huerta.  What unfolded subsequently was a severe beating for Huerta.

11. Huerta was dragged into the living room of his residence and repeatedly punched and kicked in the face by numerous officers with heavy boots. In addition, he was struck repeatedly with batons.  Huerta was then handcuffed and dragged into the front yard of his residence, where he was pepper sprayed, again while in handcuffs.  Huerta was then lifted up and taken to the back of a police cruiser where he was again repeatedly punched and beaten in the face.

12. Huerta suffered a broken nose, fractured eye orbital, severe concussion and black eyes.  Huerta suffered heavy bruising over the rest of his body.  During the beating, Huerta's shoulder suffered damage. Moreover, Huerta suffered permanent damage to his vision, with one eye clouded by what Huerta describes as a white "sheet" over a substantial portion of his field of vision.

13. After the beating, Huerta was detained and taken to the Emergency Room in Porterville. The Sheriff's deputies did not allow medical personnel to perform any comprehensive medical examinations; rather, Huerta's blood pressure was checked, in addition to his temperature, despite Huerta's assertions that he needed medical care.  While at the hospital, after medical staff left his room, one Sheriff's deputy, a female, approached Huerta and asked whether Huerta "was a bottom or a top." Huerta is homosexual.

14. From the ER, Huerta was taken to a Sheriff's detention facility where he was imprisoned for a period of approximately 8-10 hours.  He was released on or about the morning of April 26 2017.  Huerta did not have his phone or wallet, and was forced to walk home upon his release despite being severely beaten and suffering from head trauma. When Huerta returned home, he immediately was taken to the hospital by his elderly parents, where he was diagnosed with the traumatic injuries set forth above. As of the filing of the Complaint, no charges were ever filed against Huerta.

_____
COMPLAINT FOR DAMAGES

15. In September 2017, Huerta submitted a timely claim to the County of Tulare and the Tulare County Sheriff. The claim was denied in October 2017. This lawsuit followed.

## FIRST CAUSE OF ACTION
## ASSAULT AGAINST ALL DEFENDANTS

16. Huerta incorporates by reference the allegations set forth above as though fully set forth herein.

17. At all times herein referenced, the Sheriff's deputies and Does 1-50 were employees of the County of Tulare and Tulare County Sheriff and/or other governmental entities to be shown according to proof, during which time the Sheriff's deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the Sheriff are liable for said acts of employees pursuant to California Government Code § 815.2.

18. At the time of the incident described above, the Sheriff's deputies threatened to touch Huerta's person and/or intended to cause the apprehension of imminent physical contact with Huerta.

19. At the time of the incident, it reasonably appeared to Huerta that the Sheriff's deputies were about to carry out their threat.

20. At no time during the incident did Huerta consent to the Sheriff's deputies' conduct.

21. As a result of Defendants' conduct, Huerta was actually and proximately damaged in an amount to be shown according to proof at trial.

22. The Sheriff's deputies' conduct also constitutes acts intended with malice and oppression as to Huerta such that Huerta is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## SECOND CAUSE OF ACTION
## BATTERY AGAINST ALL DEFENDANTS

23. Huerta incorporates by reference the allegations set forth above as though fully set forth herein.

COMPLAINT FOR DAMAGES

24. At all times herein referenced, the Sheriff's deputies and Does 1-50 were employees of the County of Tulare and Tulare County Sheriff and/or other governmental entities to be shown according to proof, during which time the Sheriff's deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the Sheriff are liable for said acts of employees pursuant to California Government Code § 815.2.

25. At the time of the incident described above, the Sheriff's deputies and Does 1-50 touched Huerta's person in an intentional manner, thereby causing harmful contact, to wit, the beating referenced above.

26. As a result of Defendants' conduct, Huerta was actually and proximately damaged in an amount to be shown according to proof at trial.

