DEANNE H. PETERSON, #147099
County Counsel for the County of Tulare
Kathleen A. Taylor, #131100
Chief Deputy County Counsel
Amy Terrible Myers, #269475
Deputy County Counsel
2900 West Burrel Ave.
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: aterrible@co.tulare.ca.us

Attorneys for Defendants County of Tulare and Tulare County Sheriff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA – FRESNO

| | |
|---|---|
| RAMIRO HUERTA,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity, Unknown TULARE COUNTY SHERIFF'S DEPUTIES named herein, as Does 1-50; and ROES 1-50, inclusive,<br><br>    Defendants. | **Case Number: 1:17-cv-01446-DAD-EPG**<br><br>**ANSWER OF DEFENDANTS COUNTY OF TULARE AND TULARE COUNTY SHERIFF'S DEPARTMENT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Exempt from Filing Fees Pursuant to Government Code § 6103* |

Defendants COUNTY OF TULARE ("County"), and TULARE COUNTY SHERIFF ("TCSO"), ("Defendants"), answering the Unverified Complaint alleging Assault; Battery; False Imprisonment; Violation of Civil Rights Under Color of Law (42 U.S.C. § 1983); and Intentional Infliction of Emotional Distress.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues triable by a jury.

**ANSWER**

1. Defendants admit that Plaintiff was a resident of the County of Tulare at all times relevant as set forth in paragraph 1 of the Complaint.

2. Defendants admit the County of Tulare is a governmental entity located in the County of Tulare, State of California as stated in paragraph 2 of the Complaint.

3. Defendants deny that the Tulare County Sheriff (the Sheriff) is a governmental entity as alleged in paragraph 3 of the Complaint; Tulare County Sheriff is a department contained within the entity of the County of Tulare.

4. Defendants admit the acts forming the basis of the Complaint took place within Tulare County and that the identities of the deputies responding to Plaintiff's home on the night in question are known to the Sheriff and County and said deputies responded to Plaintiff's location within the scope and course of their employment.  Except as specifically admitted, the County and Sheriff deny each and every allegation contained in paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit Plaintiff phoned the Porterville Police Department several times on the night of the incident and lack sufficient information to admit or deny the remaining allegations in paragraph 8, therefore Defendants deny.

9. Defendants admit that on April 25, 2017 Tulare County Sheriff's Deputies were dispatched to a residence located in the City of Strathmore at approximately 10:30 p.m. and that Plaintiff was located at that residence. Defendants further admit the deputies were wearing their department issued uniforms and standing outside the door to the residence. Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendants admit that Plaintiff was taken to the ground by a Sheriff's Deputy once he exited the residence and deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff was placed in handcuffs and deny the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendants specifically deny that a "beating" took place. Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Complaint, therefore Defendants deny.

13. Defendants admit that Plaintiff was transported to Sierra View District Hospital in Porterville where he was examined and medically cleared. Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

14. Defendants admit that after Plaintiff was medically cleared he was transported from the Sierra View District Hospital to a Tulare County Detention Center where he was booked into custody and released on April 26, 2017. Defendants further admit that at the time the Complaint in this matter was filed criminal charges had not been filed against Plaintiff. Defendants lack sufficient information to admit or deny the allegations concerning Plaintiff's conduct after his release, and therefore deny those allegations. Except as specifically

admitted or denied as previously stated, Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

15.   Defendants admit that Plaintiff submitted a claim to Tulare County, that the claim was denied, and that the instant lawsuit followed.  Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

## FIRST CAUSE OF ACTION
## (ASSAULT AGAINST ALL DEFENDANTS)

16.   The allegations contained in paragraph 16 of the Complaint are admitted or denied as set out above in response to the individual incorporated paragraphs.

17.   Defendants lack sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint, therefore they are denied.

18.   Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.   Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.   Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.   Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.   Defendants deny the allegations contained in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION
## (BATTERY AGAINST ALL DEFENDANTS)

23.   The allegations contained in paragraph 23 of the Complaint are admitted or denied as set out above in response to the individual incorporated paragraphs.

24.   Defendants lack sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint, therefore they are denied.

25.   Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

**THIRD CAUSE OF ACTION**
**(FALSE IMPRISONMENT AGAINST ALL DEFENDANTS)**

28. The allegations contained in paragraph 28 of the Complaint are admitted or denied as set out above in response to the individual incorporated paragraphs.

29. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint and therefore deny.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

33. The allegations contained in paragraph 33 of the Complaint are admitted or denied as set out above in response to the individual incorporated paragraphs.

34. Defendants deny that Plaintiff's constitutional rights were violated and lack sufficient information to admit or deny the remaining allegations contained in paragraph 34 of the Complaint, therefore they are denied.

35. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint, therefore they are denied.

36. Defendants admit that Plaintiff has the enumerated constitutional rights to the extent established by applicable law. Defendants deny each and every remaining allegation contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

## FIFTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

39. The allegations contained in paragraph 39 of the Complaint are admitted or denied as set out above in response to the individual incorporated paragraphs.

40. Defendants lack sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint and on that basis deny.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 (mistakenly numbered by Plaintiff as 32) of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

44. Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

45. Defendants allege that at the time of the incidents referred to in the Complaint, Plaintiff was negligent or at fault and failed to use that degree of care and caution which a reasonably prudent person would have used under the same or similar circumstances; that Plaintiff's negligence or fault must be compared with the negligence or fault of the Defendants, as well as that of any other persons or parties, and that any award to Plaintiff must be reduced by the amount that the Plaintiff's negligence or fault contributed to Plaintiff's injuries and damages if any there were.

