**ABIR COHEN TREYZON SALO, LLP**
Boris Treyzon, Esq. (SBN 188893)
Douglas A. Rochen, Esq. (SBN 217231)
Meagan Melanson (SBN 258978)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA  90067
Telephone (310) 407-7888
Facsimile (424) 288-4368
drochen@actslaw.com

**OWDOM LAW FIRM**
Matthew D. Owdom (SBN 258779)
632 W. Oak Ave. Visalia, California 93291
Telephone:  559.750-5224
matt@owdomlawfirm.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>                  Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity; MICHAEL COLDREN; LAURA TORRES-SALCIDO; HECTOR HERNANDEZ; SALVADOR CEJA; JAMES DILLON; RONALD SMITH; Unknown TULARE COUNTY TSC'S DEPUTIES named herein as Does 7 - 50; and ROES 1-50 inclusive<br><br>                  Defendants | Case No.: 1:17-cv-01446-DAD-EPG<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

Comes now Plaintiff, Ramiro Huerta ("Plaintiff") and hereby alleges as follows:

## **PARTIES**

1.     Plaintiff is and at all times relevant herein, was a resident of the County of Tulare, State of California.

2.     Defendant County of Tulare ("County") is, and at all times relevant herein, was a governmental entity located in the County of Tulare, State of California.

3.     Defendant Tulare County Sheriff ("TCS") is, and at all times relevant herein, was a governmental entity located in the County of Tulare, State of California.

4.     The acts described herein forming the basis for this action took place within the County of Tulare, State of California by named deputies identified by the County of Tulare as being involved in the incident, Michael Coldren, Laura Torres-Salcido, Hector Hernandez, Salvador Ceja, James Dillon and Ronald Smith (named deputies), and unknown TCS's deputies sued herein as DOES 7-50 (named and unnamed deputies are referenced herein as the TCS's deputies) employed by the TCS and the County, who were acting within the scope of course of their employment at all times referenced herein, and were the individuals who responded to Plaintiff's residence, committed the beating and inflicted the physical and psychological injuries referenced herein, subjected him to anti-homosexual slurs and innuendos, deprived him of proper medical treatment, and imprisoned him, or those who supervised any such deputies (all collectively referred herein as "Defendants").

5.     The TCS's deputies' names, positions and identification numbers are known to the County and the TCS. Plaintiff is informed and believes and thereon alleges that the TCS's deputies are aware of Plaintiff's claim pursuant to California Government Code § 910 et. seq. and of this impending litigation.

- 2 -

6.     The true names of DOES 7-50 and ROES 1-50 are unknown to Plaintiff, who therefore sue the Doe and Roe Defendants by fictitious names. Plaintiff alleges that the TCS's deputies, DOES 7-50, were employees of the County and/or TCS during the incident referenced herein, and ROES 1-50 are other governmental entities or persons responsible in some way for Plaintiff's injuries. Plaintiff will amend this Second Amended Complaint to show their true names and capacities when they have been ascertained. With respect to each constitutional violation and tort referenced herein, Plaintiff alleges that the County and the TCS are vicariously liable for the actions of the TCS's deputies, which actions were within the scope of employment, because imposition of vicarious liability (1) will prevent the recurrence of similar tortious conduct by creating an incentive for vigilance on the part of those in a position to guard against the evil to be prevented; (2) would give greater assurance of compensation to the victim; and (3) would spread the loss among the beneficiaries of the enterprise because of the substantial benefits to the community stemming from the lawful exercise of police power.

7.     At all relevant times, TCS deputies, known and unknown were employed by Defendants, and each of them, and were acting within the course and scope of their employment.

8.     The true names and capacities, whether individual, corporate, associate, representative, alter ego or otherwise, of defendants and/or their alter egos named herein as DOES 7 through 50 and ROES 1-50 inclusive are presently unknown to Plaintiff at this time and are therefore sued by such fictitious names.

9.     Plaintiff will amend this Second Amended Complaint to allege the true names and capacities of DOES  7 through 50 and ROES 1-50 when the same have been ascertained.

