DEANNE H. PETERSON, SBN 147099
County Counsel for County of Tulare
KATHLEEN A. TAYLOR, SBN 131100
Chief Deputy County Counsel
AMY TERRIBLE MYERS SBN 269475
Deputy County Counsel
2900 W. Burrel Ave.
Visalia, CA 93291
Telephone:  (559) 636-4950
Facsimile:  (559) 737-4319
E-Mail: amyers@co.tulare.ca.us

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

RAMIRO HUERTA,

       Plaintiff,

vs.

COUNTY OF TULARE, a governmental entity;
TULARE COUNTY SHERIFF, a
governmental entity; MICHAEL COLDREN;
LAURA TORRES-SALCIDO; HECTOR
HERNANDEZ; SALVADOR CEJA; JAMES
DILLON; RONALD SMITH; Unknown
TULARE COUNTY TSC'S DEPUTIES
named herein as Does 7 - 50; and ROES 1-50
inclusive

       Defendants.

Case No.: 1:17-cv-01446-EPG

**DEFENDANTS' NOTICE OF
MOTION AND MOTION FOR
CONTEMPT AGAINST PLAINTIFF
FOR VIOLATION OF THE
COURT'S ORDER AND FOR
SANCTIONS; DECLARATION OF
AMY I. MYERS IN SUPPORT
THEREOF**

DATE: February 22, 2019
TIME:  2:30 p.m.
Dept.:  10, 6th floor

Magistrate Judge Erica P. Grosjean

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

     NOTICE IS HEREBY GIVEN that on February 22, 2019 at 2:30 p.m., or as soon thereafter

as the Court may entertain this motion, Defendants will move the Court to issue an order of civil

contempt against Plaintiff.

     Plaintiff is currently in contempt of the Court's June 14, 2018 and July 27, 2018 Orders (ECF

County Counsel
Tulare County
Visalia, California

1

Nos. 30 and 36) in the following particulars: "Plaintiff and his counsel are prohibited from using in his pending criminal case any documents or other evidence produced by Defendants in this proceeding unless such documents or other evidence are independently obtained through the pending criminal case."

This Motion is based on this Notice and Motion, Memorandum of Points and Authorities, as well as the concurrently filed declaration of Amy I. Myers, the records on file in this case, and any oral argument or additional evidence that the Court may entertain.

Defendants request as relief herein:

1. An order decrying that Plaintiff is in contempt of court for violating the Court Orders;

2. That Plaintiff be ordered to reimburse Defendants for their attorney's fees and costs relating to policing Plaintiff's contempt and for having to bring this Motion.

3. That Plaintiffs be ordered to come into full compliance with the Court's Orders within 5 days from the Court's order on contempt or be subject to a $1,000 per day coercive sanction for future non-compliance.

DATED: January 23, 2019

DEANNE H. PETERSON
Tulare County Counsel


By   /s/ Amy I. Myers
   Amy I. Myers
   Deputy County Counsel

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PROCEDURAL BACKGROUD

On July 2, 2018 (ECF No. 31), Defendants filed a motion for a temporary stay of civil discovery pending disposition of Mr. Huerta's underlying criminal case.  That motion was based, in part, upon Defendants' concerns that Plaintiff would impermissibly use civil discovery rules and mechanisms to obtain discovery that he would not be entitled to under the criminal rules. Defendants argued that allowing for competing civil and criminal cases to proceed simultaneously would undermine the public's right to fair and efficient prosecution of its criminal laws and the risk that civil discovery will be used to circumvent criminal discovery limitations is great here because the same facts, witnesses and evidence underlie both the criminal and civil cases.

As case law holds that the most important factor in ruling on a motion to stay is the degree to which the civil issues overlap with the criminal issues, Defendants also raised the fact that their concerns were heightened due to the fact that Mr. Huerta's four attorneys represent him in both the criminal and civil case, the civil and criminal cases are inextricably intertwined and they cannot reasonably proceed independent of each other.  Defendants further argued that the Federal Court is obligated to prevent a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the criminal case.

Defendants further pleaded with the Court to grant the temporary stay of civil discovery to avoid burdening two courts with simultaneously ruling on the relevancy and admissibility of identical demands, competing interests and duplicative law and motion.  Arguing that allowing civil discovery to proceed would effectively remove the sound discretion vested with the criminal court in ruling on what information a criminal defendant is entitled to.

