**ABIR COHEN TREYZON SALO, LLP**
Boris Treyzon, Esq. (SBN 88893)
Douglas A. Rochen, Esq. (SBN 2172331)
Katherine deGuzman (SBN 283714)
1901 Avenue of the Stars, Suite 935
Los Angeles, California 90067
T: (310) 407-7888
F: (310) 407-7915

**OWDOM LAW FIRM**
Matthew D. Owdom (SBN 258779)
632 W. Oak Ave.
Visalia, California 93291
T: (559) 750-5224
Attorneys for Plaintiff Ramiro Huerta

**DEANNE H. PETERSON**, SBN 147099
County Counsel for the County of Tulare
AMY TERRIBLE MYERS, SBN 269475
Deputy County Counsel
2900 West Burrel Ave.
Visalia, California 93291
Phone: (559) 636-4950
Attorneys for Defendants

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

RAMIRO HUERTA,

Plaintiff,

vs.

COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity; MICHAEL COLDREN; LAURA TORRES-SALCIDO; SALVADOR CEJA; HECTOR HERNANDEZ; JAMES DILLON; RONALD SMITH; Unknown TULARE COUNTY TSC'S DEPUTIES named herein as Does 7 - 50; and ROES 1-50 inclusive

Defendants.

Case No.: 1:17-cv-01446-DAD-EPG

**JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

DATE: February 21, 2019
TIME: 9:30 a.m.
Dept.: 10

Magistrate Judge Erica P. Grosjean

1

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

# TABLE OF CONTENTS

I.   INTRODUCTORY STATEMENTS……………………………………… 4
    A. Plaintiff's Introductory Statement……………………………… 4
    B. Defendants' Introductory Statement…………………………… 5

II.  MEET AND CONFER EFFORTS……………………………… 6
    A. Plaintiff's Discussion…………………………………… 6
    B. Defendants' Discussion………………………………… 6

III. FACTS PERTINENT TO DISCOVERY ISSUES………………………….... 9
    A. Plaintiff's Statement of Facts………………………… 9
    B. Defendants' Statement of Facts……………………………… 9

IV.  DISCOVERY AT ISSUE……………………………………………… 10
    A. PLAINTIFF'S REQUESTS FOR PERSONNEL FILES……………..… 10
        1. REQUEST FOR PRODUCTION NO. 1…………………………..… 10
            a. Plaintiff's Argument……………………………… 11
            b. Defendants' Counter-Argument………………………… 17
        2. REQUEST FOR PRODUCTION NO. 2……………………………… 19
            a. Plaintiff's Argument……………………………… 19
            b. Defendants' Counter-Argument…………………………… 19
        3. REQUEST FOR PRODUCTION NO. 3……………………………… 19
            a. Plaintiff's Argument……………………………… 19
            b. Defendants' Counter-Argument…………………………… 20
        4. REQUEST FOR PRODUCTION NO. 4……………………………… 20
            a. Plaintiff's Argument……………………………… 20
            b. Defendants' Counter-Argument…………………………… 20
        5. REQUEST FOR PRODUCTION NO. 5……………………………… 21
            a. Plaintiff's Argument……………………………… 21
            b. Defendants' Counter-Argument…………………………… 21
        6. REQUEST FOR PRODUCTION NO. 6……………………………… 21
            a. Plaintiff's Argument……………………………… 21
            b. Defendants' Counter-Argument…………………………… 21
        7. REQUEST FOR PRODUCTION NO. 7……………………………… 21
            a. Plaintiff's Argument……………………………… 21
            b. Defendants' Counter-Argument…………………………… 21
        8. REQUEST FOR PRODUCTION NO. 8……………………………… 22
            a. Plaintiff's Argument……………………………… 22
            b. Defendants' Counter-Argument…………………………… 22
        9. REQUEST FOR PRODUCTION NO. 10…………………………… 22
            a. Plaintiff's Argument……………………………… 22
            b. Defendants' Counter-Argument…………………………… 22

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

10. REQUEST FOR PRODUCTION NO. 11 ................................ 22
    a.  Plaintiff's Argument ................................................. 22
    b.  Defendants' Counter-Argument ................................ 22

B. PLAINTIFF'S REQUESTS FOR *MONELL* DOCUMENTS ............... 22
  1.  REQUEST FOR PRODUCTION NO. 52 ............................... 22
    a.  Plaintiff's Argument ................................................. 23
    b.  Defendants' Counter-Argument ................................ 26
  2.  REQUEST FOR PRODUCTION NO. 53 ............................... 27
    a.  Plaintiff's Argument ................................................. 28
    b.  Defendants' Counter-Argument ................................ 28
  3.  REQUEST FOR PRODUCTION NO. 54 ............................... 29
    a.  Plaintiff's Argument ................................................. 29
    b.  Defendants' Counter-Argument ................................ 29
  4.  REQUEST FOR PRODUCTION NO. 55 ............................... 30
    a.  Plaintiff's Argument ................................................. 31
    b.  Defendants' Counter-Argument ................................ 31
  5.  REQUEST FOR PRODUCTION NO. 56 ............................... 31
    a.  Plaintiff's Argument ................................................. 32
    b.  Defendants' Counter-Argument ................................ 32
  6.  REQUEST FOR PRODUCTION NO. 57 ............................... 32
    a.  Plaintiff's Argument ................................................. 32
    b.  Defendants' Counter-Argument ................................ 32
  7.  REQUEST FOR PRODUCTION NO. 58 ............................... 32
    a.  Plaintiff's Argument ................................................. 33
    b.  Defendants' Counter-Argument ................................ 33
  8.  REQUEST FOR PRODUCTION NO. 59 ............................... 33
    a.  Plaintiff's Argument ................................................. 34
    b.  Defendants' Counter-Argument ................................ 34
  9.  REQUEST FOR PRODUCTION NO. 60 ............................... 34
    a.  Plaintiff's Argument ................................................. 35
    b.  Defendants' Counter-Argument ................................ 35
10. REQUEST FOR PRODUCTION NO. 61 ............................... 35
    a.  Plaintiff's Argument ................................................. 36
    b.  Defendants' Counter-Argument ................................ 36
11. REQUEST FOR PRODUCTION NO. 62 ............................... 36
    a.  Plaintiff's Argument ................................................. 36
    b.  Defendants' Counter-Argument ................................ 36

V. CONCLUSIONS ................................................................. 37
A. Plaintiff's Contentions ...................................................... 37
B. Defendants' Contentions .................................................. 37

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**JOINT STATEMENT REGARDING PLAINTIFF'S MOTION TO COMPEL**

Pursuant to Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, Plaintiff Ramiro Huerta ("Plaintiff" or "Ramiro") moves this Court to compel Defendants to produce all responsive documents to Plaintiff's Request for Production of Documents, Set One.  This Joint Stipulation is submitted by Plaintiff and Defendants pursuant to Local Rule 251, in connection with Plaintiff's Motion to Compel further responses. In accordance with Local Rule 251, the parties have met and conferred to resolve this dispute, but were unable to do so, thereby necessitating this motion.

