**ABIR COHEN TREYZON SALO, LLP**
Boris Treyzon, Esq. (SBN 88893)
Douglas A. Rochen, Esq. (SBN 2172331)
Katherine deGuzman (SBN 283714)
1901 Avenue of the Stars, Suite 935
Los Angeles, California 90067
T: (310) 407-7888
F: (310) 407-7915

**OWDOM LAW FIRM**
Matthew D. Owdom (SBN 258779)
632 W. Oak Ave.
Visalia, California 93291
T: (559) 750-5224

Attorneys for Plaintiff Ramiro Huerta

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>             Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, a governmental entity; TULARE COUNTY SHERIFF, a governmental entity; MICHAEL COLDREN; LAURA TORRES-SALCIDO; HECTOR HERNANDEZ; SALVADOR CEJA; JAMES DILLON; RONALD SMITH; Unknown TULARE COUNTY TSC'S DEPUTIES named herein as Does 7 - 50; and ROES 1-50 inclusive<br><br>             Defendants | Case No.: 1:17-cv-01446-DAD-EPG<br><br>**DECLARATION OF DOUGLAS ROCHEN RE HEARING ON MOTION FOR CONTEMPT**<br><br>DATE:<br>TIME: 9:30 a.m.<br>Dept.: 10<br><br>Magistrate Judge Erica P. Grosjean |

I, **Douglas Rochen**, hereby declares and states as follow:

1.      I am an attorney licensed to practice law and admitted to practice before the United States District Court, Eastern District and am a partner at Abir Cohen Treyzon Salo, LLP. I am counsel of record for the Plaintiff RAMIRO HUERTA. I am the assigned attorney to this case and have personal knowledge of the foregoing facts that if called upon as a witness, I could and would competently testify to the following:

2.      I have personally reviewed and examined the Declaration of Kari Martin-Higgins Re: Compliance with Subpoenas ("KMH Declaration") from counsel for Defendant Tulare County Sheriff's Officer ("TSCO") and its attached exhibits, served on my office on November 20, 2018 and received November 23, 2018, a true and correct copy of which is attached hereto as "**Exhibit A**".

3.      Attached as Exhibit 1 to the KMH Declaration are two (2) deposition subpoenas from the Tulare County District Attorney issued to the custodian of records of the Tulare County Counsel for the case in the matter of People v. Huerta PCM358718. The first subpoena, dated November 16, 2018, requests "Any and All Federal Rulings That Would Impact Criminal Case PCM358718 And PCM351705" and "Any and All Video Depositions and Transcripts with Exhibits: Including but Not Limited to Depositions of Deputies Dillon, Coldren, And Hernandez." The second subpoena, dated November 16, 2018, requests "Any and All Audio Transcripts From Porterville Police Department (Incident# 7PV0021310) and Tulare County Sheriff's Office (TCSO RPT# 17-04931) Relating to Federal Case # 1: I 7-CV-O:l446-DAD-EPG."

4.      Attached as Exhibit 2 is a Receipt & Acknowledgment signed by Deputy District Attorney Joe L. Alindajao on November 19, 2018 listing the documents produced in compliance with the subpoenas. The documents include: (1) the video deposition of Ramiro Huerta with transcripts and exhibits; (2) the video Deposition of Josefina Huerta with transcript and exhibits; (3) the video deposition

of Pascual Huerta; (4) deposition transcripts of Tulare County PMKs [30(b)(6) witnesses] with exhibits; (5) deposition transcript of Michael Coldren with exhibits; (6) deposition transcript of Laura Torres-Salcido with exhibits; (7) deposition transcript of Hector Hernandez with exhibits; (8) deposition transcript of Salvador Ceja with exhibits; (9) the deposition transcript of James Dillon with exhibits; (10) transcripts of the body camera videos; (11) transcripts of Porterville PD calls; (12) transcript of radio transmissions; and (12) transcripts of Tulare County Sheriff's Office calls.

5.   I am informed and believe that Deputy District Attorney Joe Alindajao electronically produced the deposition transcripts listed above to my office on or about November 27, 2018 or December 12, 2018. The links sent by the District Attorney's office expired after 45 days and I am unable to determine what documents were contained in each electronic production.

6.   My co-counsel Matthew Owdom filed Motion in Limine A, with civil deposition transcripts attached, on November 28, 2018 in advance of the December 3, 2018 trial date in the matter of People v. Huerta PCM358718.

7.   I spoke with my associate Katie deGuzman, my staff, and with co-counsel Matt Owdom. A reasonable inquiry was made into how Deputy District Attorney Joe Alindajao came to know that depositions had been taken in the related federal civil case. It is my understanding that Mr. Owdom was discussing the identification of witnesses for the criminal trial that were identified in approximately October 2018 and mentioned that the witnesses had already been deposed in the civil case.

8.   My office misunderstood the scope of the Court's Order regarding the civil discovery stay regarding the TSCO officer personnel files when it issued subpoenas for records under Senate Bill 1421 to the officers prior places of employment for each Defendant TSCO deputy. It was unclear whether the stay regarding personnel records applied only to current TSCO records or if it also

encompassed records of Defendant TSCO deputies at their places of employment prior to joining TSCO. Plaintiff believed he was making a proper request for documents related to use of force and sexual assault under the CA Public Records Act and SB1421. However, in the spirit of the order and as requested by the court, we have immediately withdraw all subpoenas for any and all personnel records for Defendant TSCO deputies.

9.     Attached as "Exhibit B" are true and correct copies of the letters withdrawing Plaintiff's subpoenas for all personnel records under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code) as to all TSCO officers.


I declare under the penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.


Executed this 25th day of February 2019, at Los Angeles, California.


Douglas Rochen, Esq., Declarant

DECLARATION OF DOUGLAS ROCHEN, ESQ.

# **<u>EXHIBIT A</u>**

DEANNE H.PETERSON, #147099
County Counsel for the County of Tulare
KATHLEEN A. TAYLOR, # 131100
Chief Deputy County Counsel
AMY I. MYERS, #269475
Deputy County Counsel
2900 West Burrel, County Civic Center
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: amyers@co.tulare.ca.us

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>RAMIRO HUERTA,<br><br>                    Defendant. | Case Number:  PCM358718<br><br>**DECLARATION OF KARI MARTIN-HIGGINS RE: COMPLIANCE WITH SUBPOENAS** |

I, KARI MARTIN-HIGGINS, declare:

1.      I am a Legal Support Services Specialist in the office of Tulare County Counsel and have been employed with the County of Tulare for more than five years. I have been a paralegal for over twenty years. Our office represents the Defendants County of Tulare, et al in Ramiro Huerta v. County of Tulare, et al, United States District Court Eastern District of California Case #1:17-cv-01446-DAD-EPG.  I am the custodian of records in the possession of Tulare County Counsel for the above noted federal court case.

2.      I have personal knowledge regarding the documents in the possession of Tulare County Counsel in the matter of Ramiro Huerta v. County of Tulare et al. The matters stated herein are true and correct, I have personal knowledge thereof, and I am competent to testify thereto.

1      3.     On November 19, 2018, I received two subpoenas from the Tulare County District

2  Attorney's Office in the matter of People v. Huerta PCM358718.

3      4.     Attached as **Exhibit 1** are the subpoenas I received. Attached as **Exhibit 2** is a

4  Receipt & Acknowledgment signed by Deputy District Attorney Joe L. Alindajo on November 19,

5  2018 listing the documents produced in compliance with the subpoenas.

6      I declare under penalty of perjury under the laws of the State of California that the foregoing

7  facts are true and correct.

8

9  Dated:  November 20, 2018

10                                           Kari Martin-Higgins

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

CR-125/JV-525

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIM WARD<br>TULARE COUNTY DISTRICT ATTORNEY<br>221 S. MOONEY BLVD RM 224<br>VISALIA, CA 93291<br>TELEPHONE NO.:          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PEOPLE OF THE STATE OF CALIFORNIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF TULARE
STREET ADDRESS: 300 E OLIVE AVENUE
MAILING ADDRESS: 300 E OLIVE AVENUE
CITY AND ZIP CODE: PORTERVILLE, CA 93257
BRANCH NAME: PORTERVILLE DIVISION

CASE NAME:
PEOPLE VS RAMIRO HUERTA

| ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:<br>Subpoena/Subpoena Duces Tecum | CASE NUMBER:<br>PCM358718 |
|---|---|

**You must attend court or provide to the court the documents listed below.** Follow the orders checked in item 2 below.   If you do not, the judge can fine you, send you to jail, or issue a warrant for your arrest.

1. To: *(name or business)*   CUS OF REC:TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA, CA

2. You must follow the court order(s) checked below:
    a. ☐ Attend the hearing.
    b. ☐ Attend the hearing *and bring all items checked in* c. *below.*
    c. ☐ Provide a copy of these items to the court (Do not use this form to obtain Juvenile Court records):
        (1) PLEASE SEE ATTACHMENT
        (2) _____
        (3) _____
        ☐ *If this box is checked, provide all items listed on the attached sheet labeled "Provide These Items."*
    d. ☐ If someone else is responsible for maintaining the items checked in c. above, that person (the Custodian of Records) must also attend the hearing.
    e. ☐ If this box is checked and you deliver all items listed above to the court **within 5 days of service of this order,** you do not have to attend court if you follow the instructions in item 5.

3. | Court Hearing Date: | The court hearing will be at *(name and address of court):* |
   |---|---|
   | Date: 12/04/2018   Time: 08:30 AM<br>Dept.: 019   Rm.: _____ | TULARE COUNTY SUPERIOR COURT, 300 E OLIVE<br>AVENUE, PORTERVILLE, CA 93257 |

   Call the person listed in item 4 below to make sure the hearing date has not changed. If you cannot go to court on this date, you must get permission from the person in item 4.   You may be entitled to witness fees, mileage, or both, in the discretion of the court.   Ask the person in item 4 after your appearance.

4. The person who has required you to attend court or provide documents is:
   Name: HONORABLE ANTONIO REYES          Phone No.: 559-782-7770
   Address: 300 E OLIVE AVENUE
   Number, Street, Apt. No.
   PORTERVILLE, CA 93257
   City                    State    Zip

   Date: 11/16/18          Signature ▶
                           *Name and Title*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-125/JV-525 [Rev. July 1, 2007] | ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:<br>Subpoena/Subpoena Duces Tecum<br>(Criminal and Juvenile) | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

TIM WARD
TULARE COUNTY DISTRICT ATTORNEY
221 S MOONEY BLVD., RM 224
VISALIA, CA 93291
TELEPHONE: (559) 636-5494
FAX: (559) 730-2658

ATTORNEY FOR PLAINTIFF(S)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF TULARE

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                          Plaintiff, )
                                     )   CRT. NO. PCM358718
                                     )
                                     )   AFFIDAVIT IN
         vs.                         )   SUPPORT OF
                                     )   SUBPOENA DUCES
                                     )   TECUM
RAMIRO HUERTO                        )
                                     )
                                     )   DATE: 12/04/2018
                                     )   TIME:08:30AM
                  Defendant(s)       )   DEPT. NO.:019

I, JOE ALINDAJAO, do hereby declare as follows:

1. That I am a Deputy District Attorney for the County of Tulare, and am the attorney representing the People of the State of California in the aforementioned matter.

2. That the Custodian of Records of TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA, California, has in his/her possession or under his/her control the following documents:

YOU SHALL PROVIDE TO COURT ANY AND ALL OF THE FOLLOWING INFORMATION IN FEDERAL CASE 1:17-CV-01446-DAD-EPG:

A.    ANY AND ALL FEDERAL RULINGS THAT WOULD IMPACT CRIMINAL CASE

        PCM358718 AND PCM351705

B.    ANY AND ALL VIDEO DEPOSITIONS AND TRANSCRIPTS WITH EXHIBITS:

        INCLUDING BUT NOT LIMITED TO DEPOSITIONS OF DEPUTIES DILLON,

        COLDREN, AND HERNANDEZ.



OFFICE OF THE DISTRICT ATTORNEY
COUNTY OF TULARE

Tim Ward, *District Attorney*

In order the avoid personal appearance to comply with the Subpoena Duces Tecum you have received in the above matter, Section 1560 of the California Evidence Code must be strictly followed. If this procedure is followed properly, it will not be necessary for anyone to appear in court.

*It is imperative that the following steps be followed:*

1. Make a true and correct copy of all records described in the Subpoena Duces Tecum. A photocopy is sufficient for this purpose.

2. Complete and sign the enclosed declaration.

3. Put the declaration and all copies of the records in a sealed envelope or wrapper.

4. Write the following information on the outside of that sealed envelope or wrapper.

a. Title of Action:  RAMIRO HUERTA

b. Number of Action: PCM358718

c. Date of Subpoena:  12/04/2018

d. Name of Person Signing Declaration:_____

5. Enclose the sealed inner envelope or wrapper in an outer envelope or wrapper and seal the outer container.

6. Mail or deliver the package to the following address:

Clerk      TULARE COUNTY SUPERIOR COURT

Court Division          ATTN: EXIBITS

                        300 E OLIVE AVENUE

                        PORTERVILLE, CA  93257

7. To comply with Section 1560, you must mail or deliver the above within  FIVE DAYS after you receive the subpoena.

The enclosed declaration should be completely filled out, with a check mark for either 3a or 3b.  Sign and date the declaration and enclose it with the sealed records.

Additionally, it would be helpful to enclose a short explanation of the records.

1

DECLARATION

Title of Action: RAMIRO HUERTA

2

Number of Action: PCM358718

3

Date of Subpoena: 12/04/2018

4

Name of party receiving subpoena: CUSTODIAN OF RECORD

5

Name of Business: TULARE COUNTY COUNSEL

6

7

I, _____, the undersigned, say:

8

9

1. I am the duly authorized custodian of the records of the above-named business.

2. I have authority to certify copies of those records.

10

3. Check either a. or b. below:

11

( ) a.  The copies transmitted herewith are true and correct copies of all
the original records described in the above-named subpoena,
insofar as the above-named business has such records;

12

13

( ) b.     No copies are transmitted herewith, because the above-named
business has none of the records described in the above named
subpoena.

14

15

4.  The records were prepared by the personnel of the above-named business,
in the ordinary course of business at or near the time of the act, condition,
or event.

16

17

5.      The records transmitted herewith are identified as:

18

_____
_____

19

6.      The records were prepared in the following manner:

20

_____
_____

21

Executed on    _____, _____, _____ at , California.

22

I declare under penalty of perjury that the above is true and correct.

23

24

_____
Declarant

25

CR-125/JV-525

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TIM WARD<br>TULARE COUNTY DISTRICT ATTORNEY<br>221 S. MOONEY BLVD RM 224<br>VISALIA, CA 93291<br>TELEPHONE NO.:                              FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  PEOPLE OF THE STATE OF CALIFORNIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  TULARE
STREET ADDRESS: 300 E OLIVE AVENUE
MAILING ADDRESS: 300 E OLIVE AVENUE
CITY AND ZIP CODE: PORTERVILLE, CA 93257
BRANCH NAME: PORTERVILLE DIVISION

CASE NAME:

PEOPLE VS RAMIRO HUERTA

| ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:<br>Subpoena/Subpoena Duces Tecum | CASE NUMBER:<br><br>PCM358718 |
|---|---|

**You must attend court or provide to the court the documents listed below. Follow the orders checked in item 2 below.   If you do not, the judge can fine you, send you to jail, or issue a warrant for your arrest.**

1.  To: *(name or business)*   CUS OF REC:TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA, CA

2.  You must follow the court order(s) checked below:
    a.  ☐  Attend the hearing.
    b.  ☐  Attend the hearing *and* bring all items checked in  c.  below.
    c.  ☐  Provide a copy of these items to the court *(Do not use this form to obtain Juvenile Court records)*:
        (1)  PLEASE SEE ATTACHMENT _____
        (2)  _____
        (3)  _____
        ☐  *If this box is checked, provide all items listed on the attached sheet labeled "Provide These Items."*
    d.  ☐  *If someone else is responsible for maintaining the items checked in c. above, that person (the Custodian of Records) must also attend the hearing.*
    e.  ☐  *If this box is checked and you deliver all items listed above to the court within 5 days of service of this order, you do not have to attend court if you follow the instructions in item 5.*

3.  | Court Hearing Date: | The court hearing will be at *(name and address of court):* |
    |---|---|
    | Date: 12/04/2018   Time: 08:30 AM<br>Dept.: 019   Rm.: _____ | TULARE COUNTY SUPERIOR COURT, 300 E OLIVE AVENUE, PORTERVILLE, CA  93257 |

    *Call the person listed in item 4 below to make sure the hearing date has not changed. If you cannot go to court on this date, you must get permission from the person in item 4.  You may be entitled to witness fees, mileage, or both, in the discretion of the court.  Ask the person in item 4 after your appearance.*

4.  The person who has required you to attend court or provide documents is:
    Name:  HONORABLE ANTONIO REYES          Phone No.: 559-782-7770
    Address: 300 E OLIVE AVENUE
    Number, Street, Apt. No.
    PORTERVILLE, CA 93257
    City                                      State      Zip

    Date: 11/1/18     Signature ▶ _____
                                  *Name and Title*

American LegalNet, Inc.
www.FormsWorkflow.com

1  TIM WARD
   TULARE COUNTY DISTRICT ATTORNEY
2  221 S MOONEY BLVD., RM 224
   VISALIA, CA  93291
3  TELEPHONE:  (559) 636-5494
   FAX:  (559) 730-2658

4

5  ATTORNEY FOR PLAINTIFF(S)

6

7               SUPERIOR  COURT OF THE STATE OF CALIFORNIA
                   IN AND FOR THE COUNTY OF TULARE
8

9  THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                                Plaintiff,  )
10                                          )        CRT. NO. PCM358718
                                            )
11          vs.                             )        AFFIDAVIT IN
                                            )        SUPPORT OF
12                                          )        SUBPOENA DUCES
   RAMIRO HUERTO                            )        TECUM
13                                          )
                                            )
14                                          )        DATE: 12/04/2018
                            Defendant(s)    )        TIME:08:30AM
                                            )        DEPT. NO.:019

15

16      I, JOE ALINDAJAO, do hereby declare as follows:

17      1. That I am a Deputy District Attorney for the County of Tulare, and am the attorney representing the

18  People of the State of California in the aforementioned matter.

19      2. That the Custodian of Records of  TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA,

20  California, has in his/her possession or under his/her control the following documents:

21      YOU SHALL PROVIDE TO COURT ANY AND ALL OF THE FOLLOWING INFORMATION IN

22  FEDERAL CASE 1:17-CV-01446-DAD-EPG:

23      PLEASE PROVIDE ANY AND ALL AUDIO TRANSCRIPTS FROM PORTERVILLE POLICE

24  DEPARTMENT (INCIDENT # 7PV0021310) AND TULARE COUNTY SHERIFF'S OFFICE (TCSO RPT#

25  17-04931) RELATING TO FEDERAL CASE # 1:17-CV-01446-DAD-EPG.

# OFFICE OF THE DISTRICT ATTORNEY
## COUNTY OF TULARE

Tim Ward, *District Attorney*

In order the avoid personal appearance to comply with the Subpoena Duces Tecum you have received *in* the above matter, Section 1560 of the California Evidence Code must be strictly followed. If this procedure is followed properly, it will not be necessary for anyone to appear in court.

It is imperative that the following steps be followed:

1. Make a true and correct copy of all records described in the Subpoena Duces Tecum. A photocopy is sufficient for this purpose.

2. Complete and sign the enclosed declaration.

3. Put the declaration and all copies of the records in a sealed envelope or wrapper.

4. Write the following information on the outside of that sealed envelope or wrapper.

a. Title of Action:  RAMIRO HUERTA

b. Number of Action:  PCM358718

c. Date of Subpoena:  12/04/2018

d. Name of Person Signing Declaration:_____

5.Enclose the sealed inner envelope or wrapper in an outer envelope or wrapper and seal the outer container.

6. Mail or deliver the package to the following address:

Clerk      TULARE COUNTY SUPERIOR COURT

Court Division      ATTN: EXIBITS

                            300 E OLIVE AVENUE

                            PORTERVILLE, CA  93257

7. To comply with Section 1560, you must mail or deliver the above within  FIVE DAYS after you receive the subpoena.

The enclosed declaration should be completely filled out, with a check mark for either 3a or 3b. Sign and date the declaration and enclose it with the sealed records.

Additionally, it would be helpful to enclose a short explanation of the records.

DECLARATION

Title of Action:  RAMIRO HUERTA

Number of Action:  PCM358718

Date of Subpoena:  12/04/2018

Name of party receiving subpoena:  CUSTODIAN OF RECORD

Name of Business: TULARE COUNTY COUNSEL


I, _____, the undersigned, say:


1. I am the duly authorized custodian of the records of the above-named business.

2. I have authority to certify copies of those records.

3. Check either a. or b. below:

( ) a.  The copies transmitted herewith are true and correct copies of all
the original records described in the above-named subpoena,
insofar as the above-named business has such records;

( ) b.     No copies are transmitted herewith, because the above-named
business has none of the records described in the above named
subpoena.

4.  The records were prepared by the personnel of the above-named business,
in the ordinary course of business at or near the time of the act, condition,
or event.

5.      The records transmitted herewith are identified as:
_____
_____

6.      The records were prepared in the following manner:
_____
_____

Executed on _____, _____, _____ at , California.

I declare under penalty of perjury that the above is true and correct.


_____
Declarant

CR-125/JV-525

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TIM WARD<br>TULARE COUNTY DISTRICT ATTORNEY<br>221 S. MOONEY BLVD RM 224<br>VISALIA, CA 93291<br>TELEPHONE NO.:                              FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* PEOPLE OF THE STATE OF CALIFORNIA | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  TULARE
STREET ADDRESS: 300 E OLIVE AVENUE
MAILING ADDRESS: 300 E OLIVE AVENUE
CITY AND ZIP CODE: PORTERVILLE, CA 93257
BRANCH NAME: PORTERVILLE DIVISION

| CASE NAME:<br>PEOPLE VS RAMIRO HUERTA | |
|---|---|
| **ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:**<br>Subpoena/Subpoena Duces Tecum | CASE NUMBER:<br>PCM358718 |

**You must attend court or provide to the court the documents listed below.** Follow the orders checked in item 2 below.   If you do not, the judge can fine you, send you to jail, or issue a warrant for your arrest.

1. To: *(name or business)*   CUS OF REC:TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA, CA

2. You must follow the court order(s) checked below:

   a. ☐  Attend the hearing.

   b. ☐  Attend the hearing *and* bring all items checked in  c. below.

   c. ☐  Provide a copy of these items to the court (Do not use this form to obtain Juvenile Court records):

     (1) PLEASE SEE ATTACHMENT

     (2) _____

     (3) _____

   ☐  *If this box is checked, provide all items listed on the attached sheet labeled "Provide These Items."*

   d. ☐  If someone else is responsible for maintaining the items checked in c. above, that person (the Custodian of Records) must also attend the hearing.

   e. ☐  If this box is checked and you deliver all items listed above to the court *within 5 days of service of this order,* you do not have to attend court if you follow the instructions in item 5.

3. | Court Hearing Date: | The court hearing will be at *(name and address of court):* |
|---|---|
| Date: 12/04/2018   Time: 08:30 AM<br>Dept.: 019   Rm.: _____ | TULARE COUNTY SUPERIOR COURT, 300 E OLIVE<br>AVENUE, PORTERVILLE, CA 93257 |

   Call the person listed in item 4 below to make sure the hearing date has not changed. If you cannot go to court on this date, you must get permission from the person in item 4.  You may be entitled to witness fees, mileage, or both, in the discretion of the court.  Ask the person in item 4 after your appearance.

4. The person who has required you to attend court or provide documents is:
   Name: HONORABLE ANTONIO REYES _____   Phone No.: 559-782-7770
   Address: 300 E OLIVE AVENUE
         Number, Street, Apt. No.
         PORTERVILLE, CA 93257
         City                           State     Zip

   Date: 11/4/18      Signature ▶
                               Name and Title

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CR-125/JV-525 [Rev. July 1, 2007] | **ORDER TO ATTEND COURT OR PROVIDE DOCUMENTS:**<br>Subpoena/Subpoena *Duces Tecum*<br>(Criminal and Juvenile) | Page 1 of 2 |
|---|---|---|

American LegalNet, Inc.<br>www.FormsWorkflow.com

1   | TIM WARD
    | TULARE COUNTY DISTRICT ATTORNEY
2   | 221 S MOONEY BLVD., RM 224
    | VISALIA, CA 93291
3   | TELEPHONE: (559) 636-5494
    | FAX: (559) 730-2658

4

5   ATTORNEY FOR PLAINTIFF(S)

6

7                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        IN AND FOR THE COUNTY OF TULARE
8

9   THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                Plaintiff, )
10                                         )        CRT. NO. PCM358718
                                           )
         vs.                               )        AFFIDAVIT IN
11                                         )        SUPPORT OF
                                           )        SUBPOENA DUCES
12       RAMIRO HUERTO                      )        TECUM
                                           )
13                                         )
                                           )        DATE: 12/04/2018
                              Defendant(s) )        TIME: 08:30AM
14  _____    )        DEPT. NO.:019

15

16       I, JOE ALINDAJAO, do hereby declare as follows:

         1. That I am a Deputy District Attorney for the County of Tulare, and am the attorney representing the
17
    People of the State of California in the aforementioned matter.

18       2. That the Custodian of Records of TULARE COUNTY COUNSEL, 2900 W BURRELL, VISALIA,

19  California, has in his/her possession or under his/her control the following documents:

20       YOU SHALL PROVIDE TO COURT ANY AND ALL OF THE FOLLOWING INFORMATION IN

21  FEDERAL CASE 1:17-CV-01446-DAD-EPG:

22       PLEASE PROVIDE ANY AND ALL AUDIO TRANSCRIPTS FROM PORTERVILLE POLICE

23  DEPARTMENT (INCIDENT # 7PV0021310) AND TULARE COUNTY SHERIFF'S OFFICE (TCSO RPT#

    17-04931) RELATING TO FEDERAL CASE # 1;17-CV-01446-DAD-EPG.
24

25



## OFFICE OF THE DISTRICT ATTORNEY
### COUNTY OF TULARE
Tim Ward, *District Attorney*

In order the avoid personal appearance to comply with the Subpoena Duces Tecum you have received in the above matter, *Section 1560 of the California Evidence Code must be strictly followed.* If this procedure is followed properly, it will not be necessary for anyone to appear in court.

It is imperative that the following steps be followed:

1. Make a true and correct copy of all records described in the Subpoena Duces Tecum. A photocopy is sufficient for this purpose.

2. Complete and sign the enclosed declaration.

3. Put the declaration and all copies of the records in a sealed envelope or wrapper.

4. Write the following information on the outside of that sealed envelope or wrapper.

a. Title of Action:  RAMIRO HUERTA

b. Number of Action:  PCM358718

c. Date of Subpoena:  12/04/2018

d. Name of Person Signing Declaration: _____

5. Enclose the sealed inner envelope or wrapper in an outer envelope or wrapper and seal the outer container.

6. Mail or deliver the package to the following address:

Clerk      TULARE COUNTY SUPERIOR COURT

Court Division      ATTN: EXIBITS

                    300 E OLIVE AVENUE

                    PORTERVILLE, CA  93257

7. To comply with Section 1560, you must mail or deliver the above within *FIVE DAYS* after you receive the subpoena.

The enclosed declaration should be *completely* filled out, with a check mark for either 3a or 3b. Sign and date the declaration and enclose it with the sealed records.

Additionally, it would be helpful to enclose a short explanation of the records.

DECLARATION

Title of Action:  RAMIRO HUERTA

Number of Action:  PCM358718

Date of Subpoena:  12/04/2018

Name of party receiving subpoena:  CUSTODIAN OF RECORD

Name of Business: TULARE COUNTY COUNSEL


I, _____, the undersigned, say:


1. I am the duly authorized custodian of the records of the above-named business.

2. I have authority to certify copies of those records.

3. Check either a. or b. below:

( ) a.  The copies transmitted herewith are true and correct copies of all
the original records described in the above-named subpoena,
insofar as the above-named business has such records;

( ) b.     No copies are transmitted herewith, because the above-named
business has none of the records described in the above named
subpoena.

4. The records were prepared by the personnel of the above-named business,
in the ordinary course of business at or near the time of the act, condition,
or event.

5.     The records transmitted herewith are identified as:
_____
_____

6.     The records were prepared in the following manner:
_____
_____

Executed on    _____, _____, _____ at , California.


I declare under penalty of perjury that the above is true and correct.


_____
Declarant

Exhibit 2

DEANNE H. PETERSON, SBN 147099
County Counsel for County of Tulare
KATHLEEN A. TAYLOR, SBN 131100
Chief Deputy County Counsel
AMY I. MYERS, SBN 269475
Deputy County Counsel
2900 W. Burrel Ave.
Visalia, CA 93291
Telephone: (559) 636-4950
Facsimile: (559) 737-4319
E-Mail: amyers@co.tulare.ca.us

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA–FRESNO

RAMIRO HUERTA

        Plaintiff,

        v.

COUNTY OF TULARE ET AL
        Defendant.

Case Number: 1:17-CV-01446-DAD-EPG

Receipt & Acknowledgement

I, _____Joe L. Alindajao_____ acknowledge receipt of the following:
(Printed Name)

1. Video deposition of Ramiro Huerta with transcript and exhibits;

2. Video Deposition of Josefina Huerta with transcript and exhibits;

3. Video Deposition of Pascual Huerta with transcript;

4. Deposition transcripts of Tulare County PMKs with exhibits;

5. Deposition transcript of Michael Coldren with exhibits;

6. Deposition transcript of Laura Torres-Salcido with exhibits;

7. Deposition transcript of Hector Hernandez with exhibits;

8. Deposition transcript of Salvador Ceja with exhibits;

9. Deposition transcript of James Dillon with exhibits;

10. Transcripts of body cam videos;

1    11. Transcripts of PPD calls;

2    12. Transcript of radio transmissions;

3    13. Transcripts of TCSO calls.

4

5

6    Dated:    11/19/18

7

8    Recipient's Signature

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

County Counsel
Tulare County
Visalia, California

2

1

2

# PROOF OF SERVICE

3

I, the undersigned, declare under penalty of perjury that I am employed in the County of

4
Tulare, State of California.  I am over the age of eighteen (18) years and not a party to this
case. My business address is 2900 West Burrel Avenue, Visalia, CA 93291.

5

On this date, I served the following document(s): DECLARATION OF KARI MARTIN-

6
HIGGINS RE: COMPLIANCE WITH SUBPOENAS

7

| | |
|---|---|
| Matthew D. Owdom<br>Owdom Law Firm<br>632 W. Oak Avenue<br>Visalia, CA 93291<br>matt@owdomlawfirm.com<br>*Attorney for Plaintiff* | Boris Treyzon, Esq.<br>Douglas A. Rochen, Esq.<br>Katie deGuzman, Esq.<br>ABIR COHEN TREYZON SALO LLP<br>1901 Avenue of the Stars, Suite 935<br>Los Angeles, CA 90067<br>btreyzon@actslaw.com<br>drochen@actslaw.com<br>kdeguzman@actslaw.com<br>*Attorneys for Plaintiff* |
| Tulare County District Attorney Office<br>300 East Olive ,<br>Porterville, CA 93257 | |

8

9

10

11

12

13

14

15
In the following manner:

16
☒   (**BY MAIL**) I am "readily familiar" with The County of Tulare's practice of collection

17
and processing correspondence by mailing.  Under that practice, mail is deposited with the
U.S. Postal Service on the same day with postage fully prepaid at Visalia, California, in

18
the ordinary course of business.  I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day

19
after date of deposit for mailing in affidavit.

20
☒   (**BY ELECTRONIC MAIL**) With the addressee(s)' consent and agreement, I caused

21
such document to be delivered by electronic transmission to the addressee(s).

22
Executed on November 20, 2018, at Visalia, CA.

23
KARI MARTIN-HIGGINS

24

25

26

27

28
People of the State of California v. Ramiro Huerta
Tulare County Superior Court Case No. PCM358718

# **<u>EXHIBIT B</u>**



**ABIR COHEN TREYZON SALO, LLP**

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Federico C. Sayre
Cynthia Goodman
Terry R. Bailey
Douglas A. Rochen
Yolanda Medina

Aaron Lavine
Monica Szkopek
Sara A. McClain
Katrina Yu
Katie deGuzman
David S. Bederman
Darren D. Darwish

1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone: (424) 288-4367 • Fax: (424) 288-4368

actslaw.com

February 25, 2019

***Sent Via U.S. Mail***
Amanda Gonzalez, Senior Police Records Clerk
Bakersfield Police Department
1601 Truxton Ave.
P.O. Box 59
Bakersfield, CA 93302

      **Re:**    ***Huerta v. Tulare County***

Dear Ms. Gonzalez:

      Thank you for your response to our subpoena for Deputy James Dillon's personnel records under SB 1412. Please allow this letter to serve as formal notice of the withdrawal of Plaintiff's subpoena for Deputy James Dillon's entire personnel file from the Bakersfield Police Department for the years for which he was employed from 2014 to 2017 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code), a copy of which is attached for your reference.

      If you have any comments or concerns, please do not hesitate to contact us.

      Sincerely,

      **ABIR COHEN TREYZON SALO, LLP**

      Katie deGuzman, Esq.
      Douglas Rochen, Esq.

Encl.
cc:   Amy Myers, Esq.
      Matt Owdom, Esq.

⊗AO88  (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORN

RAMIRO HUERTA

V.

COUNTY OF TULARE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: ¹ 1:17-cv-01446-DAD-EPG

TO:   Bakersfield Police Department Headquarters
      1601 Truxtun Avenue, Bakersfield, CA 93301

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

Deputy James Dillon's entire personnel file from the Bakersfield Police Department for the years for which he was
employed from 2014 to 2017 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California
Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code).

| PLACE | DATE AND TIME |
|---|---|
| Abir Cohen Treyzon Salo, LLP | 3/1/2019 12:00 pm |
| 1901 Avenue of the Stars, Suite 935, Los Angeles, California 90067 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Katie deGuzman, Esq., Attorney for Plaintiff Ramiro Huerta | 1/22/2019 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Douglas Rochen, Esq. (SBN 217231) and Katie deGuzman, Esq. (SBN 283714)
Abir Cohen Treyzon Salo, LLP, 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067, (424) 288-4367

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067.

On January 22, 2019, I served the foregoing documents entitled:

### SUBPOENA IN A CIVIL CASE

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Deanne H. Peterson, Esq.<br>Kathleen A. Taylor, Esq.<br>Amy Terrible Myers, Esq.<br>Deputy County Counsel<br>2900 West Burrel Avenue<br>Visalia, California 93291<br><br>T: (559) 636-4950<br>F: (559) 737-4319 | Attorney for Defendant<br>**COUNTY OF TULARE and NAMED DEPUTY DEFENDANTS** |
| Tulare County District Attorney<br>221 S. Mooney Blvd., Room 224<br>Visalia, California 93291 | |
| Tulare County Sheriff's Headquarters<br>883 S. Akers St.<br>Visalia, California 93277 | |

☒ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY PERSONAL SERVICE (*Attorneys Service*):** I had our attorneys service, On-Call Legal, personally serve the parties identified above on the date indicated below by the signature line.

/ / /

1

2

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

3

☒ **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5

Executed on January 22, 2019, in Los Angeles, California.

6

7

_____
Elizabeth Isusquiza

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE



ABIR COHEN TREYZON SALO, LLP

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Federico C. Sayre
Cynthia Goodman
Terry R. Bailey
Douglas A. Rochen
Yolanda Medina

Aaron Lavine
Monica Szkopek
Sara A. McClain
Katrina Yu
Katie deGuzman
David S. Bederman
Darren D. Darwish

1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone: (424) 288-4367 • Fax: (424) 288-4368

actslaw.com

February 25, 2019

***Sent Via U.S. Mail***
Hayden Police Department
601 Hayden Ave.
Hayden, Arizona 85135

Re:     ***Huerta v. Tulare County***

Dear Custodian of Records:

Thank you for your response to our subpoena for Deputy Hector Hernandez's personnel records under SB 1412. Please allow this letter to serve as formal notice of the withdrawal of Plaintiff's subpoena for Deputy Hernandez's entire personnel file from the Hayden Police Department for the years for which he was employed from 2013 to 2014 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code), a copy of which is attached for your reference.

If you have any comments or concerns, please do not hesitate to contact us.

Sincerely,

**ABIR COHEN TREYZON SALO, LLP**

Katie deGuzman, Esq.
Douglas Rochen, Esq.

Encl.
cc:    Amy Myers, Esq.
       Matt Owdom, Esq.

AO88  (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORN

RAMIRO HUERTA

V.

COUNTY OF TULARE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:17-cv-01446-DAD-EPG

TO:  Hayden Police Department
601 Hayden Ave., Hayden, Arizona 85135

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Deputy Hector Hernandez's entire personnel file from Hayden Police Department for the years for which he was employed from 2013 - 2014 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code).

| PLACE    Abir Cohen Treyzon Salo, LLP<br>1901 Avenue of the Stars, Suite 935, Los Angeles, California 90067 | DATE AND TIME<br>3/1/2019 12:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Katie deGuzman, Esq., Attorney for Plaintiff Ramiro Huerta | 1/22/2019 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Douglas Rochen, Esq. (SBN 217231) and Katie deGuzman, Esq. (SBN 283714)
Abir Cohen Treyzon Salo, LLP, 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067, (424) 288-4367

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may  promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067.

     On January 22, 2019, I served the foregoing documents entitled:

**SUBPOENA IN A CIVIL CASE**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Deanne H. Peterson, Esq.<br>Kathleen A. Taylor, Esq.<br>Amy Terrible Myers, Esq.<br>Deputy County Counsel<br>2900 West Burrel Avenue<br>Visalia, California 93291<br><br>T: (559) 636-4950<br>F: (559) 737-4319 | <u>Attorney for Defendant</u><br>**COUNTY OF TULARE and NAMED DEPUTY DEFENDANTS** |
| Tulare County District Attorney<br>221 S. Mooney Blvd., Room 224<br>Visalia, California 93291 | |
| Tulare County Sheriff's Headquarters<br>883 S. Akers St.<br>Visalia, California 93277 | |

☑   **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

□   **BY PERSONAL SERVICE (*Attorneys Service*):** I had our attorneys service, On-Call Legal, personally serve the parties identified above on the date indicated below by the signature line.

/ / /

1

1

2

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

3

4

☒ **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

5

Executed on January 22, 2019, in Los Angeles, California.

6

7

_____
Elizabeth Isusquiza

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE



**ABIR COHEN TREYZON SALO, LLP**

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Federico C. Sayre
Cynthia Goodman
Terry R. Bailey
Douglas A. Rochen
Yolanda Medina

Aaron Lavine
Monica Szkopek
Sara A. McClain
Katrina Yu
Katie deGuzman
David S. Bederman
Darren D. Darwish

1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
Telephone: (424) 288-4367 • Fax: (424) 288-4368

**actslaw.com**

February 25, 2019

***Sent Via U.S. Mail***
Mammoth Police Department
125 N. Clark St.
Mammoth, Arizona 85618

Re:     ***Huerta v. Tulare County***

Dear Custodian of Records:

Thank you for your response to our subpoena for Deputy Hector Hernandez's personnel records under SB 1412. Please allow this letter to serve as formal notice of the withdrawal of Plaintiff's subpoena for Deputy Hernandez's entire personnel file from the Mammoth Police Department for the years for which he was employed from 2012 to 2013 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code), a copy of which is attached for your reference. Enclosed for return are the records previously served upon our office.

If you have any comments or concerns, please do not hesitate to contact us.

Sincerely,

**ABIR COHEN TREYZON SALO, LLP**

Katie deGuzman, Esq.
Douglas Rochen, Esq.

Encl.
cc:     Amy Myers, Esq.
        Matt Owdom, Esq.

AO88  (Rev. 12/07) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORN

RAMIRO HUERTA

V.

COUNTY OF TULARE, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:17-cv-01446-DAD-EPG

TO:  Mammoth Police Department
     125 N. Clark St., Mammoth, Arizona 85618

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
    testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
    in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
    place, date, and time specified below (list documents or objects):

Deputy Hector Hernandez's entire personnel file from the Mammoth Police Department for the years for which he was
employed from 2012 - 2013 under SB 1421 and Penal Code Sections 832.7 and 832.8, pursuant to the California
Public Records Act (Chapter 3.5 (commencing with Section 6250) of Division 7 of Title 1 of the Government Code).

| PLACE | DATE AND TIME |
|---|---|
| Abir Cohen Treyzon Salo, LLP<br>1901 Avenue of the Stars, Suite 935, Los Angeles, California 90067 | 3/1/2019 12:00 pm |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Katie deGuzman, Esq., Attorney for Plaintiff Ramiro Huerta | 1/22/2019 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Douglas Rochen, Esq. (SBN 217231) and Katie deGuzman, Esq. (SBN 283714)
Abir Cohen Treyzon Salo, LLP, 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067, (424) 288-4367

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

<sup>1</sup> If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is 1901 Avenue of the Stars, Suite 935, Los Angeles, CA 90067.

On January 22, 2019, I served the foregoing documents entitled:

### SUBPOENA IN A CIVIL CASE

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Deanne H. Peterson, Esq. <br> Kathleen A. Taylor, Esq. <br> Amy Terrible Myers, Esq. <br> Deputy County Counsel <br> 2900 West Burrel Avenue <br> Visalia, California 93291 <br><br> T: (559) 636-4950 <br> F: (559) 737-4319 | Attorney for Defendant <br> **COUNTY OF TULARE and NAMED DEPUTY DEFENDANTS** |
| Tulare County District Attorney <br> 221 S. Mooney Blvd., Room 224 <br> Visalia, California 93291 | |
| Tulare County Sheriff's Headquarters <br> 883 S. Akers St. <br> Visalia, California 93277 | |

☒   **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐   **BY PERSONAL SERVICE (*Attorneys Service*):**  I had our attorneys service, On-Call Legal, personally serve the parties identified above on the date indicated below by the signature line.

/ / /

1

PROOF OF SERVICE

⊠   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

⊠   **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 22, 2019, in Los Angeles, California.

_____
Elizabeth Isusquiza

PROOF OF SERVICE