**COUNTY COUNSEL, COUNTY OF TULARE**
Jennifer M. Flores, SBN 271493
Kathleen A. Taylor, SBN 131100
Amy I. Myers, SBN 269475
2900 West Burrel Avenue
Visalia, California 93291
Phone: (559) 636-4950
Fax: (559) 737-4319
E-mail: *amyers1@tularecounty.ca.gov*

Attorneys for Defendant County of Tulare and named Deputy Defendants

**ABIR COHEN TREYZON SALO, LLP**
Boris Treyzon, Esq. (SBN 188893)
Douglas A. Rochen, Esq. (SBN 217231)
Brianna Franco, Esq. (SBN 327526)
1901 Avenue of the Stars, Suite 935
Los Angeles, CA 90067
T: (424) 288-4367
F: (424) 288-4368
E-mail: *drochen@actslaw.com*
          *bfranco@actslaw.com*

**OWDOM LAW FIRM**
Matthew D. Owdom (SBN 258779)
632 W. Oak Ave.
Visalia, California 93291
T: (559) 750-5224
E-mail: *matt@owdomlawfirm.com*

Attorneys for Plaintiff Ramiro Huerta

UNITED STATES DISTRICT COURT
EASTERN DISTRICT

| | |
|---|---|
| RAMIRO HUERTA,<br><br>  Plaintiff,<br><br>vs.<br><br>COUNTY OF TULARE, et al.,<br><br>  Defendants. | Case No. 1:17-cv-01446-EPG<br><br>**JOINT STIPULATED REVISED DISCOVERY SCHEDULE AND NOTICE OF DISAGREEMENT**<br><br>Date:  August 13, 2021<br>Magistrate Judge: Erica P. Grosjean |

-1-

The parties to the above-entitled action, Plaintiff RAMIRO HUERTA ("Plaintiff") and Defendants COUNTY OF TULARE, TULARE COUNTY SHERIFF, MICHAEL COLDREN, LAURA TORRES-SALCIDO, HECTOR HERNANDEZ, SALVADOR CEJA, JAMES DILLON, and RONALD SMITH ("Defendants"), jointly submit this JOINT STIPULATED REVISED DISCOVERY SCHEDULE AND NOTICE OF DISAGREEMENT pursuant to this Court's Order following Status Conference held on August 4, 2021.

## I.
## STATUS OF THE CASE

This case has been subject to a stay pending final disposition of Plaintiff's related criminal matter since March of 2019 (ECF No. 69). For various reasons, including the COVID-19 pandemic, the criminal jury trial has been continued numerous times and is now scheduled to begin on October 19, 2021, with a jury trial confirmation on September 14, 2021. Due to these extended delays, this Court ordered parties in the instant case to meet and confer regarding lifting the stay and preparing a revised discovery schedule by stipulation and/or notice of disagreement.  Plaintiff's counsel Doug Rochen and Brianna Franco participated in a lengthy and meaningful meet and confer teleconference with counsel for Defendants, Amy Myers, on August 6, 2021.

## II.
## STATUS OF DISCOVERY

In July of 2018, the Court granted Defendants' request for a stay as to Defendants' personnel files *only*, noting the Court "was concerned because the scope of discovery of personnel files differs between criminal and civil cases and thus a stay of discovery of the personnel files in this civil case was warranted." (ECF No. 52 at 5.)  Prior to staying this matter in its entirety, pursuant to the protective order issued limiting the use of civil discovery in the criminal action, the following discovery had taken place *excepting* discovery related to the personnel files:

A.  **PROPOUNDED BY PLAINTIFF**:

   1) **Written Discovery** (reserving responses pertaining to personnel records due to stay):

      a. Seventy-four Requests for Production of Documents (Sets 1 and 2)

      b. Forty-five Requests for Admission (Set 1)

      c. One Interrogatory (Set 1)

   2) **Depositions** (Defendant depos have not concluded as to questions pertaining to personnel records due to stay):

      a. Defendant Michael Coldren (taken 10/29/2018)

      b. Defendant Laura Torres-Salcido (taken 10/29/2018)

      c. Defendant Hector Hernandez (taken 10/30/2018)

      d. Defendant Salvador Ceja (taken 10/30/2018)

      e. Defendant PMK Wayne White (taken 10/31/2018)

      f. Defendant PMK Sara Isch (taken 10/31/2018)

      g. Retired TCSO Deputy Donald Arnold (taken 10/31/2018)

      h. Defendant James Dillon (taken 11/7/2018)

      i. Defendant Ronald Smith (taken 11/8/2018)

B.  **PROPOUNDED BY DEFENDANTS**:

   1) **Written Discovery**:

      a. Twenty-four Requests for Production of Documents (Set 1)

      b. Thirteen Interrogatories (Set 1)

   2) **Depositions**:

      a. Witness Pasqual Huerta (taken 9/18/2018)

      b. Witness Josefina Huerta (taken 9/18/2018)

      c. Plaintiff Ramiro Huerta (taken 9/19/2018)

///
///
///

# III.
# ADDITIONAL DISCOVERY

The parties have agreed to review all prior written discovery demands and provide supplemental responses if needed on or before September 22, 2021. The parties have also agreed to supplement Rule 26(f) disclosures on or before September 22, 2021.

The parties discussed Plaintiff's need to continue the depositions of Defendants as to questions related to their personnel records, as well as Defendants need to supplement their written discovery responses as to the personnel records once the stay of such discovery is lifted and/or as ordered by this Court.

Additionally, outside of expert discovery and depositions to be scheduled in the future, the parties further discussed the fact that additional written discovery may be needed.

# IV.
# PROPOSED SCHEDULING

The parties propose the following revised schedule:

Supplemental Rule 26(f) Disclosures: September 22, 2021
Supplemental Discovery Responses: September 22, 2021
Non-Expert Discovery Cutoff: January 14, 2022
Expert Disclosure: March 7, 2022
Rebuttal Expert Disclosure: April 8, 2022
Expert Discovery Cutoff: May 20, 2022
Dispositive Motion Filing Deadline: June 1, 2022

# V.
# OTHER ISSUES

**A. PERSONNEL RECORDS**:

Plaintiff's *Pitchess* motions in the related criminal case sought the personnel records of Defendant Deputies James Dillon, Michael Coldren, Ron Smith, Laura Torres-Salcedo, Hector Hernandez, and Salvador Ceja.

On October 10, 2018, Judge Reyes denied Plaintiff's request as to Defendants Ceja and Smith and conducted an in-chambers review of the personnel files of Defendants Dillon, Hernandez, Coldren and Torres-Salcido for prior instances of dishonesty or excessive force only for the five-year period prior to the incident. No information was ordered to be disclosed as no prior instances existed. On November 1, 2019, the Court granted review of Defendant Ceja's personnel file and ordered disclosure of a document that had been previously produced by the prosecution under their Brady obligations.

**1) Agreements Reached between the Parties**

As to Defendant Smith, whose personnel file was *not* granted review by the criminal court, Defendants are willing to produce all Internal Affairs Investigation files for the five-year period prior to the incident (pursuant to Penal Code § 832.5(b)), April 2011 through April 2017, however, no such records exist. Defendant will prepare a verified discovery response on this issue.

After meeting and conferring, and pursuant to the terms of the protective order issued in this action, Defendants have agreed to produce the training records of the Deputy Defendants in their supplemental discovery responses.

**2) Areas of Disagreement**

a. <u>Third-Party Subpoenas</u>

Plaintiff requests to re-issue third-party subpoenas seeking the personnel records of the Deputy Defendants from third-party law enforcement agencies for sole use in the civil case pursuant to the terms of the protective order. Defendants agree *with the exception of* Defendants Coldren, Hernandez, and Dillon because they are named victims in the criminal case. Defendants agree to the issuance of such third-party subpoenas as to Defendants Coldren, Hernandez, and Dillon after final disposition of the criminal case. Plaintiff contends the issues of the subpoena of records regardless of whether or not they are named victims should not be delayed given they are subject to the same protective order that would exclude

their use in the underlying criminal matter unless independently obtained by the district attorney's office.

b. <u>Release of Defendants' Personnel Files *prior* to final disposition of the criminal case</u>

**Plaintiff's Position:** Plaintiff's criminal trial has been continued numerous times between November 2018 to the present. As such, Plaintiff is not entirely confident that his criminal trial will indeed move forward in October 2021. For this reason, Plaintiff requests that he be granted access to Defendants' personnel files now to avoid even further delay in this civil case. If granted the opportunity to access these files before a final judgment is reached in Plaintiff's criminal trial, Plaintiff will not improperly use any of the newly obtained information in the corresponding criminal case. The documents are subject to the same protective order that would exclude their use in the underlying criminal matter unless independently obtained by the district attorney's office and therefore there is no prejudice to producing the records now especially since it will facilitate what additional depositions may be necessary on the issues involving the personal records.

**Defendants' Position:** Because the criminal court has ruled on several *Pitchess* motions and granted review of all Defendants personnel files (other than Smith), and because Defendants have complied with any resulting court orders, Defendants' position is that the criminal court's ruling denied Plaintiff access to the personnel records of Defendants beyond the ordered disclosures until after the criminal case resolves.

c. <u>Scope of Discovery Sought-Personnel Records</u>

It is anticipated that once this Court lifts the stay of personnel records in this matter that the parties will require the Court's assistance as to the relevant time and scope of the records sought. This issue was previously brought to this Court's attention by the parties (ECF No. 55), however, the issues then raised have not yet

been heard.

**Plaintiff's Position:** Plaintiff is unable to respond as it is unclear what documents, if any, are requested to be withheld from the personnel record's response. The most appropriate way to resolve this issue is a privilege log regarding the records withheld and depending on the volume of records at issue, an in-camera review of those select records to determine if those documents should be produced as well in light of the claims asserted in this matter.

**Defendants' Position:** While this issue is brought to the Court's attention here as an anticipated issue based upon where discovery was left prior to the stay, Defendants believe that the parties should be able to reach an agreement on reasonable time and scope limitations. In the event parties cannot reach an agreement after meaningful efforts to do so, the parties should then seek the Court's assistance.

d. <u>Scope of Discovery Sought-*Monell* claims</u>

It is also anticipated that the parties will require the Court's assistance as to the relevant time and scope of the records sought in support of Plaintiff's *Monell* claims. This issue was also previously brought to this Court's attention by the parties (ECF No. 55), however, the issues then raised have not yet been heard.

**Plaintiff's Position:** Plaintiff is equally unable to respond as it is unclear what documents, if any, are requested to be withheld from the responses under the Monell Doctrine based upon the documents already requested. The most appropriate way to resolve this issue is a privilege log regarding the records withheld and depending on the volume of records at issue, an in-camera review of those select records to determine if those documents should be produced as well in light of the claims asserted in this matter.

**Defendants' Position:** While this issue is brought to the Court's attention here as an anticipated issue based upon where discovery was left prior to the stay, Defendants believe that the parties should be able to reach an agreement on

reasonable time and scope limitations. In the event parties cannot reach an agreement after meaningful efforts to do so, the parties should then seek the Court's assistance.

DATED: August 12, 2021          ABIR COHEN TREYZON SALO, LLP

By:   */s/ Brianna Franco*
    Doug Rochen
    Brianna Franco
    Attorneys for Plaintiff
    RAMIRO HUERTA

DATED: August 12, 2021          TULARE COUNTY COUNSEL

By:   */s/ Amy I. Myers*
    Amy I. Myers
    Attorneys for Defendant County of
    Tulare and named Deputy Defendants