1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    RAMIRO HUERTA,                          Case No.  1:17-cv-01446-EPG

12                Plaintiff,

13         v.                                 ORDER LIFTING STAY

14    COUNTY OF TULARE, et al.,                (ECF Nos. 69, 83)

15                Defendants.

16

17         Plaintiff Ramiro Huerta ("Plaintiff"), proceeding through counsel, initiated this action on

18   October 25, 2017. (ECF No. 1.) The case proceeds against Defendants County of Tulare, Tulare

19   County Sheriff, Ronald Smith, Michael Coldren, James Dillon, Laura Torres-Salcido, Hector

20   Hernandez, Salvador Ceja (collectively, "Defendants"), and unknown Tulare County Sheriff's

21   Deputies named as Does 7-50 and Roes 1-50. (ECF No. 22.)

22   **I.      BACKGROUND**

23         On July 2, 2018, Defendants filed a motion to stay this civil case pending resolution of

24   parallel criminal proceedings against Plaintiff. (ECF No. 31.) In their motion, Defendants

25   represented that trial was set for December 4, 2018. (*Id.* at 3.) This Court denied the motion to

26   stay based on Plaintiff's promise, affirmed in the Court's order, that "Plaintiff and his counsel are

27   prohibited from using in his pending criminal case any documents or other evidence produced by

28   Defendants in this civil proceeding unless such documents or other evidence are independently

1    obtained through the pending criminal case." (ECF No. 36.)

2         On January 23, 2019, Defendants filed a motion for contempt sanctions against Plaintiff

3    because Plaintiff's counsel had filed a motion *in limine* in the criminal case based on evidence

4    produced in the civil case. (ECF No. 53.) Plaintiff's counsel attached to the motion *in limine*

5    deposition testimony obtained solely through this civil proceeding and argued that, based on that

6    evidence, "no reasonable jury could find that [the prosecution] could prove the charges beyond a

7    reasonable doubt." (ECF No. 53-1 at 7.) On March 26, 2019, the Court entered an order granting

8    Defendants' motion for contempt and staying the civil case while Plaintiff's criminal case is

9    pending. (ECF No. 69.) The Court subsequently vacated all pending deadlines and hearings in

10   light of the stay. (ECF No. 71.)

11        On December 4, 2020, the Court directed the parties to submit a statement regarding the

12   status of the related state criminal proceeding. (ECF No. 73.) On December 8, 2020, the parties

13   filed a joint status report indicating that a hearing on Plaintiff's motion to dismiss was set in the

14   state court criminal proceeding for January 7, 2021. (ECF No. 74.)

15        On June 10, 2021, the Court again directed the parties to file a statement addressing the

16   status of the related state criminal proceeding. (ECF No. 76.) The parties filed a joint status report

17   on June 15, 2021, stating that trial in the state court criminal proceeding was continued to July 13,

18   2021. (ECF No. 77.) Plaintiff requested that the Court revisit lifting the stay in this case, while

19   Defendants did not agree. (*Id.*)

20        In light of the June 15, 2021 joint status report, the Court set a status conference and

21   directed the parties to file a further status report regarding the status of the criminal proceeding

22   and the parties' positions regarding lifting the stay. (ECF Nos. 78, 79.) The parties filed a further

23   joint status report on July 28, 2021, explaining that the criminal case had been continued

24   approximately five times and was currently scheduled for October 19, 2021. (ECF No. 80.)

25   According to Plaintiff, there is a high likelihood that the criminal trial will get continued yet again

26   because felony cases are taking priority over misdemeanor cases. (*Id.*) Defendants, in turn,

27   believe the stay should remain in place until the criminal matter concludes and the state court is

28   actively trying both felony and misdemeanor criminal trials. (*Id.*)

The Court held a status conference on August 4, 2021, and directed the parties to meet and confer regarding a revised schedule through dispositive motions. (ECF No. 82.) The parties were instructed to file either a stipulation or notice of disagreement regarding the proposed schedule. (*Id.*) The Court also set a further status conference for November 1, 2021, to discuss the status of criminal proceeding. (*Id.*)

On August 12, 2021, the parties filed a joint scheduling report. (ECF No. 83.) In their report, the parties proposed deadlines for supplemental disclosures under Federal Rule of Civil Procedure 26(f), supplemental discovery responses, non-expert discovery cutoff, expert disclosure, rebuttal expert disclosure, expert discovery cutoff, and a dispositive motion filing deadline. (*Id.*) The parties also described certain areas of disagreement regarding the scope of discovery, including the issuance of subpoenas to third party law enforcement agencies for the deputy defendants' personnel records, release of Defendants' personnel files prior to final disposition of the criminal case, time and scope of personnel records sought, and scope of records related to Plaintiff's *Monell* claims.  (*Id.*)

## II.    DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis,* 299 U.S. at 254.

The corollary to this power is the ability to lift a stay previously imposed. *Boyle v. Cty. of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008). The court may lift the stay where doing so will "provide for the prompt and efficient determination of the cases pending before it." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When considering whether to maintain a stay, the Court should determine whether "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Ontiveros v. Zamora*, 2012 WL 13042504, at *3 (E.D. Cal. July 26, 2012) (quoting *Leyva,* 593 F.2d at 863).

The Court finds that it is no longer efficient or the fairest course to maintain the stay of this case pending resolution of the parallel state court criminal proceeding. Plaintiff filed this case in 2017. This matter has been pending for nearly five years and has been stayed for more than two years. As Plaintiff notes, the parallel state court criminal trial has been continued approximately five times to date. The criminal trial date was originally represented to be December 4, 2018. Now, more than two and a half years later, the criminal trial has not occurred and the soonest it will proceed is October of 2021. In light of these circumstances, lifting the stay will provide for a prompt and efficient determination of the case.[1]

The Court will lift the stay of this case in full without a stay of discovery regarding personnel files or *Monell* issues. The Court believes efficiency will be best served with proceeding in full with the case, including resolving the multiple discovery disputes pending in this case.

Thus, the parties shall meet and confer in good faith to resolve any outstanding discovery disputes. (*See* ECF No. 83.) Following these discussions, no later than twenty-one days from the date of this order, the parties may file a brief statement identifying any discovery issues that require an order from the Court. The Court will then set a hearing on a motion to compel regarding all remaining discovery issues and the parties shall file a Joint Statement re Discovery Disagreement compliant with Local Rule 251 at least one week before the hearing.

The Court's order that all documents and information produced in this case, with the exception of Defendants' initial disclosures, shall not be used in the parallel state court criminal proceeding unless independently produced in that criminal case, subject to sanctions, shall remain in place.

## III.   ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.   The stay of this case (ECF No. 69) is lifted;

2.   Within twenty-one days of entry of this order, the parties shall meet and confer in

---

[1] By separate order, the Court will set a schedule for this case through dispositive motions only. After dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set a further status conference to discuss scheduling a pretrial conference and a trial date. If the criminal case remains pending at that time, the Court will allow the parties to be heard regarding whether the criminal case should proceed to trial before this case.

good faith to resolve any outstanding discovery disputes. Following these discussions, the parties may file a statement identifying any issues that require an order from the Court.  The Court will then set a hearing on a motion to compel regarding all remaining discovery issues. The parties shall file a Joint Statement re Discovery Disagreement compliant with Local Rule 251 at least one week before the hearing; and

3. With the exception of Defendants' initial disclosures, Plaintiff and his counsel are prohibited from using in his pending criminal case any documents or other evidence produced by Defendants in this civil proceeding unless such documents or other evidence are independently obtained through the pending criminal case. Failure to comply with this order may result in the imposition of sanctions, including monetary, evidentiary, and/or terminating sanctions as necessary and appropriate.

IT IS SO ORDERED.

Dated:   **August 19, 2021**            /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE