**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAMIRO HUERTA,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, et al.,<br><br>        Defendants. | CASE NO. 1:17-cv-01446-EPG<br><br>**AMENDED SCHEDULING CONFERENCE ORDER**<br><br>Supplemental<br>Initial Disclosures:    September 22, 2021<br><br>Supplemental<br>Discovery Responses: September 22, 2021<br><br>Nonexpert<br>Discovery Cutoff:    January 14, 2022<br><br>Expert<br>Disclosure Deadline: March 7, 2022<br><br>Rebuttal<br>Expert Disclosure:    April 8, 2022<br><br>Expert<br>Discovery Cutoff:    May 20, 2022<br><br>Dispositive Motion<br>Filing Deadline:    June 1, 2022<br><br>Settlement Conf.:    Not Set<br><br>Pretrial Conf.:    Not Set<br><br>Jury Trial:    Not Set |

On February 6, 2018, the Court entered a Scheduling Order in this case. (ECF No. 14.) The Court entered an order on March 26, 2019, granting Defendants' motion for contempt and staying the civil case while Plaintiff's criminal case is pending. (ECF No. 69.) The Court subsequently vacated all pending deadlines and hearings in light of the stay. (ECF No. 71.)

The Court held a status conference on August 4, 2021, and directed the parties to meet and confer regarding a revised schedule through dispositive motions. (ECF No. 82.) On August 12, 2021, the parties filed a joint scheduling report. (ECF No. 83.) Pursuant to Fed. R. Civ. P. 16(b) and the parties' joint scheduling report, this Court sets a further schedule for this action.[1]

## I. Amendment to The Parties' Pleadings

The parties are advised that the filing of motions and/or stipulations requesting leave to amend the pleadings does not imply good cause to modify the existing schedule. Fed. R. Civ. P. 16 (b) (4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F. 2d 604, 609 (9th Cir. 1992). Moreover, any request for amendment under Fed. R. Civ. P. 15(a) must not be: (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. Consent to Magistrate Judge

The parties have consented to conduct all further proceedings in this case, including trial, before the Honorable Erica P. Grosjean, United States Magistrate Judge.

## III. Fed. R. Civ. P. 26(a)(1) and Supplemental Discovery Responses

Supplemental initial disclosures and supplemental discovery responses are due **September 22, 2021**.

## IV. Discovery Cutoffs and Limits

All non-expert discovery shall be completed no later than **January 14, 2022.** Initial expert witness disclosures shall be served no later than **March 7, 2022.** Rebuttal expert witness disclosures shall be served no later than **April 8, 2022.** Such disclosures must **be made pursuant to Fed. R. Civ. P. 26(a)(2)(A), (B) and (C), and shall include all information required thereunder**. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) specifically apply to discovery relating to expert witnesses and their opinions. Each expert witness must be fully

---

[1] By separate order, the Court has lifted the stay of this case in full.

prepared to be examined on all subjects and opinions included in the disclosures.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, including the preclusion of the expert's testimony, or of other evidence offered through the expert.

All expert discovery shall be completed no later than **May 20, 2022.**  The parties are advised that motions to compel must be filed in advance of the discovery deadlines so that the Court may grant effective relief within the allotted discovery time.  A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

## V. Motion Schedules

### A. General Information Regarding Filing Motions

The parties are advised that unless prior leave of the Court is obtained before the filing deadline,[2] *all* moving and opposition briefs or legal memoranda, including joint statements of discovery disputes, filed in civil cases before Magistrate Judge Grosjean, shall not exceed twenty-five (25) pages.  Reply briefs by the moving party shall not exceed ten (10) pages.  These page limits do not include exhibits.  When scheduling motions (other than discovery motions) the parties shall comply with Local Rule 230.

Counsel or *pro se* parties may appear and argue motions by telephone, provided a request to so do is made to Michelle Rooney, Magistrate Judge Grosjean's Courtroom Deputy (unless prior permission has been given by the judge), no later than five (5) court days before the noticed hearing date.  Requests can be made by emailing Ms. Rooney at mrooney@caed.uscourts.gov.  If the parties are appearing telephonically, each party shall dial 1 (888) 251-2909 and enter access code 1024453.

#### 1. Informal Discovery Conferences

In order to file a discovery motion, including motions pursuant to Fed. R. Civ. P. 37 or 45, a party must receive permission from the Court following an informal telephonic discovery dispute conference.  Non-parties challenging a subpoena under Fed. R. Civ. P. 45 are not required to request an informal conference before filing a motion.  A party wishing to schedule such a conference should contact chambers to receive available dates.  The Court will schedule the

---

[2] Parties may seek leave through a telephonic conference among all parties and the Court, or by short motion.

conference as soon as possible, taking into consideration the urgency of the issue.

Prior to the conference, the parties shall simultaneously file an <u>Informal Discovery Dispute Letter Brief</u>, outlining their positions regarding the dispute. Such briefs shall be no longer than three pages single-spaced, and may include up to five pages of exhibits. The parties are also directed to email their briefs to epgorders@caed.uscourts.gov. The Court will provide the date and time the Letter Briefs are due at the time the conference is scheduled.

At the time of conference, the parties shall dial 1 (888) 251-2909 and enter access code 1024453. The Court will not issue a formal ruling at that time. Nevertheless, the Court will attempt to provide guidance to the parties to narrow or dispose of the dispute. If no resolution can be reached without formal motion practice, the Court will authorize the filing of a formal discovery motion.

### 2.   *Filing a Discovery Motion*

If a motion is brought pursuant to Fed. R. Civ. P. 37 or 45, after receiving permission from the Court, the parties must prepare and file a Joint Statement re: Discovery Disagreement ("Joint Statement") as required by Local Rule 251.[3] In scheduling such motions, Magistrate Judge Grosjean may grant applications for an order shortening time pursuant to Local Rule 144(e). Motions to shorten time will *only* be granted upon a showing of good cause. If a party does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

A Joint Statement not to exceed twenty-five (25) pages must be filed seven (7) calendar days before the scheduled hearing date. Prior to the filing of the Joint Statement, the parties must meet and confer as set forth in Local Rule 251(b). In addition to filing the Joint Statement electronically, a copy of the Joint Statement in Word format must be sent to Magistrate Judge Grosjean's chambers via email to epgorders@caed.uscourts.gov. Courtesy copies for any pleading in excess of twenty-five pages (25) (including exhibits) shall also be delivered to chambers via US mail, or hand delivery, at the time the Joint Statement is electronically filed. Motions may be removed from the Court's calendar if the Joint Statement is not timely filed, or if courtesy copies are not timely delivered.

///

---

[3] Certain limited exceptions from filing the required Joint Statement are outlined in Local Rule 251(e).

### B. *Dispositive Motions*

All dispositive motions shall be filed no later than **June 1, 2022,** and will be heard before Magistrate Judge Erica P. Grosjean, in Courtroom 10. In scheduling such motions, the parties shall comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260.

#### 1. Motions for Summary Judgment or Summary Adjudication

Prior to filing a motion for summary judgment or motion for summary adjudication, the parties are ordered to meet and confer, in person or by telephone, to discuss the issues to be raised in the motion. **In addition to complying with the requirements of Local Rule 260, the parties must prepare a Joint Statement of Undisputed Facts, which identifies all relevant facts subject to agreement by all parties.** The moving party is responsible for filing the joint statement. In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above, or set forth a statement of good cause for the failure to do so.

## VI. Settlement Conference

A settlement conference has not been scheduled at this time.

## VI. Further Dates and Deadlines

The Court is only scheduling this case through the dispositive motion deadline. After dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set a further status conference to discuss scheduling a pretrial conference and a trial date.

## IX. Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten

Bifurcation has not been requested.

## X. Related Matters Pending

There are no related matters.

## XI. Compliance with Federal Procedures

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California and to keep abreast of any amendments thereto. The Court requires strict compliance with these rules. Sanctions will be imposed for failure to follow the rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

**XII.     Effect of This Order**

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the requested relief.  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

IT IS SO ORDERED.

Dated:   **August 19, 2021**                         /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE