UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>  Plaintiff,<br><br>  v.<br><br>COUNTY OF TULARE, et al.,<br><br>  Defendants. | Case No. 1:17-cv-01446-EPG<br><br>ORDER GRANTING IN PART AND DENYING IN PART JOINT REQUEST TO SEAL<br><br>(ECF Nos. 106) |

Before the Court is the parties' joint request to seal documents. (ECF No. 106). For the following reasons, the Court will grant the request in part and deny it in part. Specifically, the Court will order the Clerk of Court to seal the documents previously filed on the docket, direct Plaintiff to refile the documents with appropriate redactions, and will otherwise deny the request to seal.

**I.    BACKGROUND**

On November 19, 2021, Defendants County of Tulare, Tulare County Sheriff, Ronald Smith, Michael Coldren, James Dillon, Laura Torres-Salcido, Hector Hernandez, Salvador Ceja (collectively, "Defendants") filed a motion for sanctions based on allegations that Plaintiff Ramiro Huerta's ("Plaintiff") counsel violated this Court's protective order. (ECF No. 92.) Plaintiff filed an opposition on January 28, 2022. (ECF No. 98.) Defendants filed a reply on February 11, 2021. (ECF No. 99.)

1

Defendants' reply argued that the exhibits filed in support of Plaintiff's opposition violated Eastern District Local Rule 140's requirement that personally identifiable information be redacted. (ECF No. 99 at 10.) Specifically, Plaintiff's exhibits included unredacted crime reports which exposed the full social security numbers, birth dates, Driver's license numbers, home addresses, and private phone numbers. (*Id.* at 10-11.)

The Court held a hearing on the motion for sanctions and, in relevant part, ordered the parties to meet and confer regarding sealing of any exhibits submitted in connection with the motion for sanctions. (ECF No. 100.) On March 4, 2022, the parties filed a stipulation requesting that the Court seal Exhibits A and C to the Declaration of Matthew D. Owdom filed in support of Plaintiff's opposition. (ECF No. 106.)

## II.     LEGAL STANDARDS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana,* 447 F.3d at 1178. Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz v. State Farm Mut. Auto Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003) (alteration in original) (internal quotation marks omitted). What constitutes a "compelling reason" is "best

left to the sound discretion of the trial court." *Nixon,* 435 U.S. at 599.[1]

Local Rule 141 governs requests to seal and requires that the request "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Under Local Rule 140(a), counsel is required to omit or, where reference is necessary, partially redact the following personal data identifiers from all pleadings, documents, and exhibits:

(i) Minors' names: In criminal actions, use the minors' initials; in civil actions use initials when federal or state law require the use of initials, or when the specific identity of the minor is not necessary to the action or individual document;
(ii) Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number;
(iii) Social Security numbers: Use only the last four numbers;
(iv) Dates of birth: Use only the year;
(v) Home addresses in criminal actions only; use only the city and state; and
(vi) All other circumstances: Redact when federal law requires redaction.

E.D. Cal. L.R. 140(a).

### III.   DISCUSSION

Here, the parties seek to file Exhibits A and C to Mr. Owdom's declaration under seal. (ECF No. 106; *see also* ECF No. 98-1.) The parties' stipulation does not state the basis for

---

[1] The Ninth Circuit has also "carved out an exception," *Foltz,* 331 F.3d at 1135, to the strong preference for public access for sealed materials attached to a discovery motion unrelated to the merits of a case, *see Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213–14 (9th Cir.2002). Under this exception, a party need only satisfy the less exacting "good cause" standard. *Foltz,* 331 F.3d at 1135. The "good cause" language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c). "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders," and thereby undermine Rule 26(c). *Phillips,* 307 F.3d at 1213; *see also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984) (explaining that discovery is largely "conducted in private as a matter of modern practice," so the public is not presumed to have a right of access to it); *Anderson v. Cryovac, Inc.,* 805 F.2d 1, 13 (1st Cir.1986) ("There is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process."). In determining whether to apply the presumptive "compelling reasons" standard or the "good cause" exception, the focus is on "whether the motion is more than tangentially related to the merits of a case." *Ctr. For Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1096 (9th Cir. 2016). Here, the parties do not address which standard applies to their request to seal. (*See* ECF No. 106.) However, in light of the nature of the motion and the relief requested, the Court finds that the motion for sanctions is more than tangentially related to the merits of the case and therefore the "compelling reasons" standard applies.

sealing, but Defendants' reply in support of the motion for sanctions explains that these exhibits improperly contain unredacted social security numbers, birth dates, Driver's license numbers, home addresses, and private phone numbers in violation of Local Rule 140. (ECF No. 99.)

Local Rule 140(a) requires omission or partial redaction of individuals' social security numbers and birth dates. However, Local Rule 140(a) does not require redaction of home addresses in civil cases, and does not address redaction of phone numbers or Driver's licenses. Neither of the parties has identified any other authority for sealing or redacting this information. Likewise, the parties have not established that maintaining the document in its entirety under seal,[2] as opposed to redacting the limited information at issue under Local Rule 140(a), is appropriate. *See Foltz,* 331 F.3d at 1138 ("We do not see how the presence of a small number of . . . records that can be redacted with minimal effort constitutes 'good cause,' let alone a compelling reason, . . . to overcome the strong presumption in favor of public access).

Thus, in order to balance the strong presumption of public access to court records against the sensitive nature of individuals' social security numbers and birth dates, the Court will direct the Clerk of Court to seal the copy of Mr. Owdom's declaration that was previously filed on the docket. (*See* ECF No. 98-1.) The Court will further order Plaintiff to refile Mr. Owdom's declaration on the docket with social security numbers and birth dates redacted pursuant to Local Rule 140(a)[3] and will otherwise deny the parties' request to seal.

### IV. CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulated request to seal (ECF No. 106) is GRANTED IN PART AND DENIED IN PART;
2. The Clerk of Court is directed to seal the Declaration of Matthew Owdom at Docket No. 98-1; and

---

[2] Notably, although the parties request that only Exhibits A and C be sealed, Plaintiff filed Mr. Owdom's declaration and exhibits as a singular document and did not separately file the exhibits on the docket. The Court cannot seal portions of filings on the docket and can only seal documents in their entirety.

[3] Local Rule 140(a)(vi) permits redaction when required by federal law. The Court notes that, although the parties' stipulation did not identify any basis for redacting home addresses, phone numbers, or Driver's license numbers, if this information is required to be redacted under federal law then it may be redacted consistent with Local Rule 140(a)(vi). However, no other redactions beyond those enumerated in Local Rule 140(a) are permitted absent a court order. *See* E.D. Cal. L.R. 140(b).

3. Within seven (7) days of entry of this order, Plaintiff shall refile Mr. Owdom's declaration with personal data identifiers redacted consistent with Local Rule 140(a).

IT IS SO ORDERED.

Dated:  **March 7, 2022**         /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE