UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE, *et al.*,<br><br>        Defendants. | Case No. 1:17-cv-01446-EPG<br><br>ORDER RE: JOINT STIPULATION REGARDING RULE 35 INDEPENDENT MEDICAL EXAMINATION (I.M.E) OF PLAINTIFF BY DR. DANIEL FRANC, M.D., PH.D.<br><br>(ECF No. 128). |

      PURSUANT TO THE STIPULATION OF THE PARTIES, and pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under all applicable statutes and rules – including Fed. R. Civ. P. 35; and all applicable Federal Rules of Civil Procedure and/or Federal Rules of Evidence and U.S. Dist. Ct., E.D. Cal. Local Rules – after due consideration of all of the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefore, and in furtherance of the interests of justice,

      IT IS HEREBY ORDERED that:

      Dr. Daniel Franc, M.D. Ph.D shall perform a Rule 35 medical examination of Plaintiff RAMIRO HUERTA ("Plaintiff") pursuant to the following conditions:

      1.     The examination shall take place on November 18, 2022 at 12:00 p.m.;

2. The examination shall take place at Sequoia Multispecialty Clinic, located at 4050 S. Demaree Street, Visalia, California 93291;

3. The examination, which will have both physical and mental components, shall be limited to Mr. Huerta's claimed medical condition(s), as follows: traumatic brain jury and associated symptoms;

4. Should a dispute arise during the examination as to scope of the examination, counsel of the parties shall meet and confer to resolve the dispute during the examination and, if unable to reach resolution, will call the Court during the examination to settle any unresolved dispute;

5. The examination shall not exceed a total of 4 hours;

6. The examination shall not include any painful, protracted, or intrusive procedures or tests;

7. The examination shall not include any questioning regarding any matters protected by the attorney-client privilege, or attorney work product doctrine;

8. The examination shall not include any questioning regarding the facts and circumstances of the April 25, 2017 incident;

9. The examination shall not include any questioning regarding information that is available through any medical records that are available to Dr. Franc;

10. The examination shall not include any questioning regarding medical history unrelated to the conditions set forth in paragraph 3, above;

11. Plaintiff recognizes the examiner's need to identify the Plaintiff at the time of the examination, and, thus, will provide the following information:

    a. Full name; and

    b. Date of birth.

12. Plaintiff will not provide the defense medical examiner with any additional personal information, including, but not limited to, the following:

    a. Residential or cellular telephone number;

    b. Medical insurance information or other insurance information;

    c. Employment history; and

        d. Social Security Number.

13. The basis of this limitation is the request of the above-listed information would invade Plaintiff's right of privacy, is impermissibly overbroad, and, therefore, oppressive, burdensome, and irrelevant to the subject matter of this action. Defendants do not stipulate to this paragraph, but have agreed to this limitation as requested by Plaintiff for the purposes of this Rule 35 examination.

14. Defendants will provide to Plaintiff a list of the diagnostic tests and/or procedures that Dr. Franc plans to conduct at the examination no later than twenty-one (21) days prior to the examination. The parties will meet and confer regarding such diagnostic tests and/or procedures within seven (7) days of receipt of said list. Plaintiff will not submit to any diagnostic test or procedure that has not been agreed to in advance during the meet and confer process.

15. A nurse observer as chosen by Plaintiff and/or his counsel shall have the right to attend the examination. No persons other than Plaintiff, the attending physician, and Plaintiff's representative are allowed to be present during the examination. Any persons assisting the attending physician must be fully identified by full name and title on the observer's record. Plaintiff shall have the right to record the exam via audio technology;

16. A written report shall be produced by Dr. Franc that satisfies the requirements of Federal Rule of Civil Procedure on or before December 5, 2022 (the Expert Disclosure deadline in this matter);

17. Dr. Franc shall not disclose any documents or information related to Plaintiff to anyone other than the parties, their counsel, or if necessary, the Court or the jury in this action, unless otherwise obligated by law to do so; and,

18. Defendants shall pay all costs of the examination.

19. Dr. Franc will be bound to the terms of this Order.

# **ORDER**

Based on the parties' stipulation (ECF No. 128), IT IS HEREBY ORDERED that Dr. Daniel Franc, M.D., shall perform a Rule 35 medical examination of Plaintiff Ramiro Huerta pursuant to the terms and conditions of the parties' stipulation.

IT IS SO ORDERED.

Dated: **October 24, 2022**             /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE

4