UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO HUERTA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF TULARE, *et al.*,<br><br>　　　　Defendant. | Case No. 1:17-cv-01446-EPG<br><br>ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO RE-OPEN DISCOVERY<br><br>(ECF No. 176). |

Before the Court is Defendants' *ex parte* application to re-open discovery for the limited purpose of taking a trial preservation testimony of Defendant Ronald Smith due to an illness that could prevent him from testifying at trial. (ECF No. 176). The Court set an expedited briefing schedule. (ECF No. 177). Defendants filed a notice of errata on January 17, 2024. (ECF No. 178). Plaintiff filed an opposition on January 22, 2024. (ECF No. 179). Defendants filed a reply brief on January 24, 2024. (ECF No. 180). The Court finds decision on the motion suitable for decision without oral argument. L.R. 230(g).

**I.    BACKGROUND**

Non-expert discovery closed in this case on August 1, 2022. (ECF No. 108). A jury trial is set to begin on June 18, 2024. (ECF No. 166). Defendants' motion and partial motion for

1

summary judgment is currently pending before the Court. (ECF No. 152).

Defendants seek to re-open non-expert discovery for the limited purpose of taking the trial preservation deposition of Defendant Ronald Smith. According to the declaration of Defendant Smith, he was diagnosed with Stage 3 cancer in his salivary glands in 2021, but his cancer has now spread to his lymph nodes. (ECF No. 176-2, p. 2). Defendant Smith states he is "unlikely to be healthy enough to testify at the time of this June 2024 trial." (*Id.*) Defendant Smith is currently "undergoing alternative medical treatments and [has] ongoing and lingering effects from both the cancer and the chemotherapy and the radiation therapy." (ECF No. 178-1, p. 2). Defendant Smith further provides that "[his] doctors suspect that it will be very likely that [tests currently scheduled for March 2024] will confirm that the 6 spots on [his] lungs have increased in size and become cancerous," which will require Defendant Smith "to undergo additional rounds of radiation and chemotherapy as soon as possible, beginning as soon as April 2024." (*Id.*, p. 3). Finally, Defendant Smith states that he "would need to provide [his] direct examination testimony in this matter by the end of February 2024, and before [he] may start [his] next round of cancer/medical treatments." (*Id.*)

Defendants argue there is good cause to modify the scheduling order in light of Defendant Smith's serious illness and because, at the time of Defendant Smith's November 2018 deposition, Defendants' counsel did not conduct any direct examination of Defendant Smith regarding the underlying incident, anticipating that Defendant Smith would be available for live testimony at trial. (ECF No. 176, pp. 11-15). Further, as set forth in the declaration of Defendants' counsel, Defendants learned of Defendant Smith's worsening condition in December 2023, and diligently conferred with Plaintiff to plan Defendant Smith's trial preservation deposition. (ECF No. 176-1, pp. 2-3). Defendants propose that Defendant Smith's trial preservation deposition be conducted under the following conditions:

> 3. The further trial preservation deposition of RONALD SMITH may take up to 4.5 hours on the record in the following manner: (a) with direct examination by Defendants, taking no more than 1.5 hours; (b) followed by cross examination by Plaintiff, taking no more than 1.5 hours; (c) followed by optional re-direct examination by Defendants, taking no more than 0.5 hours; and (d) followed by optional re-cross examination by Plaintiff, taking no more than 0.5 hours. However, as at trial, should the Defendants elect to forego all re-direct exam at this trial preservation deposition, Plaintiff shall not be entitled to re-cross exam.

> 4. The parties stipulate and agree that the witness' trial preservation testimony shall be both video-recorded and court-reported, at the sole expense of the noticing party, here, the Defendants.
>
> 5. The parties further stipulate and agree that, during the examination of the witness by one side's counsel, the opposing counsel may make verbal objections as permitted at trial, provided that: (a) the objection is made in a manner that does not intentionally interrupt the witness' testimony; (b) the objection is stated at deposition in a manner that it would be stated at the time of jury trial in court; (c) without colloquy of counsel or argument (only the objection and, if necessary, a few short words explaining the basis of that objection shall be stated on the record; and (d) on the understanding that any ruling on any objections stated on the trial preservation deposition shall be reserved until the Court shall subsequently have the opportunity to consider such objection(s) before such testimony is shown to the jury at trial.

(ECF No. 176-2, pp. 19-20).

Plaintiff opposes. (ECF No. 179). Plaintiff argues it is premature to preserve Defendant Smith's testimony as "he is not terminally ill and his prospective medical treatment is still developing." (*Id.*, p. 4). Further, Plaintiff argues that Defendant Smith's November 2018 deposition testimony can be used at trial, if necessary. (*Id.*) Plaintiff also argues that Defendants were not diligent in seeking to preserve Defendant Smith's trial testimony given that Defendant Smith's declaration states he was first diagnosed with Stage 3 cancer in late 2021, i.e., before the close of non-expert discovery in August 2022. (*Id.*, p. 9). As for Defendants' proposed deposition conditions, Plaintiff argues the suggested time and objection limits are arbitrary and disadvantageous to Plaintiff because he will have "no way of knowing what Smith will testify to at the trial preservation deposition, including whether he will change his prior testimony." (*Id.*, p. 10). Plaintiff proposes that he should be entitled to more than 1.5 hours of time in the event Defendant Smith changes his prior testimony. (*Id.*) Plaintiff also seeks clarity as to the use of the trial preservation deposition at trial should Defendant Smith be able available for live testimony. (*Id.*)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause requires a showing of due diligence, which is the primary factor considered. *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609 (9th Cir. 1992); *see Sprague v. Fin. Credit Network, Inc.*, 2018 WL 4616688, at *4

(E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met."). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

If a party seeks to extend a deadline that has already expired, the Court must additionally evaluate whether "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has instructed courts to consider the following factors when ruling on a motion to amend a Rule 16 scheduling order to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Lastly, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

### III. ANALYSIS

The Court find that the factors weigh in favor of permitting Mr. Smith's deposition.

Here, while the trial in this case is set to begin June 18, 2024, it is not "imminent," and Plaintiff's opposition indicates that several of Defendants' proposed dates are available through February 2024. Thus, this factor weighs in favor of reopening discovery.

Moreover, Plaintiff's invocation of prejudice is premature as the Court is not deciding the admissibility of any part of Defendant Smith's trial preservation testimony. Additionally, Plaintiff has already had the opportunity to depose Defendant Smith and may offer Defendant Smith's 2018 deposition testimony (or any other prior testimony) into evidence as allowed by the Federal Rules of Evidence.

As to diligence, Defendants represent that, prior to December 8, 2023, when defense counsel first learned that Defendant Smith's cancer had spread, it was presumed that Defendant

4

Smith would be available for live testimony in June 2024. (*See* ECF No. 176-1). Given that Defendants recently learned of Defendant Smith's worsening health condition and likely need for serious treatment leading up to trial, Defendants have shown that the need to directly examine Defendant Smith during his November 2018 deposition or during non-expert discovery could not have been foreseen nor is there evidence of a lack of diligence on their part.

Accordingly, the relevant factors weigh in favor of reopening discovery to permit Defendant Smith's further deposition for trial preservation purposes. *See* Fed. R. Civ. P. 32(a)(4)(C) (permitting deposition to be used at trial when witness is unavailable to attend due to illness).

### III. CONCLUSION AND ORDER

Based on the foregoing, Defendants' *ex parte* application (ECF No. 176) is GRANTED as follows:

1. Non-expert discovery is reopened for the limited purpose of the trial preservation deposition of Defendant Ronald Smith.
2. The trial preservation deposition of Defendant Smith shall take place no later than March 1, 2022, subject to the following limitations:
    a. Direct examination by Defendants: No more than 1.5 hours.
    b. Cross-examination by Plaintiff: No more than 1.5 hours.
    c. Optional re-direct by Defendants: No more than .5 hours.
    d. Re-cross examination by Plaintiff: No more than .5 hours.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

3. During the examination of Defendant Smith by defense counsel, opposing counsel may make objections in the manner provided for making objections during an oral deposition by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(c)(2) ("An objection must be stated concisely in a nonargumentative and nonsuggestive manner.").[1]

IT IS SO ORDERED.

Dated:   **January 26, 2024**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] While the Court is granting Defendants' request to reopen discovery, the Court is not making any determination as to whether Defendant Smith's deposition testimony will be admissible in lieu of his personal appearance at the trial. Nor is the Court deciding Defendant Smith's availability as a live witness at trial. Rather, the parties must raise those issues to the Court, if necessary.