27. The Sheriff's deputies' conduct also constitutes acts intended with malice and oppression as to Huerta such that Huerta is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## THIRD CAUSE OF ACTION

## FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

28. Huerta incorporates by reference the allegations set forth above as though fully set forth herein.

29. At all times herein referenced, the Sheriff's deputies and Does 1-50 were employees of the County of Tulare and Tulare County Sheriff and/or other governmental entities to be shown according to proof, during which time the Sheriff's deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the Sheriff are liable for said acts of employees pursuant to California Government Code § 815.2.

30. At the time of the incident, Huerta was wrongfully restrained and detained by the Sheriff's deputies and Does 1-50, via intentional conduct, including physical force and threats, such that Huerta was compelled to stay in custody for a substantial amount of time. At no time during the incident did Huerta consent to the detention.

COMPLAINT FOR DAMAGES

31. As a result of Defendants' conduct, Huerta was actually and proximately damaged in an amount to be shown according to proof at trial.

32. The Sheriff's deputies' conduct also constitutes acts intended with malice and oppression as to Huerta such that Huerta is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

33. Huerta incorporates by reference the allegations set forth above as though fully set forth herein.

34. At all times material to this complaint, Defendants were acting under color of law and authority while violating Huerta's constitutional rights as herein alleged under the Fourth Amendment to the United States Constitution.

35. At all times herein referenced, the Sheriff's deputies and Does 1-50 were employees of the County of Tulare and Tulare County Sheriff and/or other governmental entities to be shown according to proof, during which time the Sheriff's deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the Sheriff are liable for said acts of employees pursuant to California Government Code § 815.2.

36. Huerta has a constitutional right to be free from unlawful search, seizure, detention, assault, and battery and bodily intrusion, all of which were suffered by Huerta in the course of the incident, the conduct at the hospital (including the reprehensible remark showing bias against homosexuals and denial of medical treatment), and the subsequent detention.

37. As a result of said violations, Huerta has been damaged in an amount to be shown according to proof at trial; in addition, Huerta has been required to expend sums to be shown according to proof as reasonable attorney's fees and costs to obtain redress.

38. The Sheriff's deputies' conduct also constitutes acts intended with malice and oppression as to Huerta such that Huerta is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## **FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS**

39. Huerta incorporates by reference the allegations set forth above as though fully set forth herein.

40. At all times herein referenced, the Sheriff's deputies and Does 1-50 were employees of the County of Tulare and Tulare County Sheriff and/or other governmental entities to be shown according to proof, during which time the Sheriff's deputies and Does 1-50 were acting within the scope of their agency and employment. The County and the Sheriff are liable for said acts of employees pursuant to California Government Code § 815.2.

41. At the time of the incident, the intentional conduct of Sheriff's deputies and Does 1-50 was outrageous, malicious, and committed with the intent to cause Huerta humiliation, embarrassment, and mental anguish, or, in the alternative, such malicious and outrageous conduct was performed with reckless disregard with respect to causing Huerta such injuries.

42. As a result of Defendants' conduct, Huerta was actually and proximately damaged in an amount to be shown according to proof at trial.

32. The Sheriff's deputies' conduct also constitutes acts intended with malice and oppression as to Huerta such that Huerta is entitled to punitive damages pursuant to California Civil Code § 3294(a).

///
///
///
///

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays Judgment as follows:

**ON ALL CAUSES OF ACTION FOR PLAINTIFF:**

1. For general and special monetary damages for the Plaintiff in an amount to be shown according to proof, but in a sum greater than the minimum jurisdictional limit of this Court;
2. For punitive damages;
3. For declaratory relief that Defendants' acts violated the fourth and fourteenth amendments, for a permanent injunction mandating the cessation of such conduct;
4. For attorney's fees;
5. For costs of suit; and
6. For such other relief as the court may deem just and proper.

October 25, 2017                                /s/ Matthew D. Owdom
                                                OWDOM LAW FIRM
                                                By: Matthew D. Owdom

COMPLAINT FOR DAMAGES