### THIRD AFFIRMATIVE DEFENSE

46. Defendants allege that all events in connection with the incidents alleged in Plaintiff's Complaint and any resulting injuries or damages therefrom were contributed to and proximately caused by the negligence of the Plaintiff in that the Plaintiff failed to exercise ordinary care for his own safety under the circumstances, thereby barring the Plaintiff from any recovery.

### FOURTH AFFIRMATIVE DEFENSE

47. Defendants allege that they acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

48. Defendants allege that they acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal constitutional right possessed by Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

49. Defendants allege that each of the Plaintiff's claims are barred by California Government Code sections 815, 815.2, 815.3, 818, 818.2, 820, 820.2, 820.4, 820.6, 820.8, 821, 845.6, 845.8, and 846.

### SEVENTH AFFIRMATIVE DEFENSE

50. Defendants allege that they are entitled to recover reasonable expenses, including attorney's fees, from the Plaintiff and his counsel in that the Plaintiff's Complaint is frivolous and was brought and maintained in bad-faith and without reasonable cause, is

totally and completely without merit as to these Defendants, and was brought for the sole purpose of harassing these Defendants.  Cal. Code of Civil Procedure sections 128.5 and 1021.7.

### EIGHTH AFFIRMATIVE DEFENSE

51.     Defendants allege that they are entitled to recover reasonable expenses, including attorney's fees, from the Plaintiff and his counsel in that they, at the time the Complaint was filed and during its maintenance and to the extent that it includes causes of action filed under the California Tort Claims Act, did not have a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint against these Defendants, and therefore the Complaint was filed and maintained in bad-faith and without reasonable cause.  Cal. Code of Civil Procedure section 1038.

### NINTH AFFIRMATIVE DEFENSE

52.     Defendants allege that at all times relevant to this litigation, the Plaintiff consented, either expressly or impliedly, to any such acts or conduct as may be shown on the part of these Defendants.

### TENTH AFFIRMATIVE DEFENSE

53.     Defendants allege that at all times relevant to this litigation, the Plaintiff engaged in provocative acts, conduct and/or words such that the conduct of Defendants relating to the Plaintiff was reasonable, necessary and of a consequential nature.

### ELEVENTH AFFIRMATIVE DEFENSE

54.     Defendants allege that at no time relevant to this litigation did the Plaintiff sustain any violation of his civil rights, pursuant to a governmental habit or custom thereby precluding

the Plaintiff from maintaining his causes of action for violation of his civil rights.

**TWELFTH AFFIRMATIVE DEFENSE**

55.     Defendants allege that at all times relevant to this litigation, these Defendants acted in good faith and with probable cause and entertained an honest, reasonable belief that these Defendants' actions were reasonable and necessary thereby precluding the Plaintiff from maintaining any causes of action for violation of his civil rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

56.     Defendants allege that at all times relevant to this litigation, the injuries and damages of which the Plaintiff complains amounted to nothing more than a tort which the State of California protects against by virtue of its tort laws thereby precluding the Plaintiff from maintaining any causes of action for violations of his civil rights.

**FOURTEENTH AFFIRMATIVE DEFENSE**

57.     Defendants allege that at all times relevant to this litigation, these Defendants were performing discretionary functions, and their conduct did not violate any established statutory or constitutional rights of which a reasonable person would have an expectation of civil rights.

**FIFTEENTH AFFIRMATIVE DEFENSE**

58.     Defendants allege that at all times relevant to this litigation, these Defendants acted in good faith and with probable cause and at no time did Defendants know or should have known that the action taken within the sphere of these Defendants' official responsibility would violate the constitutional rights of the Plaintiff, and the Plaintiff is thereby precluded from maintaining these causes of action for violations of his civil rights.

### SIXTEENTH AFFIRMATIVE DEFENSE

59.     Defendants allege that to the extent that Plaintiff's Complaint and causes of action for violations of his civil rights are based upon a theory of respondeat superior against these Defendants, Defendants are immune from liability.

### SEVENTEENTH AFFIRMATIVE DEFENSE

60.     Defendants allege that the Plaintiff's claim for damages is barred in that Plaintiff could have avoided such damages, if any there were, with reasonable effort and failed to do so.

### EIGHTEENTH AFFIRMATIVE DEFENSE

61.     Defendants allege that at the time and place of the incidents alleged in Plaintiff's Complaint, the Plaintiff knew of the danger and risk incident to his activity, but nevertheless freely and voluntarily exposed himself to all risks of harm and therefore assumed all risk of harm incidental thereto.

### NINETEENTH AFFIRMATIVE DEFENSE

62.     Defendants allege that Plaintiff is estopped by his own conduct from asserting the allegations in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

63.     Defendants allege that if the conduct of these Defendants is found to have been wrongful, which Defendants have denied and continue to deny, then Plaintiff's claim is barred by the doctrine of unclean hands.

///

///

**WHEREFORE, THESE ANSWERING DEFENDANTS PRAY** that Plaintiff take nothing by way of his Complaint, and that the Defendants go hence with Defendants' costs of suit and attorney's fees incurred.

Dated:  November 15, 2017          DEANNE H. PETERSON
                                   Tulare County Counsel


                                   By      /s/ *Amy Terrible Myers*
                                       AMY TERRIBLE MYERS
                                       Deputy County Counsel

KAM/11/6/2017/20171605