10.     Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe and Roe Defendants, were at all relevant

SECOND AMENDED COMPLAINT FOR DAMAGES

times acting as actual agents, captive agents or brokers, conspirators, ostensible agents, partners, brokers and/or joint ventures and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants; however, this allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

11.    All allegations in this Second Amended Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

12.    Whenever allegations in this complaint are contrary or inconsistent, such allegations shall be deemed alternative.

13.    At all times mentioned herein, each Defendant was the co-tortfeasor of each of the other Defendants in doing the things alleged.

## JURISDICTION AND VENUE

14.    The amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court. Accordingly, this Court has jurisdiction over the case at bar.

15.    Venue is proper because Defendants reside and conduct business in the County of Tulare, State of California, and the acts referenced below also occurred within this District.

## FACTUAL BACKGROUND

16.    On or about the evening of April 25, 2017, Plaintiff, a resident of Strathmore, California, phoned the Porterville Police Department ("Porterville P.D.") to report suspicious activity outside his residence.

SECOND AMENDED COMPLAINT FOR DAMAGES

17. Plaintiff was informed by the Porterville P.D. dispatcher that Strathmore was outside the jurisdiction of the Porterville P.D. Plaintiff complained over a series of phone calls to Porterville and asked to speak with the supervising sergeant. Plaintiff was finally informed that Porterville P.D. would not respond to the complaint. Shortly thereafter, Plaintiff went to bed, as did his elderly mother.

18. Approximately one hour later, Plaintiff and his mother were awakened by pounding on his front door. He and his mother went to the front of the house and opened the inner door, leaving the barred screen door in place. Uniformed TCS deputies were outside the door, demanding that Plaintiff come out of the house. The TCS deputies mocked Plaintiff and accused him of "hiding behind his mother." The officers were clearly there to teach Plaintiff a lesson. Plaintiff and his mother were frightened. Plaintiff and his mother informed the deputies and officers that nothing was wrong, and that they did not wish to open the secured screen door as there was no warrant.

19. The officers then appeared to leave the premises. Plaintiff and his mother observed their tail lights as they purportedly left the scene. Plaintiff then opened the screen door to lock the family's front gate. As Plaintiff walked into the front yard, he was tackled from behind by an officer who had been hiding in the bushes outside Plaintiff's residence. Other officers shortly joined the officer who had surreptitiously tackled Plaintiff. What unfolded subsequently was a severe beating for Plaintiff.

20. Plaintiff was dragged into the living room of his residence and repeatedly punched and kicked in the face by numerous officers with heavy boots. In addition, he was struck repeatedly with batons. Plaintiff was then handcuffed and dragged into the front yard of his residence, where he was pepper sprayed, again while in handcuffs. Plaintiff was then lifted up and taken to the back of a police cruiser where he was again repeatedly punched and beaten in the face.

SECOND AMENDED COMPLAINT FOR DAMAGES

21.   Plaintiff suffered a broken nose, fractured orbital bone, severe concussion and black eyes.  Plaintiff suffered heavy bruising over the rest of his body.  During the beating, Plaintiff's shoulder suffered damage. Moreover, Plaintiff suffered permanent damage to his vision, with one eye clouded by what Plaintiff describes as a white "sheet" over a substantial portion of his field of vision.

22.   After the beating, Plaintiff was detained and taken to the Emergency Room in Porterville. The TCS deputies did not allow medical personnel to perform any comprehensive medical examinations; rather, Plaintiff's blood pressure was checked, in addition to his temperature, despite Plaintiff's assertions that he needed medical care. While at the hospital, after medical staff left his room, one TCS deputy, a female, approached Plaintiff and asked whether Plaintiff "was a bottom or a top." Plaintiff is homosexual.

23.   From the emergency room, Plaintiff was taken to a TCS detention facility where he was imprisoned for a period of approximately 8-10 hours.

24.   He was released on or about the morning of April 26, 2017. Plaintiff did not have his phone or wallet and was forced to walk several miles home upon his release despite being severely beaten and suffering from head trauma.

25.   When Plaintiff returned home, he was immediately taken to the hospital by his elderly parents, where he was diagnosed with the traumatic injuries set forth above.

26.   Plaintiff contends that at all times mentioned herein, Defendants were agents and employees of each other and that each performed the acts herein while in the course and scope of this agency and employment of said Defendants at the time of the subject incident. Moreover, Plaintiff contends said misconduct was authorized, ratified and approved of by Defendants, and as such, the conduct is imputed to the principal and employer.

27.    On August 15, 2017, Plaintiff submitted a timely claim to the County of Tulare and the Tulare County Sheriff Department which they received on August 18, 2017.  The claim was denied on September 18, 2017. This lawsuit followed.

28.    Plaintiff filed his lawsuit on October 25, 2017.

29.    On November 15, 2017, less than a month following Plaintiff's timely lawsuit, a misdemeanor complaint was filed against Plaintiff addressing the conduct of Plaintiff on the night of the incident and a misdemeanor complaint for damage to property without evidence of Plaintiff's purported involvement, which Plaintiff contends is for the sole purpose of quashing his freedom of speech afforded to him under the First Amendment to the Constitution.

## FIRST CAUSE OF ACTION
## ASSAULT AGAINST ALL DEFENDANTS

30.    Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

31.    At all times herein referenced, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants' deputies were agents and/or employees of TCS and the County, responsible for maintaining the special relationship with the public. Defendants' abuse of Plaintiff was an abuse of authority. Defendants are liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

32.    At the time of the incident described above, Defendants intended to touch and/or contact Plaintiff and/or intended to cause the imminent apprehension of touching and/or contacting Plaintiff.

33.    At the time of the incidents described above, Plaintiff was placed in imminent apprehension of being touched and/or contacted by Defendants. Furthermore, Plaintiff did not consent to Defendants' conduct.

SECOND AMENDED COMPLAINT FOR DAMAGES

34.    Defendants' conduct was a direct and proximate cause of Plaintiff's apprehension and injuries.

35.    Accordingly, Plaintiff is entitled to damages in an amount to be determined by proof at trial.

36.    Defendants' acts also constitute conduct intended by them to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a).  Plaintiff is, therefore, entitled to punitive damages against Defendants and each of them in an amount to be determined by proof at trial.

## SECOND CAUSE OF ACTION
## BATTERY AGAINST ALL DEFENDANTS

37.    Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

38.    At all times herein referenced, the TCS's deputies and Does 7-50 were employees of the County of Tulare and Tulare County Sheriff Department and/or other governmental entities to be shown according to proof, during which time the TCS deputies and Does 7-50 were acting within the scope of their agency and employment.

39.    Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were an agent of Defendants TCS and County, responsible for maintaining the special relationship with the public.

40.    The County and TCS are liable for said acts of employees pursuant to California Government Code § 815.2.

41.    At the time of the incident described above, the TCS deputies touched Plaintiff's person in an intentional manner, thereby causing harmful contact, to wit,

SECOND AMENDED COMPLAINT FOR DAMAGES

the beating referenced above. Further, Plaintiff did not consent to the harmful contact with Plaintiff's person.

42.     Defendants' conduct was a direct and proximate cause of serious injuries to Plaintiff.  Plaintiff is entitled to damages in an amount to be determined by proof at trial.

43.     Defendants' acts also constitute conduct intended by them to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a).  Plaintiff is, therefore, entitled to punitive damages against Defendants and each of them in an amount to be determined by proof at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT AGAINST ALL DEFENDANTS

44.     Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

45.     At all times herein referenced, the TCS's deputies and Does 7-50 were employees of the County of Tulare and Tulare County Sheriff Department and/or other governmental entities to be shown according to proof, during which time the TCS deputies and Does 7-50 were acting within the scope of their agency and employment. The County and the TCS are liable for said acts of employees pursuant to California Government Code § 815.2. 27

46.     At the time of the incident, Plaintiff was wrongfully restrained and detained by Defendants, via intentional conduct, including physical force and threats, such that Plaintiff was compelled to stay in custody for an appreciable amount of time.

47.     At no time during the incident did Plaintiff knowingly or voluntarily consent to the detention.

48.   As a result of Defendants' conduct, Plaintiff was actually and proximately damages in an amount to be shown according to proof at trial.

49.   The TCS's deputies' conduct also constitutes acts intended with malice and oppression as to Plaintiff such that Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## FOURTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

50.   Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Second Amended Complaint.

51.   As a Tulare County Sheriff Deputy, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were agents of Defendants TCS and County, responsible for maintaining the special relationship with the public.  Defendants abuse of Plaintiff was an abuse of their authority and are liable for the acts, omissions and conduct of its employees pursuant to California Government Code §815.2.

52.   At the time of the incidents described above, Defendants' conduct as alleged herein was beyond the bounds of decency accepted within society and was intentional, outrageous, malicious, and committed for the purpose of causing Plaintiff to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress, or done in reckless disregard of the probability of causing Plaintiff to suffer humiliation, embarrassment, mental anguish, and/or severe physical and/or emotional distress.

53.   As a direct and proximate result of Defendants' conduct as herein alleged, Plaintiff has suffered great mental pain, embarrassment, humiliation,

SECOND AMENDED COMPLAINT FOR DAMAGES

distress, anguish and suffering, all to her damages in an amount according to proof at trial.

54.     Defendant acts constitute conduct intended by them to cause injury to Plaintiff and despicable, malicious, and/or oppressive conduct that is carried on with willful and conscious disregard for the rights and safety of others in direct violation of Civil Code section 3294, subdivision (a). Plaintiff is, therefore, entitled to punitive damages against Defendants and each of them in an amount to be determined by proof at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

55.     Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

56.     At all times material to this Second Amended Complaint, Defendants were acting under color of law and authority while violating Plaintiff's constitutional rights as herein alleged under the Fourth Amendment to the United States Constitution.

57.     At all times herein referenced, the TCS deputies and Does 7-50 were employees of the County of Tulare and Tulare County Sheriff Department and/or other governmental entities to be shown according to proof, during which time the TCS deputies and Does 7-50 were acting within the scope of their agency and employment. The County and TCS are liable for said acts of employees pursuant to California Government Code § 815.2.

58.     Plaintiff has a constitutional right to be free from unlawful search, seizure, detention, assault, and battery and bodily intrusion, all of which were suffered by Plaintiff in the course of the incident, the conduct at the hospital

SECOND AMENDED COMPLAINT FOR DAMAGES

(including the reprehensible remark showing bias against homosexuals and denial of medical treatment), and the subsequent detention.

59. Plaintiff was subjected to an unreasonable and an unlawful search and seizure without probable cause where Defendants unlawful and intentionally intruded within Plaintiff intimate space by means of improper and unwanted touching and forcible physical and verbal assault in the absence of probable cause.

60. As result of the violation of Plaintiff's Fourth Amendment rights, Defendants, and each of them, are liable to Plaintiff under 42 U.S.C. §1983.

61. As a result of said violations, Plaintiff has been damaged in an amount to be shown according to proof at trial; in addition, Plaintiff has been required to expend sums to be shown according to proof as reasonable attorney's fees and costs to obtain redress, which are recoverable pursuant to 42 U.S.C. §1988.

62. Defendants' conduct also constitutes acts intended with malice and oppression as to Plaintiff such that Plaintiff is entitled to punitive damages pursuant to California Civil Code § 3294(a).

## SIXTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (MONELL) AGAINST ALL DEFENDANTS

63. Plaintiff incorporates by reference the allegations set forth above as though fully set forth herein.

64. Defendants, knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of citizens, maintain and permit an official policy and custom of permitting the occurrence of the types of wrongs set forth hereinabove and hereafter, including violation of Plaintiff s Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable seizure and of an unlawful physical assault during an unlawful detention and potential arrest.

65.     Plaintiff has a constitutional interest pursuant to the Fourth Amendment to the United States Constitution to be free from improper policies and customs from law enforcement officers such as the conduct by Defendants.   These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in conducting unlawful and unwarranted searches and seizures resulting in improper violations of professional conduct by way of color of authority.

66.     These policies and customs also include the express and/or tacit encouragement of search and seizures without probable cause, the ratification of police misconduct and the failure to conduct adequate investigations of police misconduct such that future violations do not occur.

67.     Plaintiff is informed and believes, and thereon alleges, that the customs and policies were the moving force behind the violations of Plaintiff s rights. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services* (1978) 436 U.S. 658, Defendants, are liable for all the injuries sustained by Plaintiff as set forth above.

68.     Plaintiff is informed and believes, and upon that basis contends, that Defendants maintain a pervasive policy of subjugated discriminatory and abusive practices against citizens, including, but not limited to:

a. Physical assault and abuse of inmates by deputies, supervisors and/or other higher-ranking officers with final policymaking authority for Defendants that were subsequently poorly investigated and/or covered up by Defendants.

b. Intentional violation of Defendants' body cam policies and procedures by deputies, supervisors and/or other higher-ranking officers with final policymaking authority for Defendants in order to avoid evidencing improper assault and abuse on citizens by Defendants.

SECOND AMENDED COMPLAINT FOR DAMAGES

c.  Intentional violation of Defendants' dash cam policies and procedures by deputies, supervisors and/or other higher-ranking officers with final policymaking authority for Defendants in order to avoid evidencing improper assault and abuse on citizens by Defendants.

d.  Domestic abuse of women by supervisors and/or other higher-ranking officers with final policymaking authority for Defendants that were subsequently poorly investigated and/or covered up by Defendants to avoid legal consequences as a matter of "professional courtesy".

e.  Sexual harassment, extortion and intimidation by supervisors and/or other higher-ranking officers with final policymaking authority for Defendants against lower-ranking female officers.

f.  Abuse and assault against minorities and citizens with disabilities by deputies, supervisors and/or other higher-ranking officers with final policymaking authority for Defendants as part of an accepted practice that were subsequently poorly investigated and/or covered up by Defendants to avoid legal consequences.

g.  Sexual abuse and assault against female inmates in custody by deputies, supervisors and/or other higher-ranking officers with final policymaking authority for Defendants.

h.  improper sexual relationships with female confidential informants by supervisors and/or other higher-ranking officers with final policymaking authority for Defendants for personal gratification.

i.  inappropriate pat-down searches upon members of the public including groping private body parts and genitalia during police investigations and/or detentions by deputies, supervisors and/or

1  higher-ranking officers with final policymaking authority for
2  Defendants.

3  69.   In acting as alleged herein, Defendants caused Plaintiff injuries, and
4  caused Plaintiff other damages all in an amount to be determined at the time of trial.

5  70.   Due to the conduct of Defendants, Plaintiff has been required to incur
6  attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in
7  a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

8  **SEVENTH CAUSE OF ACTION**
9  **VIOLATION OF CIVIL CODE §52.1 AGAINST ALL DEFENDANTS**

10  71.   Plaintiff re-alleges and incorporates by reference the allegations set
11  forth above as though fully set forth herein.

12  72.   Plaintiff alleges that at all times mentioned herein, The conduct of
13  Defendants constituted interference by threats, intimidation, or coercion, or
14  attempted interference, with the exercise of enjoyment by Plaintiff of rights secured
15  by the Constitution of laws of the United States, or secured by the Constitution or
16  laws of the State of California, including interference with her right to be secure in
17  her person and free from unreasonable and unlawful search and seizure under the
18  Fourth Amendment and Cal. Const. Art. I sec. 13 as well as Cal. Civil Code § 43,
19  and the right of protection from bodily restraint and improper touching.

20  73.   Pursuant to California Government Code §815.2, Defendants are liable
21  for the acts, omissions and conduct of its employees, including Defendants herein,
22  whose tortious conduct was a cause in the damages and injuries to Plaintiff.

23  74.   As a direct cause of Defendants' conduct, Plaintiff s rights pursuant to
24  California Civil Code §52.1 were violated, causing injuries and damages in an
25  amount to be proved at the time of trial.

26
27
28

- 15 -

75.     Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to California Civil Code § 52.1 are entitled to recovery of said fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF UNRUH ACT AGAINST ALL DEFENDANTS

76.     Plaintiff re-alleges and incorporates by reference the allegations set forth above herein.

77.     Plaintiff claims that Defendants denied, aided or incited a denial of, and/or discriminated or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and/or services to Plaintiff, including, but not limited to, violations under Civil Code 52.3 and 52.45.

78.     A motivating reason for Defendants' conduct was its perception of Plaintiff's sexual orientation, race, ancestry, and/or national origin.

79.     Plaintiff contends that his sexual orientation, race, ancestry and/or national origin made him an easy susceptible target to discrimination and abuse by Defendants.

80.     As a direct cause of Defendants' conduct, Plaintiff's rights were violated, causing injuries, harm and damages in an amount to be proved at the time of trial.

81.     Plaintiff contends that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

82.     Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial.

///

///

///

SECOND AMENDED COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

## NEGLIGENT HIRING AND SUPERVISION AGAINST DEFENDANT TCS, COUNTY AND DOES 7-50

83.     Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Second Amended Complaint.

84.     The employees and/or agents of Defendants have a special relationship with Plaintiff, which imposes upon them an affirmative duty to take reasonable steps to protect him from reasonably foreseeable risks of harm.

85.     As Tulare County Sheriff's Deputies, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff. Defendants were an employee and/or agent of Defendants TCS and County, responsible for maintaining the special relationship with the public, including Plaintiff.  Defendants' abuse of Plaintiff was an abuse of authority.

86.     The employees and/or agents of Defendants failed to use reasonable care in hiring and supervising their employees and/or agents who had actual and constructive knowledge and/or notice that the manner and means of hiring created a dangerous environment for the public, including Plaintiff, and of Defendants' deputies acts and propensity to commit such acts.

87.     Nonetheless, Defendants' employees and/or agents took no remedial steps to protect the public, including Plaintiff.

88.     The employees and/or agents of Defendants knew or should have known that employment practices which failed to screen or investigate employees and/or agents with propensity to commit abuse would create a dangerous environment for the public, including Plaintiff.

89.     The employees and/or agents of Defendants knew or should have known about Defendants' abuse in the public, including Plaintiff.  Despite such

- 17 -

knowledge, Defendants' employees and/or agents ignored and failed to investigate or remedy Defendants' conduct in any way, thereby placing the community at risk of harm.

90.     Despite the knowledge of Defendants' employees and/or agents, they nevertheless negligently hired, retained, and supervised their personnel.

91.     Defendants' employees and/or agents are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff harm.  In addition, Defendants are vicariously liable under Government Code section 815.2, subdivision (a) for the acts and/or omissions of their employees and/or agents who failed to take appropriate steps to train their personnel to report or prevent Defendants' abuse.

92.     The employees and/or agents of Defendants owed Plaintiff a duty to protect him from unlawful abuse.  Defendants' employees and/or agents knew or should have known that failure to properly supervise their personnel and investigate their conduct would subject persons, such as Plaintiff, to an unreasonable risk of being unlawfully abused.

93.     As a direct and proximate result of negligent hiring and/or supervision of Defendants' employees and/or agents, Plaintiff suffered and continues to suffer damages, including, but not limited to, emotional distress and other damages to be proven at trial.

## TENTH CAUSE OF ACTION
## NEGLIGENT TRAINING AGAINST DEFENDANT TSC, COUNTY AND DOES 7-50

94.     Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Second Amended Complaint.

95.     As a Tulare County Sheriff Deputy, Defendants were in a position of authority, trust, influence and persuasion over Plaintiff as well as other community members.

96.     Defendant Deputies were an agent and employee of Defendants TCS, County and Does 7-50, responsible for maintaining the special relationship with the community.

97.     The abuse and touching of Plaintiff was an abuse of authority, position of authority, trust, influence and persuasion as an agent and employee of Defendants.

98.     The employees and/or agents of Defendants owed a duty of care in training its personnel.

99.     The employees and/or agents of Defendants neither had in place nor implemented an adequate system or procedure for investigating, training and supervising employees and/or agents to prevent or remedy abuse of its citizens, especially given the special position of authority, trust, influence and persuasion the deputies had over the citizens such as Plaintiff. Defendants' employees and/or agents thereby failed to use reasonable care to prevent Defendant's conduct.

100.    The employees and/or agents of Defendants breached their duty of care in training its employees and agents, thereby subjecting Plaintiff to an unreasonable risk of harm of abuse by Defendants' employees.

101.    Defendants' employees and/or agents are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff harm. In addition, Defendants are vicariously liable under Government Code section 815.2, subdivision (a) for the acts and/or omissions of their employees and/or agents who failed to take appropriate steps to train their personnel to report or prevent this abuse.

SECOND AMENDED COMPLAINT FOR DAMAGES

102.   As a direct and proximate result of the negligence of Defendants' employees and/or agents, Plaintiff suffered and continues to suffer damages, including, but not limited to, distress and other damages to be proven at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF FIRST AMENDMENT AGAINT ALL DEFENDANTS

103.   Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Complaint.

104.   Plaintiff alleges that the First Amendment to the Constitution allows each citizen the freedom of expression of speech and to petition the Government for redress of grievances.

105.   On or about August 2017, Plaintiff, to exercise his constitution rights to seek redress after being savagely beaten by Defendants, filed a government tort claim, which was summarily denied in October 2017.

106.   Following, Plaintiff filed his civil complaint against Defendants on or about October 25, 2017.

107.   It was not until November 15, 2017 that Defendants elected to charge Plaintiff with misdemeanor offenses.

108.   Plaintiff contends that the sole purpose for these charges was retaliation in an effort to quash his freedom of speech afforded to him by the United States Constitution.

109.   Plaintiff claims that Defendants retaliated against him for exercising a constitutional right by filing charges against him only after he had filed a lawsuit claiming injuries and civil rights violations by Defendants as more fully set forth above.

110.   At the time said conduct of filing charges occurred, Plaintiff was engaged in a constitutionally protected activity of asserting a claim against Defendants for civil rights violations as more fully set forth above.

111.   Defendants specifically filed these criminal charges against Plaintiff as a sole basis to quash his freedom of speech in retaliation of having a complaint brought against them.

112.   Defendants' acts were motivated, at least in part, by Plaintiff's protected activity.

113.   Defendant's acts would likely have deterred a person of ordinary firmness from engaging in that protected activity of asserting a claim against Defendants for civil rights violations.

114.   Plaintiff was harmed as a result of Defendant's conduct according to proof at the time of trial. Due to the conduct of Defendants, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C.  §1988.

## TWELFTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

115.   Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each paragraph of this Second Amended Complaint.

116.   Defendants' employees and/or agents are liable under Government Code section 820, subdivision (a) for their acts or omissions that caused Plaintiff's severe emotional distress.

117.   In addition, Defendants are vicariously liable under Government Code section 815.2, subdivision (a) for their employees' and/or agents' acts and/or omissions that cause Plaintiff's severe emotional distress. As a direct and proximate result of this negligent conduct, Plaintiff suffered serious emotional stress, anxiety, discomfort and fear for the health and safety of himself and his family members; and

will continue to suffer said damages for an unknown period into the future, all to Plaintiff's damage in amounts to be proved at Trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for damages and other judicial relief as follows:

1. For general damages according to proof at the time of trial;

2. For special damages according to proof at the time of trial;

3. For prejudgment and post-judgment interest according to any applicable provision of law, and according to proof;

4. For costs of suit;

5. For reasonable attorneys' fees as provided by law, including, but not limited to 42 U.S.C. § 1983;

6. For punitive damages as provided by law, including, but not limited to 42 U.S.C. § 1983; and

7. For such other and further relief as the court deems proper.

Dated: April 18, 2018                **ABIR COHEN TREYZON SALO, LLP**

                                   By: _____
                                        Boris Treyzon, Esq.
                                        Douglas A. Rochen, Esq.
                                        Meagan E. Melanson, Esq.
                                        Attorneys for Plaintiff

///

///

///

SECOND AMENDED COMPLAINT FOR DAMAGES

1

## **DEMAND FOR JURY TRIAL**

2     Plaintiff hereby demands a jury trial in the instant action on all stated claims

3   for relief.

4

5   Dated: April 18, 2018                **ABIR COHEN TREYZON SALO, LLP**

6

7                                          By:  _____

8                                          Boris Treyzon, Esq.
                                           Douglas A. Rochen, Esq.
9                                          Meagan E. Melanson, Esq.
                                           Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT FOR DAMAGES