Plaintiff opposed Defendants' request to temporarily stay civil discovery based upon his assurance that such was unnecessary because "Plaintiff agreed that, with the exception of initial

County Counsel
Tulare County
Visalia, California

3

disclosures, any documents or evidence produced in the civil case *that was not independently produced in the criminal case* could not be used in the criminal case. Thus, there is no dispute with respect to the parameters of a protective order already agreed to by Plaintiff." (ECF No. 32, p. 1, lns. 7-11.)

On June 14, 2018 the Court entered an interim Order prohibiting Plaintiff from using in his pending criminal case any documents or other evidence produced by Defendants in this civil proceeding unless such documents or other evidence are independently obtained through the pending criminal case. (ECF No. 30.)  And on July 27, 2018, the Court reiterated and extended that prohibition Order. (ECF No. 36.)

Subsequently, civil discovery proceeded and the depositions of all parties and witnesses were taken in October and November of 2018, as well as several designated County PMK depositions. Following depositions the Plaintiff agreed to temporarily stay any additional discovery in the civil case until conclusion of the criminal case, then set for December 2018.

On or about January 8, 2019, Defendants first learned that Plaintiff violated this Court's Orders (ECF Nos. 30 and 36) with his November 28, 2018 filings in his related criminal case (Tulare County Superior Court case PCM358718). (Myers Decl., ¶¶2-4, Exs. A and B.) At that time Defendants raised the issue with Plaintiff. (Myers Decl., ¶ 5, Ex. C.)  Plaintiff conceded that the filing violated this Court's Order and proposed withdrawing the filings in the criminal matter and refiling them under seal Defendants informed that would still be a violation of this Court's Order. (Myers Decl., ¶ 6.) Ultimately the meet and confer efforts resulted in Plaintiff informing Defendants that it was not possible to withdraw a motion in the criminal case and claiming to be at a loss as to how to cure the violation. (Myers Decl., ¶ 7.) It should be noted that the criminal trial previously scheduled to occur in December of 2018 was taken off

County Counsel
Tulare County
Visalia, California

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions

calendar and is now set for jury trial setting on January 22, 2019. (Myers Decl., ¶ 8, Exs. D and E.)

## II.   SUMMARY OF VIOLATIONS AND RELIEF REQUESTED

**A.   Violations Show a Blatant Disregard for This Court's Order and the Need to Police Plaintiff's Noncompliance**

Defendants became aware on or about January 8, 2019 of Plaintiff's filing in his related criminal case in direct violation of this Court's Order.  (Myers Decl., ¶¶ 2 and 5, Ex. C.) The two filings at issue were lodged with the criminal court on November 28, 2018: Defendant's (Huerta's) Motion In Limine (A) to Exclude all Evidence Pursuant to the First and Fourth Amendment and Declaration of Matthew D. Owdom in Support thereof. (Myers Decl., ¶¶2-4, Exs. A and B.)  Mr. Huerta's Motion in Limine filed in the criminal case states that the "case is unique among criminal cases because the Tulare County Sheriff's deputies involved therein (*the TCS deputies*) have had their depositions taken in the Federal Civil Rights Case." (Ex. A, p. 3, lns. 3-4.) "Highlighted portions of the TCS deputies' transcripts are attached to the Owdom Declaration as [e]xhibits C (Coldren), D (Dillon), E (Hernandez), F (Ceja), and G (Torres-Salcido). Several of the TCS deputies involved in the beating are no longer employed with the TCSO.  This sworn testimony renders it unnecessary to proceed to trial because, even drawing all inferences in the Plaintiff's favor, no reasonable jury could find that the Plaintiff could prove the charges beyond a reasonable doubt." (Ex. A, p. 3, lns. 8-13.)

Not only has Mr. Huerta directly and blatantly disobeyed this Court's Orders, his improper "summation" of the deposition testimony is taken grossly out of context throughout the Motion in Limine, and claims "facts" and "injuries" that not only have no evidence to support them, in fact directly contradict sworn testimony and documentary evidence presented in the civil case. He concludes his motion by reiterating the "uniqueness" of the criminal case **because the criminal court "has been presented with the testimony of essentially all material witnesses prior to**

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions

**trial**." (Ex. A, p. 15, lns. 7-8.)  Mr. Owdom's Declaration in support of the motion attaches his

elected and highlighted **sections** of the deposition transcripts of Defendants Coldren, Dillon,

Hernandez, Ceja, and Torres, as well as of Mr. Huerta's parents Josefina and Pasqual Huerta, and

notes they are "true and correct copies of the face pages and deposition testimony pages for the

individuals listed above **taken under oath in the Federal Civil Rights Case, United States Court**

**for the Eastern District of California, Case No. 1:17-cv-01446-DAD-EPG,** the Honorable Judge

Drozd, presiding." (Ex. B, ¶ 3.)  Conveniently, counsel failed to include the deposition of his own

client, Mr. Huerta.

In his Declaration, Mr. Owdom claims to have attached as exhibit C, the face sheet and his

selected excerpts of Defendant Coldren's sworn testimony taken in the civil rights case. (Ex. B, ¶ 3.)

While the face sheet is correct, the selected transcript pages have no means of identification as to the

witness' name and contains two separate pages numbered "18 (Pages 66-69)", one of which is not

the testimony of Coldren despite counsel's representation to the criminal court of such. Forty

transcript pages (of one hundred and eighty six total) were presented as Coldren's testimony, four of

which are not the testimony of Coldren, but all of which were taken in the depositions set solely in

and for the civil rights case. Owdom's exhibit D contains fifty-two of one hundred and sixty four

pages of Defendant Dillon's deposition transcript; exhibit E contains four pages of one hundred and

twenty five pages of Defendant Hernandez' deposition transcript; exhibit F contains twelve pages of

one hundred and four pages of Defendant Ceja's deposition transcript; exhibit G contains four pages

of sixty-two pages of Defendant Torres-Salcido's deposition transcript; exhibit H contains six full

size pages of ninety-two pages of witness Josefina Huerta's deposition transcript; and finally exhibit

I contains one full page of thirty four pages of witness Pasqual Huerta's deposition transcript.

It was only *after* Defendants confronted Plaintiff with these violations that Plaintiff admitted

the filings violated this Court's Orders and grossly misstate the testimony given. (Myers Decl., ¶ 6.)

However, Plaintiff had no suggestion on how to cure the violation and stated a pleading could not be withdrawn in a criminal case. (Myers Decl., ¶ 7.)  These violations are significant because they not only show that Defendants had to police Plaintiff's noncompliance, but also because they show Plaintiff's total disregard for this Court's Order, as well as for the integrity of the criminal justice system by purposefully taking testimony obtained in and for the civil case, using it directly in the criminal case despite this Court's prohibition, and going so far as to purposefully take the testimony out of context to try and sway the criminal court.

**B.      Violations Still Currently Exist and Are Significant**

Plaintiff's substantial violations are still ongoing, as Plaintiff has either stubbornly refused to comply or has indicated ignorance as to how to cure the violation. (Myers Decl., ¶¶ 6-7.)

Curing the error and restoring the integrity of the criminal case is *not* a complicated undertaking and full compliance with this Court's Order has always been entirely feasible. However, despite conceding to the violation, Plaintiff remains in violation by taking no action to cure their defilement in the criminal case.

**C.      Sanctions**

Local Rule 110 states: "Failure of counsel or of a party to comply with these Rules **or with any order of the Court** may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Based on the above current and continuing violations, summarized above and detailed further herein, Defendants easily meet their burden on a contempt motion by proving that Plaintiff has violated specific and definite provisions of the Court's Order. See, *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999).

Accordingly, sanctions should be employed to compensate Defendants for their attorneys' fees and costs incurred in having to bring this Motion. *Reno Air Racing Ass'n., Inc. v. McCord*, 452

F.3d 1126, 1130, n. 5 (9th Cir. 2006); *Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004 (9th Cir. 2004). In addition, Defendants request appropriate coercive sanctions to force Plaintiff to come into compliance with the Order by a prospective monetary sanction if Plaintiff fails to comply by a given date. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. Cal. 1986).

### III. CONTEMPT STANDARDS

**A.      The Nature and Purpose of Civil Contempt**

It is clear that federal courts may punish as contempt the "disobedience or resistance to its lawful writ, process, order, rule, decree or command." 18 U.S.C.A. § 401(3); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985). Judicial sanctions in civil contempt proceedings are intended to both coerce the offender into compliance with the court's order and to compensate the complainant for its losses. *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947).

**B.      The Burden Of Proof**

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002).

**C.      There Is No Willful Requirement or Good Faith Exception**

The moving party does not have to show that the contempt was willful, and there is no "good faith" exception to the requirement of obedience to a court order. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *Stone v. City and County of San Francisco*, 968 F.2d 850, 856-857 (9th Cir. 1992); *McComb v. Jacksonville Paper Company*, 336 U.S. 187, 191(1949).

///

**D.      Plaintiff Must Show That He Took All Reasonable Steps To Comply**

In demonstrating an inability to comply, the non-movants "must show they took every reasonable step to comply." *Stone v. San Francisco*, 968 F.2d 850, 856, fn. 9 (9th Cir. Cal. 1992)(citing *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976)).  Likewise, "substantial compliance" may only be a defense to contempt by a party who "take[s] all reasonable steps to prevent the violation" of the injunction. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1378-79 (9th Cir. 1986); *Harvey-Davidson, Inc. v. Morris*, 19 F.3d 142, 149 (3d Cir. 1994)(demonstrating how more recent decisions have narrowed the defense as applied in *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th Cir. 1982), stating: "the court [in *Vertex* did not hold that all good faith interpretations would be a defense to contempt).

**E.      Policing Action Is Required By Those Enjoined**

Finally, diligent compliance with the terms of an injunction is necessary to avoid a contempt finding. A party that is not "reasonably diligent and energetic in attempting to accomplish what was ordered" fails to ensure proper and effective compliance and is in contempt. *Manhattan Industries, Inc. v. Sweater Bee by Banff, Ltd.*, 885 F.2d 1, **12 (2d Cir. 1989), cert. denied, 494 U.S. 1029 (1990). More is required than a grudging, half-hearted or foot-dragging attempt at compliance. *Cancer Research Inst., Inc. v. Cancer Research Soc'y, Inc.*, 744F. Supp. 526, 530 (S.D.N.Y. 1990). A party who does not "take all reasonable steps to prevent the violation" will be found in contempt. (*General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir. 1986)).

**IV.     CLEAR AND CONVINCING EVIDENCE SHOWS THAT PLAINTIFF HAS NOT MADE REASONABLE EFFORTS TO COMPLY WITH THE SPECIFIC AND DEFINITE PROVISIONS OF THIS COURT'S ORDER**

Defendants can easily establish the elements required for a contempt finding and refute any claimed defense because (1) the terms of this Court's Order that Plaintiff has failed to comply with are "specific and definite," (2) the evidence of noncompliance is "clear and convincing," and (3)

despite having an ability to comply, Plaintiff has failed to take reasonable steps to comply or to keep a "safe distance" from violating the Order.

**A.      Relevant Background**

Before the Court entered the Order at issue, it gave both parties an opportunity to object to the form of the Court's Order.  Rather than object, Plaintiff *agreed by stipulation* to be bound by these terms prior to the Court entering its' Order of prohibition.

**B.      The Injunction Is Specific And Definite**

The Orders of June 14 and July 27, 2018 (ECF Nos. 30 and 36), unequivocally prohibit Plaintiff from using in his pending criminal case **any documents or other evidence** produced by Defendants in this civil proceeding unless such documents or other evidence are independently obtained through the pending criminal case (with the exception of those documents produced at the time of initial disclosures).

**C.      Evidence Of Non-compliance**

The evidence indisputably shows that Plaintiff outright violated this Court's Order by citing to, quoting, and attaching transcripts of the depositions, taken solely in and for the civil case, to his motion in limine in the underlying criminal action.  In fact Plaintiff concedes the Order was violated by the filing of the motion in limine.

**D.      Plaintiff Has An Ability To Comply**

Plaintiff claims that he is incapable of curing their violation and claim a motion cannot be withdrawn in a criminal case. (Myers Decl., ¶¶ 6-7.)  Plaintiff's feigned excuse is not valid.  As the criminal trial has now been taken off calendar and the jury trial setting scheduled for January 22, 2019, Plaintiff has ample time to withdraw his motion in limine and file a proper motion that does not violate the orders of this Court.  A party must take all reasonable steps to comply with an order.

1  *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir. 1986). Obviously, Plaintiff has not

2  done so.

3  ## V. REMEDIAL AND COERCIVE SANCTIONS REQUESTED

4
5  "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for

6  either or both of two purposes: to coerce the [violator] into compliance with the court's order, and to

7  compensate the complainant for losses sustained." *United States v. United Mine Workers*, 330 U.S.

8  258, 303-04 (1947); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130, n. 5 (9th Cir.

9  2006)(awarding attorney's fees and costs to compensate non-violator for contempt motion); *General*
10
11  *Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. Cal. 1986). Here, both a large coercive

12  sanction to be paid to the Court, as well as compensatory sanctions to be paid to Defendants, are

13  entirely warranted and supported by the law.

14  **A.     Remedial Sanctions Are Warranted**

15  Compensatory awards are for the "actual losses sustained as a result of the contumacy."

16  *General Signal Corp.*, 787 F.3d at 1380.  Here, an award of Defendants' attorneys' fees and costs is
17
18  justified as remedial sanctions.

19  It is well-settled that an award of attorneys' fees is appropriate for contempt of court orders.

20  *See*, e.g., *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130, n. 5 (9th Cir.

21  2006)(awarding attorneys' fees and costs to compensate the plaintiff for contempt motion); *Guess?,*

22  *Inc. v. Tres Hermanos Inc.*, 51 U.S.P.Q.2d 1687 (C.D. Cal. 1998)($30,000 in attorneys' fees
23
24  awarded). Here, besides the expense of Defendants' time in policing Plaintiff's violations,

25  Defendants have incurred attorneys' fees in moving for the prohibition Order, as well as in moving

26  for contempt. Defendants' counsel communicated with Plaintiff's counsel in an attempt to obviate

27  the need to bring this Motion, but to no avail. Accordingly, as compensation, Defendants should be

28  ordered to pay Defendants' attorneys' fees and costs related to this Motion.

County Counsel
Tulare County
Visalia, California

11

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions

**B.      A Large Coercive Sanctions Is Warranted**

In determining how large of a coercive sanction to order, courts consider the "character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *General Signal Corp.*, 787 F.2d at 1380. Here, both considerations favor a large monetary coercive sanction, namely a proposed $1,000 per day fine.

**1. The Harm of Continued Violations Is Great**

First, the harm threatened by Plaintiff's continued non-compliance is severe and great. This Court found that an Order was necessary to protect the integrity of the criminal justice system and prevent the very type of harm Plaintiff has caused. As shown above, the filing has occurred and has been presumably been read by the judge in the criminal case.  Plaintiff will therefore continue to benefit from violating this Court's Order and purposefully misrepresenting the evidence in the process.

**2. A Large Monetary Amount Is Necessary To Compel Compliance**

Second, as to the probable effectiveness of the suggested sanction, Plaintiff has to comply, and this monetary threat has to make it less worthwhile for Plaintiff to continue to defy the Court's Order. Presently, Plaintiff appears to be of the view that the risk of potential sanctions is worth his continued violations. Defendants therefore request the Court order coercive sanctions in the amount of $1,000 per day. *See, e.g.*, *King v. Allied Vision*, 65 F.3d 1051 (2d Cir. 1995)($10,000 per day coercive sanction); *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 516-518 (9th Cir. 1992)($1 million bond required and $10,000 per day coercive fine).

**VI. CONCLUSION**

Based on the foregoing and the clear and convincing evidence submitted, it is respectfully requested that the Court find Plaintiff in contempt for violating this Court's prohibition Order and award Defendants their attorneys' fees and costs incurred to bring this Motion.

County Counsel
Tulare County
Visalia, California

12

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions

1     Defendants also request appropriate coercive sanctions of $1,000 per day to compel Plaintiff

2  to comply within 5 days of the Court's favorable ruling on this Motion.

3

4

   DATED: January 23, 2019                          DEANNE H. PETERSON
5                                                    Tulare County Counsel

6

7                                                    By   /s/ Amy I. Myers
                                                        Amy I. Myers
8                                                       Deputy County Counsel

9

10

11

12

13

14
   AIM/1/14/2019/20171605/1268394/1268394
15

16

17

18

19

20

21

22

23

24

25

26

27

28

County Counsel
Tulare County
Visalia, California

Defendants' Notice of Motion and Motion for Contempt Against Plaintiff and for Sanctions