## I.   INTRODUCTORY STATEMENTS

**A.     Plaintiff's Introductory Statement**:  Defendant Tulare County Sheriff's Office ("TCSO") has refused to produce documents related to Plaintiff Ramiro Huerta's ("Plaintiff") *Monell* claims and the involved officers' personnel files despite numerous meet and confer efforts. Plaintiff's has now had to bring a motion to compel responses to his Request for Production of Documents Nos. 1-8, 10, 11, which sought documents contained in and related to the TCSO Defendant personnel files, and Nos. 52-64, which sought documents related to Plaintiff's *Monell* claims. These requests seek documents related to any complaints and lawsuits against the Tulare Sheriff's department for excessive use of force, civil rights violations, policy violations, discriminatory practices, abuse of authority, and improper searches and seizures.

Plaintiff had previously agreed at the time of the Independent Discovery Conference to a stay of discovery as to the personnel files of the Defendant TCSO deputies until the conclusion of the related criminal trial. However, trial that was previously set for December 4, 2018 has been vacated and a new trial date has been set for June 18, 2019 at the trial setting conference that took place on January 22, 2019. Plaintiff cannot afford to wait for criminal case to resolve before he obtains these critical documents.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

All meet and confer efforts have been exhausted before Plaintiff filed this motion to compel. As such, Plaintiff requests the Court grant this motion and order Defendants to produce the requested documents.

**B.      Defendants' Introductory Statement**: Plaintiff's demands for discovery of peace officer personnel records are exceptionally and improperly overbroad, burdensome, oppressive, and seek disclosure of sensitive documents without adequate need or cause. For example, in Request Nos. 3 and 4, Plaintiff seeks "all documents related to any personnel files", and "all documents related to any department files" of each of the named Defendants.  In summary, Plaintiff has demanded that Defendants produce every single document relating to every Defendant in its possession without limitation. This is the very definition of an overbroad demand and Defendants objected on that basis. *See, e.g., Directv, Inc. v. Trone,* 209 F.R.D. 455, 458-460 (C.D. Cal. 2002) (denying motion to compel based on lack of specificity and overbreadth of demands). *See also Nugget Hydroelectric L.P. v. Pacific GA & Electric,* 981 F.2d 429, 438 (9th Cir. 1992) (affirming denial of motion to compel based on lack of specific showing that the burden of production would be minimal and that the requested documents would lead to relevant evidence); *see also Walton v. K-Mart,* 2007 WL 421939J (N.D. Cal.) (partially denying motion to compel and denying request for sanctions because requests were "overly broad" and "would require defendant to produce essentially every document on each of the subject employees, even if they have nothing to do with the issues in the litigation"). All demands under this category of documents are similarly undefined and unrestrained. Plaintiff has never offered to narrow the breadth of any demands.

Plaintiff's demands for discovery to support his *Monell* claim are equally undefined and unrestrained.  Each demand is exceptionally overbroad, burdensome, oppressive, and many of the demands seek disclosure of wholly irrelevant documents without cause. Request Nos. 52-64, seek "all" documents evidencing lawsuits over more than a *ten year* period filed against County "related to" excessive force, abuse of color of authority,

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

violations of its policies and procedures, civil rights violations, discriminatory practices, and improper pat down searches. Information filed in legal actions is as readily available to Plaintiff as it is to Defendants, therefore, no perceivable purpose consonant with the discovery laws is served by compelling Defendants to search records, compile the results, and furnish them to Plaintiff.

Likewise, Plaintiff's Requests seek documents evidencing "all complaints", over more than a *ten year* period, filed against Tulare County "related to" excessive force, **any** abuse of color of authority, violations of **any** of its policies and procedures, **any** civil rights violations, **any** discriminatory practices, and improper pat down searches. Rather than seek records *relevant* to the allegations of the Complaint, and violations of a specific relevant policy or policies Plaintiff alleges County has a habit or custom of violating that led to his claimed constitutional violation, Plaintiff continues to seek records related to *any and all* violations of *any and all* of its' policies. Further, Plaintiff continues to request information he knows to be wholly irrelevant.  Not only does the Complaint fail to allege an improper pat down search was conducted, under penalty of perjury, Plaintiff testified that no pat down search was conducted at any time in connection with the Incident. Despite these facts, Plaintiff continues to improperly demand records known to be irrelevant under threat of court intervention.

## II. <u>MEET AND CONFER EFFORTS</u>

**A. Plaintiff's Discussion**

See Plaintiff's Moving Papers, IV at p. 18:6-20, incorporated herein by this reference.

**B. Defendants' Discussion**

Since the October 24, 2018 Mid-Discovery Status and Informal Discovery Dispute Conference, at which time the Court directed parties to further meet and confer regarding these very discovery disputes (ECF No. 40), the following sums up the meet and confer efforts:

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

On October 24, 2018, following the Status Conference, Defendants emailed Plaintiff to begin the meet and confer process: "I wanted to reach out quickly on our topics of discussion at this morning's conference. As to the personnel files, are we tabling further discussions until conclusion of the criminal trial? Or do you want to visit time and scope limitations prior to that? As to *Monell* claims, I'd like to start our meet and confer process to see if we can agree on scope and time. It appears those claims are premised upon a claim that the department has a policy or practice of (1) excessive force in detaining/arresting suspects; (2) dishonesty; and (3) discriminatory practices. Are there any others? Based upon the Judge's preliminary comments, we are willing to produce records indicating violations of such by sworn peace officers from two years predating Huerta's arrest to current date. Is that agreeable?

Plaintiff's counsel responded promptly: "I will prepare a proposed scope for both the personnel and *Monell* claimed documents." As stated, Plaintiff's counsel provided their proposed scope two days later. The following outlines the single agreement reached and disputes that remain based upon Plaintiff's proposals of October 26, 2018:

**Personnel records:** Unfortunately no agreements were reached between parties pertaining to the relevant time or scope of the requested personnel records.

Plaintiff's proposal 1: *No time limitation* to any requested categories of information. Defendants agree to produce relevant records contained in the personnel files of each officer for the time period of *five years* prior to the date of the Incident (April 25, 2017).

Plaintiff's proposal 2: All incidents involving the discharge of a firearm at a person. Defendants do not agree to this category of documents for lack of relevancy, as no firearm was involved in the Incident (any improper or excessive use of force determination involving a firearm would be produced pursuant to Plaintiff's proposals 3 and 6).

Plaintiff's proposal 3: All incidents involving the use of force. Defendants agree to produce any/all determinations of *improper* use of force for all deputies subject to a *five*

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

*year limitation* (with the exception of Defendant Laura Torres-Salcido who was not present at the time Plaintiff was arrested and did not participate in the arrest of Plaintiff).

Plaintiff's proposal 4: All incidents involving sexual assaults with a member of the public that was sustained.  Defendants do not agree to this category of documents for lack of relevancy, as Plaintiff's allegations do not involve a claim of sexual assault.

Plaintiff's proposal 5: All incidents involving claims of dishonesty. Defendants agree subject to a *five year limitation*.

Plaintiff's proposal 6: All internal affairs investigations. Defendants agree as to any/all *sustained* complaints *relevant* to Plaintiff's allegations subject to a *five year limitation* (i.e., improper use of force, dishonesty, discriminatory practices against homosexuals).

Plaintiff's proposal 7: Redacted medical health information that demonstrates the officer's fitness for duty.  Defendants agree to produce any evidence contained in the personnel files that would demonstrate the officer's fitness for duty *at the time of the Incident*.

Plaintiff's proposal 8: Any disciplinary action against the officers by the department.  Defendants agree to produce any/all *relevant* disciplinary action with a *five year time limitation* (discipline for improper use of force, dishonesty, discriminatory practices against homosexuals).

***Monell* records: Parties agreed** the request would be limited to complaints pertaining to *sworn* peace officers. **Parties disagree**, however, as to relevant time period and subject matter scope as follows:

Plaintiff's proposals 1-3:  (1) All claims/complaints concerning use of force by sworn peace officers; (2) All claims/complaints concerning improper physical contact by sworn peace officers during a detention; (3) All claims/complaints concerning improper physical contact by sworn peace officers during an arrest. Defendants agree to produce all

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

claims/complaints of *improper* use of force by sworn peace officers *during detentions and/or arrests* from 2015 to current date.

Plaintiff's proposal 4: All claims/complaints concerning discriminatory practices against a protected class (age, race, ethnicity, religion, sexual orientation, national origin, disability etc.) by sworn peace officers.  Defendants agree to produce all claims of discriminatory practices by sworn peace officers against *the protected class of homosexuals* from 2015 to current date.

Plaintiff's proposal 5:  All claims/complaints concerning improper search and seizures of persons (not property).  Defendants do not agree to this category of documents for lack of relevancy, as Plaintiff testified that he was not subjected to a pat down search of his person during the Incident.

Plaintiff's proposal 6: All claims/complaints concerning an abuse of color of authority under any constitutionally protected right involving the 1st, 4th, 8th and 14th amendments.  Defendants agree as to the *specific* amendments *relevant* to the *specific claims in the complaint* from 2015 to current date.

## III.    FACTS PERTINENT TO DISCOVERY ISSUES

**A.    Plaintiff's Statement of Facts**: See Plaintiff's Moving Papers, Section,II at p. 6:23-7:7 incorporated herein by this reference; Declaration of Katherine deGuzman, ¶¶ 6-12, incorporated herein by this reference.

**B.    Defendants' Statement of Facts**: The following additional facts are pertinent to the discovery issues before the Court. First, the Tulare County Criminal Court's Ruling at the hearing on Plaintiff's *Pitchess* motion.  After *in camera* review of personnel files deemed relevant by the criminal court (Hernandez, Torres-Salcido, Coldren and Dillon [court found no basis to invade the personnel files of Smith or Ceja noting no criminal charges relating to Smith or Ceja were filed against Huerta]), the Honorable Judge Reyes found that the officers' personnel records contained no prior instances of dishonesty or excessive force. Defendants' position is that the criminal court's ruling denied Plaintiff access to the

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

personnel records until after the criminal case resolves. Any other interpretation would negate the purpose of the *Pitchess* hearing, as well as that court's determination.

Further, the **parties agreed** to stay further discovery in the civil matter until the resolution of the criminal case as the outcome of that case could narrow the causes of action in the civil rights case. Honoring that agreement causes no harm or prejudice to Plaintiff in his civil rights action as Defendants' have agreed to additional time extensions and consented to magistrate jurisdiction for all purposes for the sole purpose of avoiding any such prejudice to Plaintiff.

Finally, Defendants have recently become aware of Plaintiff's violation of this Court's Orders (ECF Nos. 30 and 36) specifically prohibiting Plaintiff and his counsel from using in his pending criminal case any documents or other evidence produced by Defendants in this proceeding unless such documents or other evidence are independently obtained through the pending criminal case; Plaintiff concedes that the order was violated by their filed pleadings in the related criminal case. This fact alone weighs heavily in favor of honoring the criminal court's ruling, and Plaintiff's counsels' own agreement to temporarily stay discovery, to deny access of the records requested until conclusion of the criminal trial.

## IV.   DISCOVERY AT ISSUE

The discovery at issue is Plaintiff's Requests for Production of Documents, Set One, Nos. 1-8, 10, 11 ("personnel files") and Nos. 52-64 ("*Monell* documents"). In order to exercise judicial efficiency and economy, the arguments for Request Nos. 1-8, 10, and 11 are being consolidated as they concern the same arguments for the production of personnel files and Nos. 52-64 for the *Monell* document request.

### A.   PLAINTIFF'S REQUESTS FOR PERSONNEL FILES

**1. REQUEST FOR PRODUCTION NO. 1**: All DOCUMENTS RELATED TO any internal affairs investigations REGARDING: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

    **a. Plaintiff's Argument:**  The parties may obtain discovery regarding any matter that is (1) "not privileged" and (2) "relevant to the matter involved in the pending action." Fed. R.Civ.P. 26(b)(1). "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Peace Officer Personnel Files Are Discoverable in 42 U.S.C § 1983 Actions and under California Penal Code §832.     In cases involving section 1983 claims, courts have repeatedly held that police personnel files and documents and information from such files are relevant and discoverable. "This court has held that personnel files are discoverable in federal question cases, including Title VII action, despite claims of privilege." *Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1519 fn. 6 (9th Cir. 1987). The burden of resisting discovery is on the party-opposing discovery. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)(parties opposing discovery are required to carry a heavy burden of showing why discovery should be denied).

    "[T]he court in *Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68 (N.D.Cal.1987), concluded that in the context of civil rights... cases against police departments, Plaintiff's may suffer great difficulties if courts impose demanding relevancy standards on them. Because it is unlikely that such a plaintiff would know the contents of confidential police files, the court suggests that it should be 'sufficient for a plaintiff to show how information of the kind that is likely in the files could lead to admissible evidence.' *Id*. at 667-86." see, e.g., Ceramic Corp. of America v. Inka Mar. Corp., 163 F.R.D. 584, 589(C.D.Cal.l995)("In recent years, the courts have routinely ordered the production of personnel files of third parties in employment discrimination and police brutality cases."); Jones v. DeRosa, 238 F.R.D. 157 (D.N.J.2006)(finding information in defendant police officers' internal affairs

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

and personnel files was relevant and discoverable by an arrestee bringing a civil rights suit.) Similarly , in Miller v. Pancucci, 141 F.R.D. 292 (C.D.Cal. 1992), the district court found that in civil rights actions, documents that pertained to personnel complaints made against officers, training records for officers, psychiatric-psychological records of officers, and internal investigation bureau files relating to the incident were discoverable.  In Ramirez v. County of Los Angeles, 231 F.R.D. 407, 412 (C.D.Cal 2005), the Court  held:

> Plaintiff's allegations against Bravo individually and LASD are extensive and allege systemic failures. Bravo's history with LASD is an important element of Plaintiff's case and such information is not available from other sources. (citation omitted) 9Complaints against officers... may show, among other things, the character or proclivity of such officers toward violent behavior or possible bias.") Such documents would also help establish a pattern or practice of both Bravo and LASD in situations where professional conduct is called into question. Further, such documents would bear upon LASD's notice of Bravo's previous alleged misconduct and/or responses to such alleged misconduct. For example, complaints or discipline for excessive force are relevant to Plaintiff's allegation that Bravo threatened him physically during a custodial interrogation. Finally, it is clear that, at a minimum, such documents are reasonably calculated to lead to the discovery of admissible evidence.

In addition, under California Penal Code §832. 7 as amended effective January 1, 2019, personnel files on involved peace officers are now discoverable.  Specifically, peace officer personnel records maintained by any state or local agency shall not be confidential and shall be made available for public inspection under Penal Code Section 832.7(b). These include any records related to: (1) the report, investigation, or findings of an incident involving the discharge of a firearm at a person by a peace officer or custodial officer or an incident in which the use of force by a peace officer or custodial officer against a person

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

resulted in death, or in great bodily injury; (2) an incident in which a sustained finding was made by any law enforcement agency or oversight agency that a peace officer or custodial officer engaged in sexual assault involving a member of the public; or (3) an incident in which a sustained finding was made by any law enforcement agency or oversight agency of dishonesty by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any sustained finding of perjury, false statements, filing false reports, destruction, falsifying, or concealing of evidence. (Penal Code Section 832.7(b)).

Records that shall be released to the public for inspection include "all investigative reports; photographic, audio, and video evidence; transcripts or recordings of interviews; autopsy reports; all materials compiled and presented for review to the district attorney or to any person or body charged with determining whether to file criminal charges against an officer in connection with an incident, or whether the officer's action was consistent with law and agency policy for purposes of discipline or administrative action, or what discipline to impose or corrective action to take; documents setting forth findings or recommended findings; and copies of disciplinary records relating to the incident, including any letters of intent to impose discipline, any documents reflecting modifications of discipline due to the Skelly or grievance process, and letters indicating final imposition of discipline or other documentation reflecting implementation of corrective action." (Penal Code Section 832.7(b)(2)).

In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.,* the U.S. Court of Appeals for the 9th Circuit examined the government's claim of the official information privilege as a basis to withhold documents sought under the Freedom of Information Act. 511 F.2d 192 (9th Cir. 1975), aff'd 426 U.S. 394 (1976). In doing so, it explained that the "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

interests of the requesting litigant and subject to disclosure . . ." Id. at 198 (internal citations and quotations omitted).

The 9th Circuit has since followed Kerr in requiring a balancing of interests and in camera review in ruling on the government's claim of the official information privilege. See, e.g., Seminara v. City of Long Beach, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge order compelling disclosure and stating "Federal common law recognizes a qualified privilege for official information. Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir.1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119 (1976). In determining whether information sought is privileged, we must employ a balancing test, weighing the potential benefits of disclosure against the potential disadvantages"); Breed v. U.S. Dist. Court for Northern Dist. of California 542 F.2d 1114, 1116 (9th Cir. 1976) ("Also, as required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'"). Furthermore, in Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), the 9th Circuit explained "[g]overnment personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (internal citations and quotations omitted).

With respect to objections, the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. (See *Blankenship v. Hearst Corp.* (9th Cir. 1975) 519 F.2d 418, 429). "[U]nexplained and unsupported boilerplate objections are improper." (*Duran v. Cisco Systems, Inc.* (C.D. Cal. 2009) 258 F.R.D. 375, 379). This is particularly true when, as here, the objecting party fails to substantiate the objection in any meaningful way. (*A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("general or

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

boilerplate objections ... are improper--especially when a party fails to submit any evidentiary declarations supporting such objections.") (citing *Paulsen v. Case Corp.,* 168 F .R.D. 285, 289 (C.D. Cal. 1996)).

In addition, "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." (*Simpson v. University of Colorado* (D. Colo. 2004) 220 F.R.D. 354, 359). Further, parties withholding documents as privileged must" describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. (FRCP 26(b)(5)). A privilege log generally should lay out the following: (1) the general nature of the document (without disclosing its contents); (2) the identity and position of its author; (3) the date it was written; (4) the identity and position of all addresses and recipients; (5) the document's present location; (6) the specific reason(s) it was withheld (which privilege claimed, etc.). See *United States v. Construction Products Research, Inc*., 73 F.3d 464, 473 (2nd Cir. 1996).

Here, the documents sought by Plaintiff in his first set of discovery pertaining to the personnel files, which are now subject to production under California law, are relevant, probative, non-privileged and certainly far outweigh any privacy concerns in light of the allegations set forth in the complaint. Moreover, the boilerplate objections are without merit and unfounded. Plaintiff alleges that Defendants as peace officers held a position of public trust for the Tulare County Sheriff and that they, through exercise of unlawful arrest and detention, and excessive force violated Plaintiff's 4th, 8th, and 14th amendments. It is further alleged that the unconstitutional policies of Defendants Tulare County Sheriff and County of Tulare were the moving force behind Defendant TCSD officers' actions.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

With these allegations in mind, all factual information and potential evidence reflecting Defendants' conduct regarding their exercise of proper detention and arrest procedures, use of force, probable cause determination, investigations, equipment violations, discriminatory practices, and other claims raised by the pleadings are highly relevant to the case.  By example, the other complaint wherein Deputy Ceja struck a minor in the face while handcuffed after instructing his fellow officers to turn off their body cameras is certainly relevant to the underlying charges in this case.  Plaintiff contends additional information may be learned from the full disclosure of the personnel files of all officers involved in this incident consistent with what is permitted under Penal Code Section 832.7.  When applying a balancing test, the importance of disclosing these records far outweighs any privacy concerns that may exist.

Finally Defendants' boilerplate objections are meritless and unsubstantiated. The requests regarding personnel files is straight forward as it encompasses all records contained in their personnel file or that should be placed in their personnel file.  Despite a claim of privilege (which is disputed supra), there was no privilege log prepared that identifies any documents that must be withheld from production.  Accordingly, it is Plaintiffs' contention that any such objection is waived.  Moreover, any claim that the request are protected as attorney-client privilege is unfounded. Communications that are not made to or for further communication to an attorney, such as reports submitted in the regular course of business, are not privileged though they may have some connection with possible litigation in the future. (*Holm v. Superior Court*, (1954) 42 Cal.2d 500, 507-511."[A] document, report, or photograph that would otherwise be admissible in evidence does not become privileged merely because the client delivers it to his attorney. Unless a report or photograph is created for the purpose of communicating information to the attorney, it cannot have the character of a privileged communication when it comes into existence and accordingly cannot become privileged if it is later delivered to the attorney." (*Id*. at 1031); Green & Shinee v. Superior Court (2001) 88 C.A.4th 532, 537, [supplemental

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

reports prepared, in keeping with departmental procedure, by sheriff's deputies concerning off-duty forceful encounter in restaurant were not privileged, even though, after encounter became subject of department investigation, one deputy delivered them to his attorney]). "[A] litigant cannot silence a witness by having him reveal his knowledge to the litigant's attorney.  We hold that the forwarding to counsel of non-privileged records, in the guise of reports, will not create a privilege with respect to such records and their contents where none existed theretofore." (San Francisco Unified Sch. Dist. v. Superior Court/or City & Cnty. of San Francisco, (1961) 55 Cal. 2d 451, 457).  For all the foregoing reasons, these personnel files should be produced without objection.

**b. Defendants' Counter-Argument:** First, it is important to note that Defendants did not state "meritless and unsubstantiated boilerplate objections" despite Plaintiff's claim of such. Rather, Defendants' response simply noted that the response was temporarily stayed **per Court order**.

"The discovery process is subject to the overriding limitation of good faith." *Zavala v. Rios*, 2015 WL 1236172, at *3 (E.D. Cal. March 17, 2015) (quoting *Asea v. S. Pac. Transp. Co*., 669 F.2d 1242, 1246 (9th Cir.1981)). "Parties may obtain discovery regarding any non-privileged matter that is **relevant** to any party's claim or defense." *Id.,* emphasis added (quoting Fed.R.Civ.P. 26(b)(1)). Accordingly, discovery of information that has no conceivable bearing on the case should not be allowed.

The party moving to compel "at a **minimum** ... has the burden of informing the court … why ... [the] responses are deficient, why the ... objections are not justified, and why the information he seeks through discovery is relevant ..." *Id.*, emphasis added (quoting *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep.21, 2009). Additionally, as the moving party, Plaintiff must **clearly** demonstrate **actual and substantial** prejudice from the denial of discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), emphasis added.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

It is *not* Defendants' intent to deprive Plaintiff of relevant evidence necessary to prosecute his case. Defendants have repeatedly stated their willingness to produce any/all *sustained* complaints *relevant* to Plaintiff's allegations subject to a *five year limitation* (i.e., improper use of force, dishonesty, discriminatory practices against homosexuals).  Rather than place any reasonable limitations upon the document requests, without need or explanation, Plaintiff continues to insist that he is entitled to every document contained within any County file pertaining to every named Defendant in this matter.  The fact that Defendant Torres-Salcido was not even present at the time of Huerta's arrest should alone require Plaintiff to limit his requests as to her personnel records even more so.

Here, Plaintiff's general arguments that the records at issue are subject to disclosure, without any specific explanation as to their relevancy and Plaintiff's interests in these records, seeks to avoid his burden in this regard. Instead of adequately satisfying this burden, Plaintiff's overbroad discovery requests are indications that Plaintiff merely hopes that a potential *Monell* claim may be buried somewhere in the documents. Plaintiff is simply seeking to engage in a general search for information, with no legitimate purpose in mind. Therefore, as phrased, Plaintiff's requests seek the type of department-wide "general search" which the Ninth Circuit has soundly condemned as a violation of the "official information" privilege. *Sanchez v. City of Santa Ana, supra*, 936 F.2d at 1034 ("[T]he confidential nature of the employee personnel files suggests that opening the files to the Plaintiffs for a general search could reach well beyond the legitimate inquiries necessary to this litigation and would impact disciplinary procedures within the [police department]).

Plaintiff's request for **all** documents related to **any** internal affairs investigations regarding each of the six named Defendants is undoubtedly overbroad. In *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. January 21, 1992) the Plaintiff  in a civil rights action alleging excessive use of force during his arrest also sought *each* internal investigation file involving three defendants without limitation. There the Court ruled the request was

"clearly overbroad" and sustained Defendants' objection to the request; the same result should be reached here.

Additionally, pursuant to California Penal Code § 832.5, the Tulare County Sheriff's Department maintains records related to discipline imposed due to the use of unlawful force only for five years rather than the "unlimited time" requested by Plaintiff.

**2. REQUEST FOR PRODUCTION NO. 2**: All DOCUMENTS RELATED TO any administrative investigations REGARDING: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** In addition to Defendants arguments above, incorporated herein by reference, in *Miller v. Pancucci*, supra, 141 F.R.D. 292, the Plaintiff sought all personal complaints made against three defendants [alleged to have engaged in excessive use of force in the arrest of Plaintiff] alleging brutality, excessive or unreasonable use of force, misuse of firearms or equipment, racism, prejudice, fabricated probable cause, dishonesty, perjury and false arrest and detention. The Court sustained the defendants objections and ruled that the request sought irrelevant information by seeking "all" complaints because the plaintiff had not alleged any claims in the complaint regarding misuse of firearms or equipment, racism or prejudice. Again, the same result should be reached here.

**3. REQUEST FOR PRODUCTION NO. 3:**  All DOCUMENTS RELATED TO any personnel files: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**b. Defendant's Counter-Argument:** In addition to Defendants arguments above, incorporated herein by reference, in *Miller v. Pancucci*, supra, 141 F.R.D. 292, the Plaintiff sought the performance evaluations of three defendants alleged to have violated his civil rights by using excessive force during his arrest.  The Court ruled that the request was also "clearly overbroad" as defendants are evaluated in areas which bear no relationship to the claims presented in the civil rights case.  Defendants' objection was sustained.

**4. <u>REQUEST FOR PRODUCTION NO. 4:</u>** All DOCUMENTS RELATED TO the department files of: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

<u>Defendant's Response:</u>  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

**a. Plaintiff's Argument:**  Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** In addition to Defendants' arguments above, incorporated herein by reference, Plaintiff is again effectively asking for every single document relating to the Defendants making the request equally undefined and unrestrained as those above in that it seeks "all documents related to..." *See, e.g., Directv, Inc. v. Trone,* 209 F.R.D. 455, 458-460 (C.D. Cal. 2002) (denying motion to compel based on lack of specificity and overbreadth of demands). *See also Nugget Hydroelectric L.P. v. Pacific GA & Electric,* 981 F.2d 429, 438 (9th Cir. 1992) (affirming denial of motion to compel based on lack of specific showing that the burden of production would be minimal and that the requested documents would lead to relevant evidence); *see also Walton v. K-Mart,* 2007 WL 421939J (N.D. Cal.) (partially denying motion to compel and denying request for sanctions because requests were "overly broad" and "would require defendant to produce essentially every document on each of the subject employees, even if they have nothing to do with the issues in the litigation").

Plaintiff's requests, as framed, potentially encompass huge quantities of documents, without any legitimate need for them. Plaintiff's demands seek potentially every document

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

in Defendants' possession, without any time or subject matter limitation, that relate in any way to the employment of the six named Defendants. Therefore, under the reasoning of the case law above, Plaintiff's request should be denied.

**5.  <u>REQUEST FOR PRODUCTION NO. 5</u>:** All DOCUMENTS RELATED TO the division files of: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

<u>Defendant's Response:</u>  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:**  Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**6.  <u>REQUEST FOR PRODUCTION NO. 6</u>:** All DOCUMENTS RELATED TO the training files of: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

<u>Defendant's Response:</u>  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**7. <u>REQUEST FOR PRODUCTION NO. 7</u>:**  All DOCUMENTS RELATED TO any Skelly notices provided to: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

<u>Defendant's Response:</u>  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**8.  REQUEST FOR PRODUCTION NO. 8:** All DOCUMENTS RELATED TO the any citizens' complaints about: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:**  Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**9.  REQUEST FOR PRODUCTION NO. 10:**  All DOCUMENTS RELATED TO any personnel complaints about: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**10. REQUEST FOR PRODUCTION NO. 11:** All DOCUMENTS RELATED TO any recorded statements of persons who filed personnel complaints against: (a) COLDREN; (b) TORRES; (c) HERNANDEZ; (d) CEJA; (e) DILLON; (f) SMITH.

Defendant's Response:  Response Stayed per June 14, 2018 Court Order. (ECF No. 30.)

     **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

     **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

### B.  PLAINTIFF'S REQUESTS FOR *MONELL* DOCUMENTS

**1.  REQUEST FOR PRODUCTION NO. 52:** All DOCUMENTS that evidence complaints of excessive force brought against Defendant Tulare County Sheriff

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Department from 2008 to the present.

Defendant's Response:  Objection. The request fails to specify the documents requested with reasonable particularity as it fails to define "complaints", is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** A local government may be held liable if it inflicts the injury complained of through a violation of policy or custom. See *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); see also *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010). Generally, to establish liability, plaintiff must show that a constitutional right was violated, the municipality had a policy, that policy was deliberately indifferent to plaintiff's constitutional rights, "and the policy was the moving force behind the constitutional violation." *Burke v. County of Alameda*, 586 F.3d 725, 734 (9th Cir. 2009) (citation omitted); see also *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185-86 (9th Cir. 2002). A custom or practice can be "inferred from widespread practices or 'evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded.'" *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (citations omitted). A "policy" is "a deliberate choice to

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Oviatt By and Through Waugh v. Pearce* (Oviatt), 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (plurality opinion)).

Here, the requested *Monell* documents are relevant and would potentially show a pattern of excessive use of force, civil rights violations for detention and arrest, policy violations for investigations and documentation of investigations, discriminatory practices, and improper searches and seizures department wide. This discovery is needed for Plaintiff to prove his claims under 42 U.S.C. § 1983 (individual) and 42 U.S.C. § 1983 (municipal liability). F.R.E. 404(b), 608(b); See, e.g., *Monell v. New York City Dept, of Social Services*, 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989).

Plaintiff alleges that Defendant TCSO officers violated his Fourth Amendment rights and unlawfully detained, assaulted, and arrested him without probable cause. Plaintiff was lured out of his home using a "ruse" for the purposes of beating and arresting him although he had committed no crime at the time of the incident. Defendants assert that he was intoxicated in his home, but this is not a crime nor is there objective evidence of intoxication. Defendants also assert that he was endangering his elderly mother, but never reported any such abuse and Mrs. Huerta has denied any behavior of the sort. Further, Defendants were so bold as to turn off their body cameras before effectuating this unlawful ruse, beating and arrest although TCSO policies and procedures require them to keep them on during this very type of situation.

Plaintiff has a good-faith belief that there is significant discovery regarding Defendant TSCOS's systematic process of violating its own policies and procedures as to unlawful searches and seizures of citizens resulting in improper detentions and/or arrest, excessive uses of force, violation of evidence gathering including lack of witness statements and violations of body-camera procedures, and other Fourth Amendment and

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

department violations. This discovery into Monnell claims is likely to lead to the discovery of admissible evidence that could establish a violation of Defendants' policies and/or custom that have lead to an individual being deprived of their 1st, 4th, 8th, or 14th amendments as alleged in Plaintiff's complaint.  Plaintiff may be able to use information from the investigation of other similar incidents and complaints to show that Defendant TCSO had a policy of not properly training, investigating and disciplining officers involved in violations of these types of policies and procedures, which is relevant to Plaintiff's *Monell* claim.  Through meet and confer, Plaintiff has agreed to limit its request to five years prior to the date of this incident to the present with respect to the following categories:

- Claims/complaints concerning use of force by sworn peace officers-agree as to use of force during detention/arrest

- Claims/complaints concerning improper physical contact by sworn peace officers during a detention agree as to use of force during detention/arrest

- Claims/complaints concerning improper physical contact by sworn peace officers during an arrest agree as to use of force during detention/arrest

- Claims/complaints concerning discriminatory practices against a protected class (age, race, ethnicity, religion, sexual orientation, national origin, disability etc.) by sworn peace office-agree as to discriminatory practices against the protected class of homosexuals

- Claims/complaints concerning improper search and seizures of persons (not property)-Not relevant-Ramiro testified that he was never subjected to a pat down search of his person

- Claims/complaints concerning an abuse of color of authority under any constitutionally protected right involving the 1st, 4th, 8th and 14th amendments. –only agree as to the specific amendments relevant to claims in the complaint.

These categories are narrowly tailored, probative on the issues involved in this incident, and likely to lead to the discovery of admissible evidence.  With respect to the

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

objections, the same arguments as set both above in response to the personnel records are incorporated by reference as these documents are relevant, non-privileged, and not subject to any protection that is not significantly outweighed by the compelling interest for their production.  As such, these documents should be ordered produced.

**b. Defendants' Counter-Argument:** Plaintiff's skewed interpretation of the evidence in this case is bewildering, but does not justify his continued demands of wholly irrelevant documents.  Parties are permitted to discover any **relevant** nonprivileged matter. Fed.R.Civ.P. 26(b)(1), emphasis added.  It is true that this rule is construed very broadly, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. *However,* discovery of information that has no conceivable bearing on the case should not be allowed. 8 *C. Wright & A. Miller, Federal Practice and Procedure,* § 2008 (2d Ed.1983 & Supp.1990).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *Zavala v. Rios*, 2015 WL 1236172, at *3 (E.D. Cal. March 17, 2015) (citing *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan.13, 2012); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar.27, 2008)). The moving party "at a minimum...has the burden of informing the court…which of the... responses are disputed, why...[the] responses are deficient, why the...objections are not justified, and why the information he seeks through discovery is relevant..." *Id* (quoting *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep.21, 2009). As the moving party, Plaintiff must clearly demonstrate actual and substantial prejudice from the denial of discovery.  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978), municipal liability may be imposed **only** when the unlawful official custom or

policy inflicts the injury **of which Plaintiff complains**. *Gonzales v. City of Bakersfield*, 2016 WL 4474600, *6 (E.D. Cal. August 25, 2016), emphasis added [The *Gonzales* Court held that **discovery related to all types of force in all types of situations is improper** where a plaintiff merely alleges that he suffered excessive, non-deadly force. This is especially true where the needs of the case do not warrant this type of expansive discovery.]

In *Gonzales,* supra, the Eastern District found that even the phrase "use of force" is vague and without a limiting definition is overbroad. *Id.* at *7. Here, as in *Gonzales¸* Plaintiff's requests are so vague and overbroad that the breadth of discovery sought, related to all types of force in all types of circumstances is not proportional to the needs of this case.

While a party who alleges a *Monell* claim may discover evidence of a policy or custom based on multiple incidents, requests for such discovery should not be overbroad and instead should be appropriately tailored to the allegations of the *Monell* claims. *Nadell v. Las Vegas Metro. Police Dep't*, 268 F.3d 924, 929 (9th Cir. 2001).

Here, Plaintiff's requests for production fail to comply with the clearly established law above.  For that reason Defendants' objections should be sustained and Plaintiff's Motion denied.

**2.  <u>REQUEST FOR PRODUCTION NO. 53</u>:**  All DOCUMENTS that evidence lawsuits filed against Defendant Tulare County Sheriff Department RELATED TO excessive force from 2008 to the present.

<u>Defendant's Response</u>:  Objection. The request fails to specify the documents requested with reasonable particularity in requesting "all" documents without limitation, is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** In addition to Defendants arguments above, incorporated herein by reference, the Plaintiff in *Robinson v. Adams* 2011 WL 129847 (E.D. Cal. January 14, 2011), demanded production of a much narrower scope of documents than Plaintiff here and requested "all pleadings of complaints, filed in either state or federal courts in a civil proceeding that set-forth a cause of action of excessive force or assault and battery, and named any of the defendants." There, the court ruled that "[u]nder Federal Rule of Civil Procedure 26(b)(2)(C), the court may limit the frequency or extent of discovery otherwise allowed if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive, or the burden imposed by the discovery outweighs its likely benefit considering the parties' resources…plaintiff's document production requests are unduly burdensome because the documents requested are equally available to plaintiff. Plaintiff can either retrieve the court documents himself, or retain someone else to do so. Plaintiff has failed to offer any persuasive arguments as to why the cost and burden of retrieving the court documents should be shifted to defendants.  Accordingly, the court will not order defendants to provide a further response to plaintiff's request."

1   The same result should be reached here where Plaintiff's request is grossly

2   overbroad and burdensome in comparison.

3   **3. <u>REQUEST FOR PRODUCTION NO. 54</u>:** All DOCUMENTS that evidence

4   complaints of abuse of color of authority brought against Defendant Tulare County Sheriff

5   Department from 2008 to the present.

6   <u>Defendant's Response:</u>  Objection. The request fails to specify the documents requested

7   with reasonable particularity as it fails to define "complaints", is overbroad and unduly

8   burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls

9   for disclosure documents containing confidential third party information and potentially

10   privileged attorney-client communications, and seeks documents not reasonably designed

11   to lead to the discovery of admissible evidence.

12   To the extent the request seeks civil complaints filed in legal actions, further

13   objection is   made on the grounds that the request calls for information which is available

14   to all parties equally, and is therefore oppressive and burdensome to Responding Party [see

15   *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as

16   readily available to the plaintiffs as it is to the defendants, no perceivable purpose

17   consonant with the discovery laws is served by compelling one party to search records,

18   compile the results, and furnish them to his opponent. No responsive documents will be

19   produced.

20   **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those

21   above.

22   **b. Defendant's Counter-Argument:** In addition to the arguments above

23   incorporated herein by reference, *Monell* discovery requests must be related to the specific

24   policy or custom the Plaintiff alleges caused him to suffer his alleged injury.  The "official

25   policy must be 'the moving force of the constitutional violation' in order to establish the

26   liability of a government body under § 1983." *Polk County v. Dodson*, 454 U.S. 312, 326

27   (1981) (quoting *Monell*, 436 U.S. at 694).

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Additionally, an official policy or practice can only be created by a local

2 governmental entity's authorized decision maker-i.e., an official who "possesses final

3 authority to establish [local government] policy with respect to the [challenged] action."

4 *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989).  As such, Plaintiff's

5 request should be limited to the time the current office holder, Sheriff Mike Boudreaux,

6 took office (2015). Sheriff Boudreaux had no authority to establish policies and/or practices

7 prior to the time that he took office in 2015.

8    Such an overbroad demand, totally lacking in specificity, as here, should be denied.

9 *See, e.g., Directv, Inc. v. Trone,* 209 F.R.D. 455, 458-460 (C.D. Cal. 2002) (denying motion

10 to compel based on lack of specificity and overbreadth of demands). Further, the

11 organization and production of such a load of documents would be exceptionally time

12 consuming, burdensome, and disruptive to the operations of the Tulare County Sheriff's

13 Department and does not appear to serve any useful purpose. *See also Nugget*

14 *Hydroelectric L.P. v. Pacific GA & Electric,* 981 F.2d 429, 438 (9th Cir. 1992) (affirming

15 denial of motion to compel based on lack of specific showing that the burden of production

16 would be minimal and that the requested documents would lead to relevant evidence).

17 **4.  REQUEST FOR PRODUCTION NO. 55:**  All DOCUMENTS that evidence lawsuits

18 filed against Defendant Tulare County Sheriff Department RELATED TO abuse of color

19 of authority from 2008 to the present.

20 Defendant's Response:  Objection. The request fails to specify the documents requested

21 with reasonable particularity in requesting "all" documents without limitation, is overbroad

22 and unduly burdensome as it is not limited to a relevant time period, nor to relevant

23 individuals, calls for disclosure documents containing confidential third party information

24 and potentially privileged attorney-client communications, and seeks documents not

25 reasonably designed to lead to the discovery of admissible evidence.

26    To the extent the request seeks civil complaints filed in legal actions, further

27 objection is made on the grounds that the request calls for information which is available

28

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

to all parties equally and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

      **a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

      **b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**5. <u>REQUEST FOR PRODUCTION NO. 56</u>:** All DOCUMENTS that evidence complaints filed against Defendant Tulare County Sheriff Department RELATED TO violations of its policies and procedures from 2008 to the present.

<u>Defendant's Response:</u> Objection. The request fails to specify the documents requested with reasonable particularity as it fails to define "complaints", is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

      To the extent the request seeks civil complaints filed in legal actions, further objection is   made on the grounds that the request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**6. <u>REQUEST FOR PRODUCTION NO. 57</u>:** All DOCUMENTS that evidence lawsuits filed against Defendant Tulare County Sheriff Depat1ment RELATED TO violations of its policies and procedures from 2008 to the present.

<u>Defendant's Response:</u> Objection. The request fails to specify the documents requested with reasonable particularity in requesting "all" documents without limitation, is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**7. <u>REQUEST FOR PRODUCTION NO. 58</u>:** All DOCUMENTS that evidence complaints of civil rights violations brought against Defendant Tulare County Sheriff

Department from 2008 to the present.

<u>Defendant's Response:</u> Objection. The request fails to specify the documents requested with reasonable particularity as it fails to define "complaints", is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is   made on the grounds that the request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**8. <u>REQUEST FOR PRODUCTION NO. 59</u>:** All DOCUMENTS that evidence lawsuits filed against Defendant Tulare County Sheriff Department RELATED TO complaints of civil rights violations from 2008 to the present.

<u>Defendant's Response:</u> Objection. The request fails to specify the documents requested with reasonable particularity in requesting "all" documents without limitation, is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

—

and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**9.** __REQUEST FOR PRODUCTION NO. 60:__ All DOCUMENTS that evidence complaints of discriminatory practices brought against Defendant Tulare County Sheriff Department from 2008 to the present.

Defendant's Response: Objection. The request fails to specify the documents requested with reasonable particularity as it fails to define "complaints", is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is   made on the grounds that the request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as

readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.  Additionally, Plaintiff's request should be limited to the specific discriminatory practice alleged in his Complaint, i.e.-discrimination against the protected class of homosexuals.

**10. REQUEST FOR PRODUCTION NO. 61:** All DOCUMENTS that evidence lawsuits filed against Defendant Tulare County Sheriff Department RELATED TO complaints of discriminatory practices from 2008 to the present.

Defendant's Response: Objection. The request fails to specify the documents requested with reasonable particularity in requesting "all" documents without limitation, is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence.

To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.

**11.** __REQUEST FOR PRODUCTION NO. 62:__ All DOCUMENTS that evidence complaints of improper pat down searches brought against Defendant Tulare County Sheriff Department from 2008 to the present.

<u>Defendant's Response:</u> Objection. The request fails to specify the documents requested with reasonable particularity as it fails to define "complaints", is overbroad and unduly burdensome as it is not limited to a relevant time period, nor to relevant individuals, calls for disclosure documents containing confidential third party information and potentially privileged attorney-client communications, and seeks documents not reasonably designed to lead to the discovery of admissible evidence. To the extent the request seeks civil complaints filed in legal actions, further objection is made on the grounds that the request calls for information which is available to all parties equally, and is therefore oppressive and burdensome to Responding Party [see *Pantzalas vs. Superior Court*, (1969) 272 Cal.App.2d 499, 503]. When information is as readily available to the plaintiffs as it is to the defendants, no perceivable purpose consonant with the discovery laws is served by compelling one party to search records, compile the results, and furnish them to his opponent. No responsive documents will be produced.

**a. Plaintiff's Argument:** Plaintiff's arguments are incorporate by reference to those above.

**b. Defendant's Counter-Argument:** Defendants' arguments are incorporated by reference to those above.  Additionally, Plaintiff testified under penalty of perjury that he was not subjected to a pat down search at any time during the Incident.  For that reason alone Plaintiff's request should be denied and Defendants' objections sustained.

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

## V.   **CONCLUSION**

**A.   Plaintiff's Contentions:** For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this motion and order plaintiffs to produce all of the requested documents in response to Plaintiff Ramiro Huerta's Request for Production of Documents, Nos. 1-8, 10, 11 and 52-64.

**B.   Defendants' Contentions:** For the reasons stated above, Defendants request that Plaintiff's Motion to Compel be denied in its entirety and that attorneys' fees and costs be awarded to Defendants based upon the substantial justification for refusing to comply with Plaintiff's Requests for Production.

Dated: January 23, 2019                      **ABIR COHEN TREYZON SALO, LLP**


                                             By:     */s/ Boris Treyzon*_____
                                                     Boris Treyzon, Esq.
                                                     Douglas A. Rochen, Esq.
                                                     Katherine deGuzman, Esq.
                                                     Attorney for Plaintiff


                                             **DEANNE H. PETERSON**
                                             Tulare County Counsel


                                             By:     */s/ Amy I. Myers*_____
                                                     Amy I. Myers
                                                     Deputy County Counsel
                                                     Attorneys for Defendants

JOINT STATEMENT REGARDING DISCOVERY DISPUTES OVER PLAINTIFF'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE